1  STEPHEN P. BERZON (#46540)
   sberzon@altshulerberzon.com
2  LINDA LYE (#215584)
   llye@altshulerberzon.com
3  CLAIRE P. PRESTEL (#235649)
   cprestel@altshulerberzon.com
4  Altshuler Berzon LLP
   177 Post Street, Suite 300
5  San Francisco, CA  94108
   Telephone:  (415) 421-7151
6  Facsimile:    (415) 362-8064

7  ELIZABETH GINSBURG
   (Application for Admission *Pro Hac Vice* Pending)
8  elizabeth.ginsburg@alpa.org
   Air Line Pilots Association, International
9  535 Herndon Parkway
   Herndon, VA 20172-1169
10 Telephone:  (703) 481-2424
   Facsimile:   (703) 481-2478

11 Attorneys for Plaintiffs

12

13                  UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15 SKYWEST PILOTS ALPA ORGANIZING        CASE NO.:
   COMMITTEE, *et al.*,
16                                        **COMPLAINT FOR INJUNCTIVE AND
                  Plaintiffs,              DECLARATORY RELIEF**
17
          vs.
18
   SKYWEST AIRLINES, INC.,
19
                  Defendant.
20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, Case No. _____

1

## INTRODUCTION

2    1.    This is an action for injunctive and declaratory relief intended to halt the

3    continuing interference with the right of Plaintiffs and their members to freely organize and

4    select the bargaining representative of their own choosing in violation of Section 2, Third and

5    Fourth of the Railway Labor Act (the "RLA" or "Act"), 45 U.S.C. § 152, Third and Fourth.

6

## JURISDICTION

7    2.    This action arises under Section 2, Third and Fourth of the RLA, 45 U.S.C. § 152,

8    Third and Fourth.  Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and

9    1337.

10    3.    Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C.

11    §2201, §2202, Federal Rules of Civil Procedure 57 and 65, and the general legal and equitable

12    powers of this Court.

13

## VENUE AND INTRA-DISTRICT ASSIGNMENT

14    4.    Venue is proper under 28 U.S.C §1391(b) because Defendant resides in this

15    district.

16    5.    Pursuant to Local Rule 3-2(d), intra-district assignment to the San Francisco or

17    Oakland Division is proper because Defendant resides in the County of San Francisco.

18

## PARTIES

19    6.    Plaintiff SkyWest Pilots ALPA Organizing Committee ("SkyWest Pilots OC") is

20    an unincorporated association whose members are pilots employed by Defendant SkyWest.

21    Plaintiff SkyWest Pilots OC was established to coordinate efforts by the pilots employed by

22    SkyWest to organize themselves, to seek representation for collective bargaining purposes, and

23    to elect ALPA as their bargaining representative.  Plaintiff SkyWest Pilots OC consists solely of

24    SkyWest pilots who wish to organize themselves and their co-workers for collective bargaining

25    purposes and to elect ALPA as their bargaining representative.  Plaintiff SkyWest Pilots OC

26    brings this suit on behalf of its members, who would have standing to sue in their own right and

27    whose personal participation in this litigation is not necessary, in order to challenge Defendant's

28    ongoing interference with the right of its employees to freely organize and select the bargaining

1

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, Case No. _____

1    representative of their own choosing.  Plaintiff SkyWest Pilots OC also brings this suit on behalf

2    of itself to challenge Defendant SkyWest's course of conduct, which subverts and impairs the

3    representative standing and legitimate effectiveness of Plaintiff SkyWest Pilots OC to secure the

4    organizational and representational rights of Defendant SkyWest's pilots under the Act.

5         7.    Plaintiff Steve Dow is a commercial airline pilot employed by SkyWest as a

6    captain, and is a member of the SkyWest Pilots OC.  He helped create Plaintiff SkyWest Pilots

7    OC with the mission of organizing the pilot group at SkyWest to elect ALPA as its representative

8    for collective bargaining.  In the course of his flying duties, he regularly flies in and out of San

9    Francisco International Airport.

10        8.    Plaintiff Frank Bowlin is a commercial airline pilot employed by SkyWest as a

11   captain.  He is a member of Plaintiff SkyWest Pilots OC, which has the mission of organizing

12   the pilot group at SkyWest to elect ALPA as its representative for collective bargaining.  In the

13   course of his flying duties, he regularly flies in and out of San Francisco International Airport.

14        9.    Plaintiff Andy Bharath is a commercial airline pilot employed by SkyWest as a

15   captain.  He is a member of Plaintiff SkyWest Pilots OC, which has the mission of organizing

16   the pilot group at SkyWest to elect ALPA as its representative for collective bargaining.  In the

17   course of his flying duties, he regularly flies in and out of San Francisco International Airport.

18        10.   Plaintiff Marc Johnson is a commercial airline pilot employed by SkyWest as a

19   captain.  He is a member of Plaintiff SkyWest Pilots OC, which has the mission of organizing

20   the pilot group at SkyWest to elect ALPA as its representative for collective bargaining.

21        11.   Plaintiff Tracy Shrier is a commercial airline pilot employed by SkyWest as a

22   captain.  He is a member of Plaintiff SkyWest Pilots OC, which has the mission of organizing

23   the pilot group at SkyWest to elect ALPA as its representative for collective bargaining.

24        12.   Plaintiff Diletta Martirano is a commercial airline pilot employed by SkyWest as

25   a first officer.  She is a member of Plaintiff SkyWest Pilots OC, which has the mission of

26   organizing the pilot group at SkyWest to elect ALPA as its representative for collective

27   bargaining.

28

2

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, Case No. _____

1        13.     Plaintiff Charles "Phil" Alford is a commercial airline pilot employed by

2  SkyWest as a captain. He is a member of Plaintiff SkyWest Pilots OC, which has the mission of

3  organizing the pilot group at SkyWest to elect ALPA as its representative for collective

4  bargaining.

5        14.     Plaintiff David Boehm is a commercial airline pilot employed by SkyWest as a

6  captain. He is a member of Plaintiff SkyWest Pilots OC, which has the mission of organizing

7  the pilot group at SkyWest to elect ALPA as its representative for collective bargaining.

8        15.     Plaintiff Riad Mansur is a commercial airline pilot employed by SkyWest as a

9  captain. He is a member of Plaintiff SkyWest Pilots OC, which has the mission of organizing

10  the pilot group at SkyWest to elect ALPA as its representative for collective bargaining.

11        16.     Plaintiff ALPA is an unincorporated labor organization seeking to organize and

12  represent the pilots employed by SkyWest. It is certified or recognized to represent pilots at

13  commercial airlines in the United States pursuant to the Act. ALPA's objects and purposes

14  include fostering, promoting, and protecting the right of pilots to organize freely and elect the

15  bargaining representative of their own choosing. Defendant SkyWest's course of conduct

16  subverts and impairs the representative standing and legitimate effectiveness of Plaintiff ALPA

17  to organize and represent Defendant Skywest's pilots under the Act.

18        17.     Defendant SkyWest is a Utah corporation doing business as a carrier by air in this

19  judicial district and elsewhere in the United States providing commercial passenger service.

20  SkyWest has a partnership with United Airlines, pursuant to which it is now the primary United

21  Express carrier along the West Coast and serves the United hub in San Francisco. Defendant

22  operates and maintains a hub and maintenance base in San Francisco, and has crews domiciled in

23  San Francisco. Defendant has 114 daily scheduled departures from San Francisco.

## FACTUAL ALLEGATIONS

25        18.     The pilots employed by Defendant SkyWest do not currently have a collective

26  bargaining representative certified pursuant to the Act.

27        19.     Pilots employed by Defendant SkyWest, including Plaintiff Steve Dow, with the

28  support and assistance of Plaintiff ALPA, established Plaintiff SkyWest Pilots OC to organize

3

1    the pilots employed by SkyWest for collective bargaining purposes, to gather authorization cards

2    to obtain a representation election administered by the National Mediation Board pursuant to the

3    procedures of the Act, and to elect Plaintiff ALPA as the bargaining representative of pilots

4    employed by SkyWest.  Plaintiff SkyWest Pilots OC, Plaintiff Dow, Plaintiff Bowlin, Plaintiff

5    Bharath, Plaintiff Johnson, Plaintiff Shrier, Plaintiff Martirano, Plaintiff Alford, Plaintiff Boehm,

6    Plaintiff Mansur, and Plaintiff ALPA continue to be engaged in this organizing drive.

7          20.    The SkyWest Pilots Association ("SAPA") is an entity established and solely

8    financed by SkyWest Airlines that claims to represent the SkyWest pilot group in discussions

9    with SkyWest regarding rates of pay, rules, and working conditions.  Defendant SkyWest

10   recognizes SAPA as the "true and only representative body of the SkyWest Airlines pilot group,"

11   even though SAPA has never been certified by the National Mediation Board as the

12   representative of the pilot group at SkyWest, and SAPA has never presented SkyWest with a

13   showing of majority support.

14         21.    SAPA has no dues or membership requirements, other than employment as a non-

15   management pilot at SkyWest.  Its activities are wholly financed by Defendant SkyWest, which

16   pays SAPA officers to serve full-time.  SAPA has no financial or functional independence from

17   SkyWest.

18         22.    In between July and September of 2006, SAPA representatives met with SkyWest

19   management concerning rates of pay, rules, and working conditions and reached an agreement

20   which was eventually presented to the Sky West pilots for a vote in October of 2006. During the

21   course of these discussions SAPA representatives were allowed to discuss the Company's offer,

22   take suggestions for a possible counter offer, and describe the terms of the eventual agreement in

23   crew lounges and on Company property.

24         23.    Defendant SkyWest expressly states on its website and elsewhere that it does not

25   believe there should be a union on its property.

26         24.    Defendant SkyWest has interfered with Plaintiffs' efforts to communicate with

27   SkyWest pilots about unionization and the benefits of ALPA representation, while

28   simultaneously granting SAPA preferred access to pilots employed by SkyWest.

4

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, Case No. _____

1    25.    As part of the organizing drive, Plaintiffs distributed lanyards bearing the words

2  "Air Line Pilots Association, Int'l." so that pilots could outwardly show their support for the

3  organizing drive and identify like-minded pilots. SkyWest pilots wear lanyards to hold their

4  identification cards.

5    26.    The wearing of union insignia, such as lanyards or pins, by union supporters is a

6  highly effective method of demonstrating support for a union organizing campaign and building

7  solidarity.

8    27.    Defendant SkyWest permits pilots in uniform to wear lanyards bearing non-

9  Company related insignia, such as the names of sports teams or colleges. Defendant SkyWest

10  also permits pilots in uniform to wear SAPA pins.

11    28.    Defendant SkyWest has prohibited pilots from wearing the ALPA lanyards,

12  instructing them to remove the lanyards, threatening them with discipline, and telling them that

13  they will "get in trouble" for wearing ALPA lanyards. Out of fear of retaliation, pilots of

14  SkyWest have ceased wearing the ALPA lanyards while in uniform.

15    29.    On or about May 17, 2007, the Coordinating Team of Plaintiff SkyWest Pilots

16  OC met and decided to hold a nationwide action as soon as possible to build excitement for the

17  organizing campaign and to show that the campaign has strong support – despite SkyWest's

18  opposition. Plaintiff SkyWest Pilots OC believes it is essential to hold such an action at the

19  earliest possible date, but certainly within the next few weeks, to maintain the campaign's

20  momentum and visibility and to re-energize the campaign before pilots become unavailable due

21  to their summer schedules. Where a union organizing campaign proceeds for too long without

22  maintaining visibility, there is a danger that support for the union will irreversibly wane. As part

23  of the nationwide action, SkyWest pilots would wear their ALPA lanyards. But because

24  SkyWest has prohibited its pilots from wearing ALPA lanyards, Plaintiffs cannot stage this

25  action. As a result, Plaintiffs are being severely chilled in their ability to conduct a normal

26  organizing campaign and build support among SkyWest pilots.

27

28

5

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, Case No. _____

1    30.    Defendant SkyWest maintains crew lounges at airports in which the company has

2    pilot domiciles.  Crew lounges are available to pilots for non-work activities between flights, and

3    contain couches and tables at which pilots relax and eat meals.

4    31.    Crew lounges have bulletin boards for general, non-operational purposes.

5    Defendant SkyWest routinely allows organizations and individuals to post on the general bulletin

6    boards in crew lounges information and solicitations regarding a wide variety of non-work

7    related topics, ranging from items for sale to solicitations on behalf of charitable organizations.

8    Defendant SkyWest further permits general interest literature, such as newspapers, to be placed

9    in crew lounges.

10    32.    Defendant SkyWest maintains a bulletin board in crew lounges at most bases that

11    it reserves for the exclusive use of SAPA.

12    33.    Plaintiffs have attempted to distribute written information in the form of fliers and

13    other literature describing the benefits of ALPA representation to pilots employed by SkyWest as

14    part of their efforts to organize and elect ALPA as their collective bargaining representative.

15    Specifically, Plaintiffs have attempted to distribute such literature in non-work areas, by posting

16    fliers on the general bulletin boards in crew lounges and placing literature elsewhere in crew

17    lounges.

18    34.    Defendant has promptly removed all ALPA literature placed on bulletin boards or

19    elsewhere in crew lounges, and has notified Plaintiffs that they are expressly prohibited from

20    posting ALPA literature on bulletin boards.  Defendant does not deny pilots permission to post or

21    distribute non-ALPA related literature on bulletin boards or in crew lounges, or promptly remove

22    non-ALPA related literature from bulletin boards and crew lounges.

23    35.    Defendant SkyWest maintains mailboxes for pilots in each pilot's base.

24    Defendant permits SAPA to leave information in the mailboxes to communicate with pilots.

25    When Plaintiffs have attempted to leave information regarding ALPA in the mailboxes to

26    communicate with pilots, SkyWest has promptly removed the information.

27

28

6

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, Case No. _____

1    36.    Defendant SkyWest has a company email system.  Defendant permits SAPA to

2    communicate electronically with pilots using the company email system, but has not allowed

3    Plaintiffs to do the same.

4    37.    Defendant SkyWest conducts an orientation for newly hired pilots.  Defendant

5    SkyWest invites SAPA to speak to the new pilots at the orientation class.  At the orientation

6    class, SAPA representatives hand out SAPA pins, discuss the representation provided by SAPA,

7    and have urged pilots not to support ALPA.

8    38.    Plaintiffs have requested permission to speak to the new pilots at the orientation

9    class to discuss ALPA.  Defendant SkyWest has refused Plaintiffs permission to do so.

10    Defendant has even prohibited Plaintiffs from standing on the sidewalk outside its training center

11    where it conducts classes for newly hired pilots and distributing information about ALPA and the

12    ALPA organizing campaign to newly hired pilots as they leave the training center.

13    39.    The above discriminatory policies were formulated specifically for the purpose of

14    influencing and coercing the Defendant's employees in the selection of their representatives.

15    The Defendant has at all times both directly and indirectly expressed its hostility to unionization

16    of its pilots by ALPA.

17    40.    As a result of Defendant's SkyWest's practices of preventing Plaintiffs from

18    expressing support for and distributing information about the ALPA organizing campaign

19    through lanyards, bulletin boards, crew lounges, pilot mailboxes, email, and presentations to

20    newly-hired classes, Plaintiffs' free expression has been chilled and they have been deterred

21    from outwardly supporting the organizing campaign and associating with others who support the

22    organizing campaign out of fear of retaliation or adverse consequences to their careers.

23    41.    Without access to the foregoing means of communication, Plaintiffs have been

24    denied effective means of communicating with the pilot group.  Given the nature of pilots' jobs,

25    pilots rarely congregate in a single location.  Face-to-face contact between pilots normally occurs

26    only if pilots' schedules overlap and they find themselves in the same airport at the same time.

27

28

7

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, Case No. _____

1

### FIRST CAUSE OF ACTION

2

**(Violation of Section 2, Third of the Act, 45 U.S.C. §152, Third)**

3

**(Interference with expressive and associational activity)**

4    42.    Plaintiffs incorporate paragraphs 1 to 41 by reference.

5    43.    Defendant SkyWest's prior, current, and on-going policies and practices of

6    discriminating against Plaintiffs on the basis of their support for ALPA and preventing Plaintiffs

7    from engaging in expressive and associational activity relating to ALPA and the ALPA

8    organizing campaign deprive Plaintiffs and their members of their right, under 45 U.S.C. §152,

9    Third, to designate without interference, influence, or coercion a representative of their choosing.

10    44.    As a direct and proximate result of Defendant SkyWest's unlawful conduct,

11    Plaintiffs have suffered irreparable harm and this harm will continue absent injunctive relief.

12

### SECOND CAUSE OF ACTION

13

**(Violation of Section 2, Fourth of the Act, 45 U.S.C. §152, Fourth)**

14

**(Interference with expressive and associational activity)**

15    45.    Plaintiffs incorporate paragraphs 1 to 41 by reference.

16    46.    Defendant SkyWest's prior, current, and on-going policies and practices of

17    discriminating against Plaintiffs on the basis of their support for ALPA and preventing Plaintiffs

18    from engaging in expressive and associational activity relating to ALPA and the ALPA

19    organizing campaign deprive Plaintiffs and their members of their rights, under 45 U.S.C. §152,

20    Fourth, to organize and bargain collectively through a representative of their choosing and to

21    join, organize, and assist in organizing the labor organization of their choice without influence or

22    coercion.

23    47.    As a direct and proximate result of Defendant SkyWest's unlawful conduct,

24    Plaintiffs have suffered irreparable harm and this harm will continue absent injunctive relief.

25

### THIRD CAUSE OF ACTION

26

**(Violation of Section 2, Third of the Act, 45 U.S.C. §152, Third)**

27

**(Support for SAPA)**

28    48.    Plaintiffs incorporate paragraphs 1 to 41 by reference.

8

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, Case No. _____

49.    Defendant SkyWest's prior, current, and on-going policies and practices of funding, promoting, recognizing, purporting to bargaining with, and otherwise supporting SAPA deprive Plaintiffs and their members of their right, under 45 U.S.C. §152, Third, to designate without interference, influence, or coercion a representative of their choosing.

50.    As a direct and proximate result of Defendant SkyWest's unlawful conduct, Plaintiffs have suffered irreparable harm and this harm will continue absent injunctive relief.

## FOURTH CAUSE OF ACTION

### (Violation of Section 2, Fourth of the Act, 45 U.S.C. §152, Fourth)

### (Support for SAPA)

51.    Plaintiffs incorporate paragraphs 1 to 41 by reference.

52.    Defendant SkyWest's prior, current, and on-going policies and practices of funding, promoting, recognizing, purporting to bargain with, and otherwise supporting SAPA deprive Plaintiffs and their members of their rights, under 45 U.S.C. §152, Fourth, to organize and bargain collectively through a representative of their choosing; to join, organize, and assist in organizing the labor organization of their choice without influence or coercion; and not to have a carrier use its funds to maintain, assist, or contribute to any labor organization.

53.    As a direct and proximate result of Defendant SkyWest's unlawful conduct, Plaintiffs have suffered irreparable harm and this harm will continue absent injunctive relief.

//
//
//
//
//
//
//
//
//
//
//
//

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, Case No. _____

1    **PRAYER FOR RELIEF**

2         WHEREFORE, plaintiffs ask this Court:

3    1)    to issue a temporary restraining order and preliminary injunction prohibiting

4         Defendant SkyWest from interfering with the organizational and representational

5         rights of Plaintiffs under the Act;

6    2)    to declare that Defendant SkyWest has interfered with the organizational and

7         representational rights of Plaintiffs under the Act;

8    3)    to issue a permanent injunction prohibiting Defendant SkyWest from interfering with

9         the organizational and representational rights of Plaintiffs under the Act;

10   4)    To grant such other and further relief as this Court should find just and proper.

11

12   Dated: May 22, 2007            STEPHEN P. BERZON
                                    LINDA LYE
13                                  CLAIRE P. PRESTEL
                                    Altshuler Berzon LLP
14
                                    ELIZABETH GINSBURG
15                                  Air Line Pilots Association, International

16

17                                  By: _____
                                        Linda Lye
18
                                    Attorneys for Plaintiffs
19

20

21

22

23

24

25

26

27

28

10

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, Case No. _____