STEPHEN P. BERZON (#46540)
sberzon@altshulerberzon.com
LINDA LYE (#215584)
llye@altshulerberzon.com
CLAIRE P. PRESTEL (#235649)
cprestel@altshulerberzon.com
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile:  (415) 362-8064

ELIZABETH GINSBURG
(Application for Admission *Pro Hac Vice* Pending)
elizabeth.ginsburg@alpa.org
Air Line Pilots Association, International
535 Herndon Parkway
Herndon, VA 20172-1169
Telephone: (703) 481-2424
Facsimile:  (703) 481-2478

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SKYWEST AIRLINES, INC., <br><br> Defendant. | Case No. C07-2688 <br><br> *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE |

Plaintiffs hereby move for a Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Issue.

### NEED FOR TEMPORARY RESTRAINING ORDER

Plaintiffs are engaged in a union organizing campaign with the goal of electing the Air Line Pilots Association, International ("ALPA") as the bargaining representative under the Railway Labor Act ("RLA" or "the Act") of the pilot group at Defendant SkyWest Airlines, Inc. ("SkyWest"). Plaintiffs are nine pilots employed by Defendant SkyWest who wish to designate

1

*EX PARTE* MOTION FOR TRO & OSC RE PRELIMINARY INJUNCTION. Case No.

ALPA as their exclusive bargaining representative under the RLA; SkyWest Pilots ALPA Organizing Committee ("SkyWest Pilots OC"), which consists of pilots employed by SkyWest and was formed for the purpose of organizing the pilot group to elect ALPA as its bargaining representative; and ALPA, which seeks to organize and represent the pilot group at SkyWest. Since the inception of the organizing campaign Defendant SkyWest has coercively interfered with pilots' statutorily protected rights to select a bargaining representative of their own choosing and to engage in expressive and associational activity for this purpose. 45 U.S.C. §152, Third and Fourth. Defendant has created a climate of fear and intimidation, prohibiting its pilots from engaging in expressive and associational activity related to the organizing campaign, while permitting other speech through the very same channels, as long as it is unrelated to unionization. Indeed, Defendant has even prohibited pilots from engaging in the most basic and common methods of showing support for a union in the course of an organizing campaign – wearing union insignia – even though SkyWest permits its pilots to wear insignia unrelated to ALPA. Moreover, Defendant has unlawfully funded a "company union," the SkyWest Pilots Airlines Association ("SAPA"), in violation of the express prohibition in 45 U.S.C. §152, Fourth.

On May 17, 2007, SkyWest Pilots OC determined that it was necessary to hold as soon as possible a carrier-wide action, pursuant to which pilots would wear union insignia in a show of solidarity, to build excitement for their organizing campaign and to demonstrate that they have strong support – despite SkyWest's opposition. It is critical that this action occur at the earliest possible date to maintain the campaign's momentum and visibility, and to re-energize the campaign before pilots become unavailable due to their summer schedules. Where a union organizing campaign proceeds for too long without maintaining visibility, there is a danger that support for the union will irreversibly wane. Plaintiffs are unable to sponsor such a solidarity-building action, however, because Defendant has steadfastly prohibited pilots from wearing union insignia and distributing information to their co-workers, even on non-work time and in non-work areas. Defendant has thus severely chilled Plaintiffs in the exercise of their statutory

rights to engage in expressive and associational activity. A temporary restraining order is necessary to ensure that Defendant does not succeed in silencing Plaintiffs.

## GROUNDS FOR MOTION

The motion is made, pursuant to Federal Rules of Civil Procedure 65 and Civil Local Rules 7-10 and 65-1, on the ground that Plaintiffs have demonstrated that they meet the requirements for a TRO: (1) a likelihood of success on the merits and the possibility of irreparable injury absent a interim injunctive relief, or (2) serious questions about the legality of Defendant's conduct and the balance of hardships tips sharply in Plaintiffs' favor. *Lands Council v. Martin*, 479 F.3d 636, 639 (9th Cir. 2007).

Defendant violates Plaintiffs' RLA-protected right to exercise free choice in two ways: by interfering with their expressive and associational activities and by funding, promoting, recognizing, and bargaining with a "company union," a practice Congress recognized as inherently destructive of employee free choice because it imposes the employer's choice of bargaining representative on employees.

Since the inception of Plaintiffs' organizing campaign, Defendant SkyWest has prevented pilots from engaging in expressive and associational activity related to ALPA. In particular, Defendant prohibits pilots from wearing lanyards with ALPA insignia, but permits its pilots to wear lanyards with other, non-SkyWest insignia. Defendant also prevents pilots from distributing information to their co-workers about ALPA during non-working times and in non-working areas (such as bulletin boards in crew lounges), even though it permits all manner of other speech, including commercial and charitable solicitation, in these very same venues. Indeed, Defendant even provides SAPA – an entity that it created, funds, and dominates, and that purports to be an employee association – with special speech privileges, such as use of company email and access to newly-hired pilot classes, that it does not make available to the pilot group in general or Plaintiffs in particular. The RLA "protects the right of association and expression in union activities from interference by employers." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 939 (9th Cir. 1987). By preventing Plaintiffs from outwardly demonstrating their support for and communicating with their co-workers about ALPA and the organizing campaign,

3

EX PARTE MOTION FOR TRO & OSC RE PRELIMINARY INJUNCTION, Case No.

Defendant has violated Plaintiffs' RLA-protected rights to engage in expressive and associational activity.

In addition, Defendant has recognized SAPA as the "true and only representative body of the SkyWest Airlines pilot group," even though SAPA has never been certified by the National Mediation Board as the representative of the pilot group and SAPA has never presented SkyWest with a showing of majority support. Defendant created SAPA, fully finances SAPA, and even purports to "bargain" with SAPA over terms and conditions of employment. And, as noted above, Defendant also promotes SAPA by providing SAPA with special privileges, such as allowing SAPA to make presentations to training classes for newly-hired pilots, that Defendant refuses to provide to Plaintiffs. By supporting SAPA, Defendant interferes with Plaintiffs' RLA right to exercise free choice. The RLA makes it unlawful for a carrier to interfere "in any way" with employee rights to organize and select a collective bargaining representative of their own choosing. 45 U.S.C. §152, Third and Fourth. It is well-established that these provisions prohibit carrier support for a company union, based on Congress' recognition that such practices are coercive by their nature and inherently destructive of employee free choice. *See, e.g., Virginian Ry. Co. v. Sys. Federation No. 40*, 300 U.S. 515, 543-44 (1937). Indeed, Defendant's funding of SAPA violates the RLA's express prohibition against a carrier's use of its funds to "maintain[] or assist[]or contribut[e]to any labor organization, labor representative, or other agency of collective bargaining." 45 U.S.C. §152, Fourth.

Not only is Defendant's violation of Plaintiffs RLA rights manifest, but the harm Plaintiffs' will suffer is irreparable. Each day that Defendant's coercive course of conduct persists, Plaintiffs are chilled in the exercise of their statutorily protected rights to engage in expressive and associational activity. *Arcamuzi*, 819 F.2d at 938 ("coercive and inhibitory effects upon . . . employees' organizational rights secured by the RLA . . . [are] irreparable"); *cf. Elrod v. Burns*, 427 U.S. 347, 373 (1976) (loss of First Amendment rights "for even minimal periods of time, unquestionably constitutes irreparable injury"). In addition, each day that Defendant's coercive course of conduct persists, the danger grows that support for the union organizing campaign will irreversibly wane. "The value of the right to enjoy the benefits of

4

*EX PARTE* MOTION FOR TRO & OSC RE PRELIMINARY INJUNCTION, Case No.

1 union representation is immeasurable in dollar terms once it is delayed or lost." *Scott ex re.*
2 *NLRB v. Stephen Dunn & Assocs.*, 241 F.3d 652, 667 (9th Cir. 2001) (internal quotation marks,
3 citation omitted) (holding that waning of support for union constitutes irreparable harm
4 necessitating issuance of interim injunctive relief).

## RELIEF SOUGHT

Plaintiffs therefore respectfully request that the Court grant the *ex parte* application as follows:

First, Plaintiffs request that the Court issue an immediate Temporary Restraining Order, ordering Defendant, its officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in concert with Defendant, pending a ruling by this Court on whether a preliminary injunction should issue:

1) To cease and desist from interfering in any way with Plaintiffs', their members', and their supporters' outward expression of support for ALPA and the ALPA organizing campaign and association with like-minded pilots through, *inter alia*, the wearing of ALPA insignia on lanyards or pins, while in uniform or off duty.

2) To cease and desist from interfering in any way with Plaintiffs', their members', and their supporters' communication with fellow SkyWest pilots regarding ALPA and the ALPA organizing campaign through distribution of ALPA-related materials in non-work areas such as bulletin boards and crew lounges.

3) To cease and desist from discriminating in any way against Plaintiffs, their members, and their supporters with respect to the channels of communication they may use to communicate with fellow pilots, and to provide Plaintiffs and their members with access to the same channels of communication provided to SAPA at any point during the last year, including but not limited to a dedicated bulletin board in each crew lounge where SAPA had a dedicated bulletin board at any point in the last year, general bulletin boards in crew lounges, pilot mailboxes, SkyWest's email system, and newly-hired pilot classes.

4) To cease and desist from funding, recognizing, bargaining or purporting to bargain with, or otherwise supporting in any fashion SAPA.

5

*EX PARTE* MOTION FOR TRO & OSC RE PRELIMINARY INJUNCTION, Case No.

Second, Plaintiffs request that the Court issue an Order To Show Cause setting a schedule for briefing and a hearing on a preliminary injunction.

The motion is based on this *Ex Parte* Motion; the Complaint For Injunctive And Declaratory Relief; the accompanying Memorandum Of Points And Authorities In Support Of Motion For Temporary Restraining Order And Preliminary Injunction; the accompanying Declarations of Steve Dow, Diletta Martirano, Frank Bowlin, Charles "Phil" Alford, Marc Johnson, David Boehm, Riad Mansur, Andy Bharath, Tracy Shrier, and Jeff MacDonald In Support Of Temporary Restraining Order And Preliminary Injunction; the accompanying Declaration of Notice to Opposition And In Support Of Temporary Restraining Order And Preliminary Injunction By Linda Lye; the accompanying [Proposed] Temporary Restraining Order And Order To Show Re: Preliminary Injunction; the complete files and records of this action; and such other and further matters as the Court may properly consider.

Dated: May 22, 2007

Respectfully submitted,

STEPHEN P. BERZON
LINDA LYE
CLAIRE P. PRESTEL
Altshuler Berzon LLP

ELIZABETH GINSBURG
Air Line Pilots Association, International

By: _____
Linda Lye

Attorneys for Plaintiffs

6

*EX PARTE* MOTION FOR TRO & OSC RE PRELIMINARY INJUNCTION, Case No.