John P. Bovich (SBN 150688)
Email: jbovich@reedsmith.com
Douglas H. Riegelhuth (SBN 166686)
Email: driegelhuth@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936
Telephone:    415 543 8700
Facsimile:    415 391 8269

DOUGLAS W. HALL (*Pro Hac Vice Application Pending*)
Email: dhall@fordharrison.com
Ford & Harrison LLP
1300 Nineteenth Street, N.W., Suite 700
Washington, DC 20036
Telephone:    202.719.2065
Facsimile:    202.719.2077

Attorneys for Defendant
SKYWEST AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SKYWEST AIRLINES, INC., <br><br> Defendant. | No.: 3:07-CV-02688-CRB <br><br> **REQUEST TO SHORTEN TIME TO HEAR MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER** <br><br> Honorable Charles R. Breyer <br><br> Date: To be determined <br> Time: To be determined <br> Place: Courtroom 8, 19th Floor <br> Compl. Filed: May 22, 2007 <br><br> Honorable Charles R. Breyer |

Pursuant to Civil Local Rule 6-3 and Standing Order ¶4, Defendant SkyWest Airlines, Inc. ("SkyWest") respectfully requests that the Court enter an order shortening the time by which SkyWest's Motion To Dissolve Temporary Restraining Order may be heard and permitting counsel for SkyWest to appear telephonically. This request is necessary because the Temporary Restraining Order was entered without prior notice to SkyWest and Plaintiffs have demanded that SkyWest immediately comply with certain aspects of the TRO – including access to SkyWest's email system by noon today and the establishment of dedicated bulletin boards throughout SkyWest's system by 5:00 p.m. "local time" today. [*See* Declaration of Douglas W. Hall ("Hall Decl."), Exh. A.]

Plaintiffs indicated yesterday and have since confirmed that they have no objection to counsel for SkyWest appearing telephonically at a hearing on the Motion to Dissolve. [Hall Decl., ¶Exh. B.] Thus, the only issue is whether good cause appears to shorten time for hearing of the Motion to Dissolve. As set forth below, SkyWest would incur substantial harm, including potentially major changes to its business practices, if the Motion to Dissolve were not heard today.

On May 21, 2007, SkyWest learned for the first time that Plaintiffs SkyWest Pilots ALPA Organizing Committee *et al.* (collectively referred to as "Plaintiffs") was planning to file the above entitled lawsuit the following day. On May 22, 2007, SkyWest further learned that a Temporary Restraining Order ("TRO") had already been entered against it without any evidentiary hearing or an opportunity to be heard. [Hall Decl.¶2.]

Substantial harm to SkyWest would occur if this Request was not granted. Among other things, Plaintiffs may be granted immediate access to SkyWest's proprietary email system. SkyWest may also be forced to incur unwarranted expenses in both time and money to create dedicated bulletin boards for Plaintiffs' uses. The harms to SkyWest are compounded because the TRO was issued without prior notice to SkyWest and without any evidentiary hearing. [Hall Decl.¶ 3.]

On the other hand, there is no harm to Plaintiffs if the request to shorten time is granted. Counsel for Plaintiffs confirmed that they are available at 3 p.m. or thereafter today. Further, FRCP 65(b) provides that only two days notice is required for a hearing on a motion to

1  dissolve:

2  …On 2 days' notice to the party who obtained the temporary restraining order without
3  notice or on such shorter notice to that party as the court may prescribe, the adverse
4  party may appear and move its dissolution or modification and in that event the court
5  shall proceed to hear and determine such motion as expeditiously as the ends of
6  justice require.

7  [FRCP 65(b).]

8  SkyWest gave Plaintiffs notice of SkyWest's Motion to Dissolve yesterday. Thus, this Request only shortens time one day from what is allowed by rule. [Hall Decl.¶5; FRCP 65(b).] In addition, counsel for SkyWest initially understood that Plaintiffs had no objection to shortening time for a hearing on the Motion to Dissolve, if the Court deemed that a hearing was necessary, so long as the hearing was held after 3 p.m. today. [Hall Decl.¶6-8.] Based on that representation, James Daire, local counsel for SkyWest, prepared a stipulation and proposed order and sent it to Linda Lye, counsel for Plaintiffs, this morning for her review and signature. Thereafter, Ms. Lye informed SkyWest that Plaintiffs would not stipulate to shortening time a single day, necessitating this Request. Accordingly, it is clear that Plaintiffs face no prejudice from shortened time.

Because SkyWest needs to have its Motion To Dissolve heard as soon as possible so that it may avoid the substantial hardships of the TRO without any evidentiary hearing, SkyWest's Motion to Shorten Time should be granted.

DATED: May 23, 2007.

REED SMITH LLP


By____/s/_____
     John P. Bovich
     Douglas H. Riegelhuth
     Attorneys for Defendant
     SKYWEST AIRLINES, INC.

DOUGLAS W. HALL
(*Pro Hac Vice* Application Pending)
FORD & HARRISON LLP
1300 Nineteenth Street, N.W., Suite 700
Washington, DC  20036

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Telephone: (202) 719-2065
Facsimile: (202) 719-2077

Attorneys for Defendant
SKYWEST AIRLINES, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

— 4 —

REQUEST TO SHORTEN TIME TO HEAR MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER

DOCSSFO-12479530.1