John P. Bovich (SBN 150688)
Email: jbovich@reedsmith.com
Douglas H. Riegelhuth (SBN 166686)
Email: driegelhuth@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936
Telephone:    415 543 8700
Facsimile:    415 391 8269

DOUGLAS W. HALL (*Pro Hac Vice Application Pending*)
Email: dhall@fordharrison.com
Ford & Harrison LLP
1300 Nineteenth Street, N.W., Suite 700
Washington, DC 20036
Telephone:    202.719.2065
Facsimile:    202.719.2077

Attorneys for Defendant
SKYWEST AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SKYWEST AIRLINES, INC., <br><br> Defendant. | No.: 3:07-CV-02688-CRB <br><br> **DECLARATION OF DOUGLAS W. HALL IN SUPPORT OF REQUEST TO SHORTEN TIME** <br><br> Honorable Charles R. Breyer <br><br> Date: To be determined <br> Time: To be determined <br> Place: Courtroom 8, 19th Floor <br> Compl. Filed: May 22, 2007 |

– 1 –

DECLARATION OF DOUGLAS W. HALL IN SUPPORT OF REQUEST TO SHORTEN TIME

DOCSSFO-12479531.1

I, DOUGLAS W. HALL, declare:

1. I am an attorney at law licensed to practice before the courts of the District of Columbia. I am an attorney with the law firm of Ford & Harrison LLP, attorneys of record for SkyWest Airlines, Inc. ("SkyWest"), Defendant in the above-referenced action. My *pro hac vice* application before this Court is pending. I make this Declaration in support of SkyWest's Request to Shorten Time. I have personal knowledge of the matters set forth in this Declaration. If called as a witness, I could and would competently testify to these matters.

2. On May 21, 2007, SkyWest learned for the first time that Plaintiffs SkyWest Pilots ALPA Organizing Committee *et al.* (collectively referred to as "Plaintiffs") was planning to file the above entitled lawsuit the following day. On May 22, 2007, SkyWest further learned that a Temporary Restraining Order ("TRO") had already been entered against it without any evidentiary hearing or other opportunity to be heard.

3. SkyWest is compelled to seek an order shortening time because Plaintiffs have demanded that SkyWest immediately comply with certain aspects of the TRO – including access to SkyWest's email system by noon today and the establishment of dedicated bulletin boards throughout SkyWest's system by 5:00 p.m. "local time" today. These demands were made in a May 22, 2007 letter from Linda Lye, counsel for Plaintiffs. A true and correct copy of the May 22, 2007 is attached hereto as Exhibit A.

4. Substantial harm to SkyWest would occur if this Request was not granted. Among other things, Plaintiffs may be granted immediate access to SkyWest's proprietary email system. SkyWest may also be forced to incur unwarranted expenses in both time and money to create dedicated bulletin boards for Plaintiffs' uses. The harms to SkyWest are compounded because the TRO was issued without prior notice to SkyWest and without any evidentiary hearing.

DECLARATION OF DOUGLAS W. HALL IN SUPPORT OF REQUEST TO SHORTEN TIME

5. On the other hand, there is no harm to Plaintiffs if the Request to Shorten Time is granted. Ms. Lye has already confirmed that Plaintiffs are available at 3 p.m. or thereafter today. Moreover, FRCP 65(b) provides that only two days notice is required for a hearing on a motion to dissolve. I gave Ms. Lye notice of SkyWest's Motion to Dissolve yesterday. Thus, the Request only shortens time one day from what is allowed by rule.

6. During my conversation with Ms. Lye, I also sought a stipulation to shorten time in compliance with Local Civil Rule 6-3. Ms. Lye indicated that Plaintiffs had no objection to counsel for SkyWest appearing telephonically at a hearing on the Motion to Dissolve. I also understood that Ms. Lye had no objection to shortening time for a hearing on the Motion to Dissolve, if the Court deemed that a hearing was necessary, so long as the hearing was held after 3 p.m. today because of the unavailability of one of her colleagues prior to that time.

7. Based on my understanding of Ms. Lye's representation, James Daire, local counsel for SkyWest, prepared a stipulation and proposed order and sent it to Ms. Lye this morning for her review and signature. A true and correct copy of Mr. Daire's email is attached hereto as Exhibit B.

8. Thereafter, Ms. Lye informed SkyWest that Plaintiffs would not stipulate to shortening time a single day, necessitating this Request. [*See* Exhibit B.]

9. The underlying dispute stems from the TRO. As set forth in the papers accompanying this Request, the Court lacks jurisdiction to enter a temporary restraining order without an evidentiary hearing where, as here, the lawsuit is a labor dispute. The TRO also fails to comply with the standards of FRCP 65(b). Plaintiffs take the position that there are no jurisdictional or evidentiary infirmities in the TRO.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: May 23, 2007.

                                      /s/
                              DOUGLAS W. HALL

**CERTIFICATION**

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

DATED: May 23, 2007

        REED SMITH LLP


        By: /s/ John P. Bovich
            John P. Bovich
            Attorneys for Defendant

# EXHIBIT A

FRED H. ALTSHULER
STEPHEN P. BERZON
EVE H. CERVANTEZ
BARBARA J. CHISHOLM
JEFFREY B. DEMAIN
REBEKAH B. EVENSON
JAMES M. FINBERG
EILEEN B. GOLDSMITH
LAURA P. JURAN
SCOTT A. KRONLAND
PETER E. LECKMAN
DANIELLE E. LEONARD
STACEY M. LEYTON
LINDA LYE
PETER D. NUSSBAUM
KATHERINE M. POLLOCK
CLAIRE P. PRESTEL
DANIEL T. PURTELL
MICHAEL RUBIN
PEDER J. THOREEN
JONATHAN WEISSGLASS

**ALTSHULER BERZON LLP**
ATTORNEYS AT LAW
177 POST STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94108
(415) 421-7151
FAX (415) 362-8064
www.altshulerberzon.com

STUART C. NAIFEH
FELLOW

May 22, 2007

*By electronic mail, facsimile, and United States mail*

Mr. Doug Hall
Ford & Harrison LLP
1300 19th Street, NW, Suite 700
Washington, DC 20036

Mr. Todd Emerson, General Counsel
Ms. Patricia Stambelos, Assistant General Counsel
SkyWest Airlines, Inc.
444 South River Road
St. George, Utah 84790

Re:   *SkyWest Pilots ALPA Organizing Committee v. SkyWest Airlines, Inc.*
      07-CV-02688 CRB

Dear Counsel,

     As you are aware, the Court today issued a temporary restraining order against SkyWest Airlines, Inc. in the above-referenced matter. I emailed you a copy of the TRO earlier today, and have also served you with a copy by overnight delivery, which will arrive tomorrow morning. The TRO requires SkyWest immediately to cease and desist from interfering with the right of pilots employed by SkyWest to engage in expressive and associational activity protected by the Railway Labor Act ("RLA" or "the Act") and from discriminating against pilots with respect to their expressive and associational activity.

     We of course expect SkyWest's immediate compliance with all of the terms of the TRO. We write specifically to address the implementation of the portion of paragraph 3 the TRO

Mr. Hall, Mr. Emerson, Ms. Stambelos
May 22, 2007
Page 2

requiring SkyWest "to provide Plaintiffs and their members with access to the same channels of communication provided to SAPA at any point during the last year, including but not limited to a dedicated bulletin board in each crew lounge where SAPA had a dedicated bulletin board at any point in the last year, general bulletin boards in crew lounges, pilot mailboxes, SkyWest's email system, and newly-hired pilot classes."

First, we understand that a training session for newly-hired pilots is scheduled to begin on Monday, May 28, 2007. Pursuant to the terms of the TRO, Plaintiffs will be sending a representative to the training session and expect that our representative will be given time to speak to the class of newly-hired pilots regarding ALPA, the organizing campaign, and the benefits of ALPA representation. SkyWest has routinely allowed SAPA to make hour-long presentations to classes of newly-hired pilots. We request that, to comply with the TRO, SkyWest place the SkyWest Pilots ALPA Organizing Committee, on the training session agenda for one hour on Tuesday, May 29, 2007.

Second, the TRO requires SkyWest to provide Plaintiffs and their members with access to SkyWest's email system to communicate with the pilot group. Please provide us no later than noon PDT on Wednesday, May 23, 2007 with all of the information and access we will need to be able to distribute information to the pilot group through the "SkyWest online" system.

Third, the TRO requires SkyWest to provide a dedicated bulletin board in each crew lounge where SAPA had a dedicated bulletin board at any point in the last year. Please provide us with a list of each such location, and ensure that a bulletin board dedicated for use by the SkyWest Pilots ALPA Organizing Committee is posted in each of these locations no later than 5 pm local time.

Please get back to me by noon PDT on Wednesday, May 23, 2007, confirming that all of these matters will be addressed, as required by the TRO.

Sincerely,

Linda Lye
Attorney for Plaintiffs

# EXHIBIT B

**Daire, James**

**From:** Linda Lye [llye@altshulerberzon.com]
**Sent:** Wednesday, May 23, 2007 8:48 AM
**To:** Daire, James
**Cc:** Bovich, John; Doug Hall
**Subject:** RE: ALPA et al. v. SkyWest

Dear James,
We did not agree to have SkyWest's motion to dissolve the TRO heard today at 3 pm. Doug asked me for our views on his appearing telephonically should the Court hold a hearing on the motion you intend to file to dissolve the TRO. I stated to him that he was authorized to represent that we had no objection to a telephonic appearance by SkyWest's counsel, in the event the Court decides to hold a hearing on any motion you file. I further indicated that we would be unavailable for any hearing between 1 and 3 pm today.
We are not agreeable to a stipulation shortening time on your motion to dissolve. The court has already set a briefing schedule for the preliminary injunction and any issues can be fully addressed in those papers.
Linda

---

**From:** Daire, James [mailto:JDaire@ReedSmith.com]
**Sent:** Wednesday, May 23, 2007 8:36 AM
**To:** Linda Lye
**Cc:** Bovich, John; Doug Hall
**Subject:** ALPA et al. v. SkyWest


<<SKYWEST stipulation to shorten time_v1.DOC>>

Dear Linda:

We are local counsel for SkyWest in the ALPA lawsuit. I understand that you and Doug Hall reached an agreement last evening to have SkyWest's motion to dissolve the TRO heard today at 3:00 p.m. or thereafter.

When the court opens for business, we will contact the calendar clerk to arrange a specific time to be heard and let you know what we hear. In the meantime, please sign the attached stipulation and either scan or fax back the signature page to me. We will arrange to file the stipulation this morning.

Thanks for your prompt attention to this.

Best regards,

**James Daire**
415.659.5922
jdaire@reedsmith.com

**Reed Smith**LLP

Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
Fax 415.391.8269

05/23/2007

This e-mail is confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact James Daire at 415.659.5922 or e-mail jdaire@reedsmith.com if you need assistance.