STEPHEN P. BERZON (#46540)
sberzon@altshulerberzon.com
LINDA LYE (#215584)
llye@altshulerberzon.com
CLAIRE P. PRESTEL (#235649)
cprestel@altshulerberzon.com
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile:   (415) 362-8064

ELIZABETH GINSBURG
(Admitted to Practice *Pro Hac Vice*)
elizabeth.ginsburg@alpa.org
Air Line Pilots Association, International
535 Herndon Parkway
Herndon, VA 20172-1169
Telephone: (703) 481-2424
Facsimile:   (703) 481-2478

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>SKYWEST AIRLINES, INC.,<br><br>Defendant. | CASE No. C-07-2688 CRB<br><br>**OPPOSITION TO DEFENDANT'S REQUEST TO SHORTEN TIME** |

Plaintiffs oppose Defendant SkyWest Airlines, Inc.'s ("SkyWest's") request to shorten time. The Court has already set an expedited briefing schedule on Plaintiffs' motion for a preliminary injunction, and SkyWest has not adequately demonstrated why an even shorter schedule is needed. *See* May 22, 2007 Temporary Restraining Order ("TRO") and Order to Show Cause re: Preliminary Injunction, at 3 (SkyWest's brief due Monday; Plaintiffs due Tuesday; hearing scheduled for Wednesday).

SkyWest is also incorrect to argue that its application will only shorten time by one day. *Contra* Request at 2–3. The two-day procedure in Rule 65(b) only applies when a temporary

restraining order was granted *without notice*, which is not the case here. *See* Fed.R.Civ.P. 65(b) (motion to dissolve may heard on two days' notice "to the party who obtained the temporary restraining order *without notice*") (emphasis added). Plaintiffs provided SkyWest with advance notice of their application for a temporary restraining order. *See* Decl. of Notice to Opp'n and in Support of Temporary Restraining Order by Linda Lye (filed May 22, 2007). Thus, the abbreviated Rule 65(b) procedure is inapplicable and SkyWest is not seeking merely a one-day shortening of time.

Further, as Plaintiffs will demonstrate in the opposition they intend to file shortly to SkyWest's Motion to Dissolve, the Norris-LaGuardia Act ("NLGA") did *not* deprive this Court of jurisdiction to enter its temporary restraining order. *See, e.g.*, *Virginian Railway Co. v. System Federation No. 40*, 300 U.S. 515 (1937) (NLGA did not bar injunction entered to protect RLA rights); *Fed. Express Corp. v. Teamster Union, Local No. 85*, 617 F.2d 524, 526 (9th Cir. 1980) (when "specific legal command of the RLA is violated," Norris-LaGuardia does not bar entry of an injunction).

Federal Rule of Civil Procedure 65(b) is also inapplicable because Plaintiffs did provide SkyWest with "notice" of its application. 29 U.S.C. §107 (providing that TRO may be entered before hearing). And, even if Rule 65(b) did apply, Plaintiffs made a more than sufficient factual showing. *See, e.g.*, Decl. of Steve Dow in Support of Temporary Restraining Order and Preliminary Injunction ¶13 (describing immediate need for TRO). Any necessary findings may easily be made in Plaintiffs' amended order (which Plaintiffs will submit with their opposition brief shortly).

Finally, SkyWest employees clearly have standing to enforce their rights under the RLA. *See, e.g.*, *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935 (9th Cir. 1987) (individual pilot plaintiffs sued to enforce their RLA-protected rights; recognizing that they had "implied private right of action" under the statute and reversing denial of their motion for preliminary injunction); *Watt v. Energy Action Educational Foundation*, 454 U.S. 151, 160 (1981) (only one plaintiff with standing is necessary).

For these reasons, Plaintiffs oppose SkyWest's request to shorten time. If the Court is nonetheless inclined to shorten time for the motion to dissolve, Plaintiffs request that any hearing not occur until Friday, to give Plaintiffs sufficient time to file, and the Court sufficient time to review, an opposition to SkyWest's motion to dissolve.

Dated: May 23, 2007          Respectfully submitted

STEPHEN P. BERZON
LINDA LYE
CLAIRE P. PRESTEL
Altshuler Berzon LLP

ELIZABETH GINSBURG
Air Line Pilots Association, International


by:  \s\Claire P. Prestel
          Claire P. Prestel

Attorneys for Plaintiffs