STEPHEN P. BERZON (#46540)
sberzon@altshulerberzon.com
LINDA LYE (#215584)
llye@altshulerberzon.com
CLAIRE P. PRESTEL (#235649)
cprestel@altshulerberzon.com
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

ELIZABETH GINSBURG
(Admitted to Practice *Pro Hac Vice*)
elizabeth.ginsburg@alpa.org
Air Line Pilots Association, International
535 Herndon Parkway
Herndon, VA 20172-1169
Telephone: (703) 481-2424
Facsimile: (703) 481-2478

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> SKYWEST AIRLINES, INC., <br><br> Defendant. | CASE No. C-07-2688 CRB <br><br> **OPPOSITION TO MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER – PART TWO** |

## INTRODUCTION

As soon as Plaintiffs learned that the Court intended to hold a hearing today on Defendant's Motion To Dissolve the Court's Temporary Restraining Order ("TRO"), Plaintiffs filed a partial brief in opposition. This brief addresses the remaining issues raised by Defendant's motion that Plaintiffs were unable to include in their initial brief, due to time constraints.

I. **THE NORRIS-LAGUARDIA ACT DOES NOT APPLY TO PLAINTIFFS' REQUEST TO PROTECT THEIR RIGHT UNDER THE RAILWAY LABOR ACT TO ENGAGE IN PEACEFUL EXPRESSIVE AND ASSOCIATIONAL LABOR ORGANIZING ACTIVITY**

Plaintiffs explained why the Norris-LaGuardia Act, 29 U.S.C. §§101–115 ("NLGA"), does not apply in their initial opposition brief, but one additional point deserves mention. *Unlike* the National Labor Relations Act ("NLRA"), enforcement of the RLA rights to organize and to select a bargaining representative lies *with the courts*. *Texas & N.O.R. Co. v. Bhd. of Ry., & Steamship Clerks,* 281 U.S. 548, 554-58, 569-70 (1930) (private right of action to enforce RLA's protections for employee free choice). As the Ninth Circuit has made clear, "injunctive relief is available to protect employees' organizational rights under the RLA." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987). Under the RLA, there is no administrative agency available to enforce employees' right to organize, where, as here, no bargaining representative has been certified. *See, e.g., Burke v. Compania Mexicana de Aviacion*, 433 F.2d 1031 (9th Cir. 1970). By contrast, enforcement of employee rights under the NLRA to engage in organizing activity lies within the exclusive jurisdiction of the National Labor Relations Board. *See generally San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236 (1959); 29 U.S.C. §158.

If the NLGA barred an injunction in this case, the Court would be precluded from exercising its "duty" to protect the RLA "right of association and expression in union activities from interference by employers." *Arcamuzi*, 819 F.21d at 938. As a result, adoption of Defendant's position, that the NLGA should apply here, would leave Plaintiffs without any source of protection – judicial or administrative – from Defendant's interference with their statutory rights.

II. **PLAINTIFFS HAVE OVERWHELMINGLY ESTABLISHED IMMEDIATE IRREPARABLE HARM**

Defendant's attempt to argue that Plaintiffs did not establish any "immediate harm" falls flat. Mot. To Dissolve TRO at 6-8. Although Defendant contends that, in its view, Plaintiffs do not need to hold their carrier-wide solidarity building event at this time, nothing in the RLA permits employers to decide when and how employees should organize. The entire point of the RLA's protections is to protect the right of *employees* to structure their *own* organizing campaigns, free from carrier interference. 45 U.S.C §§151a, 152, Third and Fourth. Plaintiffs intend to plan an

organizing event: The RLA protects their right to do so; and interference with that right is irreparable injury under controlling Ninth Circuit law. *Arcamuzi,* 819 F.2d at 938.

Indeed, Defendant's challenge to the immediacy and irreparability of Plaintiffs' injury is both factually and legally incorrect. As a factual matter, Plaintiff SkyWest ALPA Organizing Committee has concluded and it is widely accepted that it is critical to conduct events regularly in the course of an organizing campaign "to maintain excitement and momentum and [to] show growing support for the union. If a campaign proceeds for too long without maintaining visibility, there is a danger that support for the union will wane." Decl. of Jeffrey MacDonald at ¶6; Decl. of Steve Dow at ¶¶13-14. One of the reasons that Plaintiff SkyWest Pilots ALPA Organizing Committee recently decided a carrier-wide action was necessary was that it was critical to maintain the campaign's momentum and visibility. *Id.* Morever, pilots typically are less available to be active over the summer flying season in an organizing campaign. *Id.* at 13. As Defendant concedes, "the summer is typically a heavy season for air travel." Mot. To Dissolve TRO at 7. Precisely because of their heavy work schedules, pilots are likely to have less time to spend on "extra-curricular" activities such as the organizing campaign. For these reasons, it is necessary to hold the solidarity building event now.

Defendant also incorrectly contends that because Plaintiffs' planned event involves wearing ALPA lanyards, the Court should have limited its TRO to the lanyard issue. Mot. To Dissolve TRO at 7 n.4. This is plainly absurd. Plaintiffs need to be "get the word out" about their planned event. Defendant has prevented them from doing so by interfering with nearly every available method of communication – bulletin boards, mailboxes, email, and the like. Because Plaintiffs need to spread the word about their planned action, these channels of communication are as central to the action as the lanyards themselves.

As a legal matter, it is well-established that the chilling effect on expressive and associational activity is so irreparable that it cannot be tolerated "for even minimal periods of time." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (First Amendment); *see also* Mem. ISO TRO & PI at 18-19. Similarly, the harm suffered by Plaintiffs in the form of potentially eroding support for their organizing campaign is unquestionably irreparable because "[t]he value of the right to enjoy the

benefits of union representation is immeasurable in dollar terms once it is delayed or lost." *Scott ex rel. NLRB v. Stephen Dunn & Assocs.*, 241 F.3d 652, 667 (9th Cir. 2001).

Defendant's steadfast attempt to ignore the law and the facts does not dissipate the urgency of Plaintiffs' need for immediate judicial protection for their RLA rights to engage in expressive and associational organizing activity.[1]

### III.   DEFENDANT'S REMAINING ARGUMENTS ARE UTTERLY MERITLESS

SkyWest makes a few additional arguments which are entirely without merit. First, it contends that the TRO does not comply with various requirements set forth in Federal Rule of Civil Procedure 65(b). Mot. To Dissolve TRO at 8-9. These requirements apply only to TROs granted "without notice." Fed. R. Civ. P. 65(b) (setting forth requirements for entry of TRO entered "without written or oral notice to the adverse party or that party's attorneys"). In this case, Plaintiffs provided Defendant with oral and written notice the day before the complaint and application for a TRO were filed, and provided Defendant with all of the papers in support of the TRO the day the papers were filed. *See* Decl. of Notice To Opposition by Linda Lye (Docket Number 16) at ¶¶2-3 & Exh. 1; Supplemental Decl. of Notice to Opposition by Linda Lye (Docket Number 19) at ¶¶2-4 & Exh. 1.[2]

---

[1] Defendant cannot plausibly argue that it will suffer harm from the TRO. Plaintiffs merely seek to engage in the identical types of expressive activities that Defendant already permits SAPA to engage in, as well as other pilots, as long as they are not discussing ALPA. Defendant appears to contend that providing Plaintiffs with the same access to its email system that it currently provides SAPA will invade some kind of "proprietary" interest. Req. To Shorten Time To Hear Mot. To. Dissolve TRO at 2. Yet this assertion is contradicted by the letter sent to Plaintiffs' counsel this evening by SkyWest's General Counsel, Todd Emerson. Mr. Emerson states that "[t]he SkyWest ALPA Organizing Committee members already have access to skywestonline and MyMessages, wherein they can send messages to any pilot at SkyWest." Decl. of Linda Lye In Opp. To Mot. To Dissolve TRO, Exh. A. (Plaintiffs' counsel are concerned that Mr. Emerson's letter reflects a refusal of SkyWest to comply with the TRO in two regards. We have sent Mr. Emerson a letter addressing these issues and hope that this matter can be resolved promptly. *See id.*, Exh. B.)

[2] We previously stated in our Opposition to the Motion to Shorten Time that any technical defect with respect to Rule 65(b) compliance could easily be cured by issuing an amended order making the requisite findings, and that we would submit such a proposed amended order. This issue is now moot because the Court has scheduled a hearing for tomorrow morning. Even Defendant cannot possibly contend that the Rule 65(b) requirements will apply after the Court holds its hearing.

Second, Defendant attempts to argue that Plaintiffs lack standing. There is no dispute that the pilot Plaintiffs may bring suit to protect their right under the RLA to engage in expressive and associational labor activity. *See, e.g., Burke*, 433 F.2d at 1032-34. Where, as here, one plaintiff in the suit has standing, the court need not consider the standing of the remaining plaintiffs. *See, e.g., Village of Arlington Heights v. Met. Housing Dev. Corp.*, 429 U.S. 252, 264 n. 9 (1977).

**CONCLUSION**

For the foregoing reasons, Defendant's Motion To Dissolve the Court's Temporary Restraining Order should be denied.

Dated: May 23, 2007          Respectfully submitted

STEPHEN P. BERZON
LINDA LYE
CLAIRE P. PRESTEL
Altshuler Berzon LLP

ELIZABETH GINSBURG
Air Line Pilots Association, International


by:  \s\Linda Lye
        Linda Lye

Attorneys for Plaintiffs