Douglas W. Hall (Admitted *Pro Hac Vice*)
FORD & HARRISON LLP
1300 Nineteenth Street, N.W., Suite 700
Washington, DC 20036
Telephone: 202-719-2065
Facsimile: 202-719-2077
Email: dhall@fordharrison.com

Robert Spagat (SBN: 157388)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400
Email: rspagat@winston.com

Attorneys for Defendant
SKYWEST AIRLINES, INC.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al.,

Plaintiff,

vs.

SKYWEST AIRLINES, INC.,

Defendant.

**Case No. C-07-2688 CRB**

**DEFENDANT SKYWEST AIRLINES, INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES**

Date: TBD
Time: TBD
Ctrm: 8, 19th Floor

Judge: Hon. Charles R. Breyer

Action Filed: May 22, 2007

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**TABLE OF CONTENTS**

Page

I. STATEMENT OF ISSUES TO BE DECIDED ....3

II. INTRODUCTION ....3

III. STATEMENT OF FACTS ....4

A. Salt Lake City, Not San Francisco, Is The Gravamen Of SkyWest's Operations And Its Pilot Population. ....4

B. There Is Not One Relevant Witness, Fact Or Piece Of Evidence Related To This Case In This Judicial District. ....5

C. None Of The Conduct At Issue In This Matter Occurred In This Judicial District. ....6

D. There Will Be A Financial Burden On SkyWest And Potentially An Adverse Impact On SkyWest Flights If Venue Is Not Transferred. ....7

IV. ARGUMENT ....8

A. The Requirements For Transferring An Action Pursuant to 28 U.S.C. § 1404(a). ....8

B. This Action Could Have Been Brought In The District Of Utah. ....9

C. The Convenience Factors Tip Sharply In Favor Of Transfer Of This Action To The District Of Utah. ....9

1. Plaintiffs Are Not Entitled To Deference In Their Choice Of Forum Because It Bears No Relation To The Underlying Dispute. ....9

2. The Private Factors Weigh Sharply In Favor Of Transferring Venue To The District Of Utah. ....11

a. Most Parties and Witnesses Reside In Utah. ....11

b. Utah, Not The Northern District Of California, Is Convenient To The Litigants. ....12

c. Access To Physical Evidence And Other Sources Of Proof Is In Utah. ....12

d. Unwilling Witnesses Can Be Compelled To Testify In Utah. ....12

e. The Cost Of Bringing Witnesses To Trial Strongly Favors Utah. ....12

f. The Judgment Would Be Enforced In Utah, Not In The Northern District Of California. ....13

g. Practical Problems Or Other Factors That Contribute To An Efficient Resolution Favor Transfer To The District Of Utah. ....13

3. The Public Factors Weigh In Favor Of Transferring Venue To Utah. ............13

a. The Local Interest In This Lawsuit Is In Utah, Not The Northern District Of California.......................................................13

b. The District Of Utah Is Equally Familiar With The Governing Law. .................................................................................14

c. The Burden On Local Courts And Juries Favors Transferring This Action To The District Of Utah................................................14

d. The Northern District Of California Is Much More Congested Than The District Of Utah. ........................................................14

e. The Costs Included In Resolving A Dispute Unrelated To The Present Forum Favor The District Of Utah.......................................15

V. CONCLUSION......................................................................................15


Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183 (S.D. Cal. 2007) ....... 11

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986) ....... 8, 9, 10, 14

*In re Horseshoe Ent.*, 305 F.3d 354 (5th Cir. 2002) ....... 11

*Jaco Environmental Inc. v. Appliance Recycling Centers Of America, Inc.*, 2007 U.S. Dist. LEXIS 27421 (N.D. Cal. 2007) ....... 10

*Little v. Bank One*, 2005 U.S. Dist. LEXIS 40090 (N.D. Cal. 2005) ....... 10, 11

*Lueck v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001) ....... 8, 9

*Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949 (9th Cir. 1968) ....... 10, 12

*Piper Aircraft v. Reyno*, 454 U.S. 235 (1981) ....... 8, 9, 10

*Ravelo Monegro v. Rosa*, 211 F.3d 509 (9th Cir. 2000), *cert. denied*, 531 U.S. 1112 (2001) ....... 10

*Royal Queentex Enterprises, Inc. v. Sara Lee Corp.*, 2000 WL 246599 (N.D. Cal. 2000) ....... 10

*Saleh v. Titan Corp.*, 361 F. Supp.2d 1152 (S.D. Cal. 2005) ....... 10

*Sinochem International Co., Ltd. v. Malaysia International Shipping Corp.*, 127 S.Ct. 1184 (2007) ....... 10

*Solomon v. Continental American Life Ins. Co.*, 472 F.2d 1043 (3rd Cir. 1973) ....... 11

*Stewart v. AT&T, Inc.*, 2007 U.S. Dist. LEXIS 28760 (N.D. Cal. 2007) ....... 10, 14

*Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163 (9th Cir.), *cert. denied*, 127 S. Ct. 273 (2006) ....... 8, 9

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

*Van Dusen v. Barrack*,
376 U.S. 612 (1964)....................8

*Williams v. Bowman*,
157 F. Supp. 2d 1103 (N.D. Cal. 2001)....................10

**FEDERAL STATUTES**

28 U.S.C. §1404(a) .................... Passim

Railway Labor Act, 45 U.S.C. §§ 151 *et seq.* ....................1

**NON-PERIODICAL PUBLICATIONS**

Schwarzer et al., *Federal Civil Procedure Before Trial* § 4:760 (2006)....................10

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

PLEASE TAKE NOTICE THAT, at a time and date to be determined by the Court pursuant to the Motion to Change Time, Defendant SkyWest Airlines, Inc. ("SkyWest") will move, and hereby does move, for a change of venue pursuant to 28 U.S.C. §1404(a) for the following reasons, and as more fully set forth in SkyWest's memorandum of law in support of this motion:

1. Litigating this case in the Northern District of California would be extremely inconvenient for the parties and witnesses, one of the most important factors in determining whether to transfer venue. This is starkly demonstrated by the fact that none of the witnesses who likely will testify at the hearing on the preliminary injunction, either for SkyWest or for Plaintiffs, reside or work in this judicial district. Not a single alleged bad act occurred in this judicial district. Not a single alleged bad actor resides or works in this judicial district. There simply is no nexus between this judicial district and this action other than the business address of Plaintiffs' attorneys.

2. SkyWest is a Utah corporation doing business as an air carrier subject to the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.* ("RLA"). (Compl. ¶ 17). Its corporate headquarters and associated employees are located in Utah. Its largest pilot crew domicile (also known as "base"), by far, is in Utah; its next largest pilot domiciles are in Denver and Chicago. SkyWest's pilot training center, the site of several of Plaintiffs' allegations of unlawful conduct, is in Utah. An overwhelming majority of the witnesses that SkyWest would call to refute Plaintiffs' allegations and to establish its defenses are located in Utah. *None* of them are located in this District. None of the physical or documentary evidence relevant to this action is located in this District either. Most, if not all, of such evidence is expected to be in Utah as well. SkyWest's computer servers, to which Plaintiffs seek access, and its Information Technology management, are in Utah.

3. Litigating in this District would be terribly inconvenient for likely third party witnesses as well. Plaintiffs complain about the relationship between SkyWest and the SkyWest Airline Pilots Association ("SAPA"), which will require testimony from third-party witnesses about that relationship. All three members of the SAPA executive board are domiciled in Utah; two of them reside there and the third resides in Montana. SAPA's records are located in Utah as well.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

4. This District is not even a convenient forum for the Plaintiffs. None of the nine individual Plaintiffs are based at a SkyWest domicile in this District; three are domiciled in Utah. In fact, of the six pilot witnesses Plaintiffs have identified for the upcoming preliminary injunction hearing, four are domiciled in Utah, and two reside there. ALPA has its headquarters in the Washington, D.C. area, and the ALPA witness Plaintiffs intend to call is located there as well.

5. Another significant factor supporting the transfer of venue is that this District has no connection with the events that give rise to Plaintiffs' suit. *None* of the alleged events that Plaintiffs assert violated the RLA, as set forth in the Complaint and accompanying declarations, are claimed to have occurred in the Northern District of California. On the contrary, most of the alleged events are asserted to have occurred in Utah, with a few instances occurring in Denver, Colorado; Chicago, Illinois; and Palm Springs, California. Because the challenged events occurred primarily in Utah, the witnesses that SkyWest will need to call to address these charges are there as well.

6. The public interest is yet another factor favoring transfer of the case. Forcing SkyWest to litigate the case in this District, far from the work domiciles of the Plaintiffs or SkyWest's own witnesses, will cause extreme disruption to SkyWest's operations, and potentially will disrupt SkyWest's service. This already has been demonstrated in the context of the upcoming preliminary injunction hearing. SkyWest was required to release five Captains from duty for two days each, and is scrambling to find a way to replace these pilots without canceling flights. There is a risk that SkyWest will be forced to cancel or delay flights due to the disruption caused to its scheduling by the hearing. If the case were in Utah, where four of the six projected pilot witnesses are domiciled, the witnesses would not need as much time off to travel to and from the court, and SkyWest could more easily assign work to the pilots once their role in the hearing was completed. A more inconvenient forum, and one with less connection to the parties' dispute, can scarcely be imagined. The interest of justice, and the convenience of the parties and the witnesses, dictates that this case be transferred to the United Stated District Court for the District of Utah.

SkyWest therefore moves for transfer of this case, pursuant to 28 U.S.C. § 1404(a), to the United Stated District Court for the District of Utah. This motion is based upon this Notice of Motion and Motion and Memorandum of Points and Authorities, the Declaration of Todd Emerson,

the Proposed Order, the Motion to Change Time, the Declaration of Robert Spagat, and the Proposed Order on the Motion to Change Time, filed herewith, all court files and records in this action, and upon such papers as may be filed and such oral argument as the Court may hear in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF ISSUES TO BE DECIDED

Whether an action should be transferred to the District of Utah pursuant to 28 U.S.C. § 1404(a), where: (1) none of the parties except one of eleven Plaintiffs reside in the Northern District of California; (2) none of the witnesses who will testify for any party at the hearing on the motion for a preliminary injunction reside in the Northern District of California; (3) Defendant and most of its employees who allegedly engaged in unlawful conduct and a plurality of the Plaintiffs reside or are domiciled for purposes of their employment with SkyWest in the District of Utah; (4) virtually all of Defendants' witnesses and a plurality of Plaintiffs' witnesses who will testify at the preliminary injunction hearing reside or are domiciled in the District of Utah; and (5) most of the alleged conduct giving rise to this action occurred in the District of Utah, whereas none of it occurred in this District?

### II. INTRODUCTION

This judicial district is utterly divorced from the parties, the witnesses, the evidence and the alleged occurrences giving rise to this dispute. SkyWest has no pilot management presence in San Francisco. Therefore, SkyWest does not know what may occur there on a daily basis, such as what lanyards pilots may wear, what they may discuss, or what information may be posted or made available to them here. SkyWest has no training facilities here. SkyWest gives no new employee orientation and has no pilot training facilities here. SAPA, whose relationship with SkyWest Plaintiffs have challenged, has no presence here. In fact, there is *no* nexus between this action and the Northern District of California.

In stark contrast, SkyWest's corporate headquarters are within the District of Utah. SkyWest domiciles 847 pilots in Utah, by far its largest pilot domicile (also known as "base"). SkyWest's training facility is in Utah, and it is there that Plaintiffs allege they were denied the opportunity to speak at orientations and trainings and to leaflet. SkyWest has a large crew lounge in Utah that

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

serves, *inter alia*, the 847 locally domiciled pilots. SkyWest has bulletin boards and pilot mailboxes in Utah. The majority of the events about which Plaintiffs complain arose in Utah. SAPA executives all are domiciled and/or reside in Utah. SkyWest's Information Technology Management, and the computer servers to which Plaintiffs seek access, are in Utah.

Why, then, have Plaintiffs filed this action in the Northern District of California? According to the complaint, it is because Defendant "resides within the District." (Complaint, ¶ 4.) True, San Francisco is one of the 140 locations in 39 states (and 3 Canadian provinces) to which SkyWest flies. That is hardly a compelling basis for litigating this case in this District, given that none of the alleged wrongful conduct giving rise to this action occurred in this District, and given the extreme inconvenience to the parties, their witnesses, and potential third-party witnesses in having the case remain here. The only real connection between this case and this judicial district is that Plaintiffs' outside counsel is located in San Francisco. However, as a matter of law, the location of Plaintiffs' counsel is irrelevant to a court's consideration of a motion to transfer made pursuant to 28 U.S.C. § 1404(a).

There is absolutely no reason for this case to be heard in this District. For these reasons, SkyWest asks this Court to transfer venue to the District of Utah.

## III. STATEMENT OF FACTS

### A. Salt Lake City, Not San Francisco, Is The Gravamen Of SkyWest's Operations And Its Pilot Population.

SkyWest is a regional air carrier headquartered in St. George, Utah. SkyWest employs approximately 2,651 pilots. (Declaration of Todd Emerson ("Emerson Decl."), ¶¶ 2-3.)

Each SkyWest pilot has his or her base of operations, for work purposes, at one of several pilot "domiciles" or "bases" established by SkyWest. A domicile is an airport where the pilot starts and ends his assigned trips. Pilots choose their domicile by a bid system based on seniority. Though the domicile is the pilot's home for purposes of his or her employment with SkyWest, pilots do not necessarily live in the city or state where they are domiciled. SkyWest does not require that pilots live in any defined proximity to their domicile. SkyWest only requires that they report to their

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

scheduled shifts on time. Why pilots choose a particular domicile, and how they commute to their domicile from their personal residence, is their own business. (Emerson Decl., ¶ 3.)

SkyWest has established 14 "regular" pilot domiciles, from which pilots who fly a set schedule operate. (Emerson Decl., ¶ 3.) SkyWest also operates three very small "reserve" pilot domiciles. (*Id.*, ¶ 4.) A reserve pilot does not fly a set schedule, but is "on call" to fill in on short notice should another pilot become unavailable. (*Id.*) SkyWest's largest pilot domicile is, by far, Salt Lake City, Utah, with 847 pilots, almost a third of SkyWest's pilot population.. (*Id.*, ¶ 5.) SkyWest does *not* have a regular pilot domicile in San Francisco at all; it has only 10 reserve pilots domiciled there. (*Id.*, ¶ 4.) Because of its small size, SkyWest does not have pilot management personnel in San Francisco. Accordingly, SkyWest is not in a position to know or restrict what occurs on a daily basis there such as what kinds of lanyards pilots may be wearing, what they may be discussing, or what literature they may be posting or exchanging in the San Francisco Airport. (*Id.*, ¶ 9.)

SkyWest's training facilities are located in Salt Lake City. SkyWest has no training facilities anywhere within the judicial district of the Northern District of California, and does not conduct pilot orientations or training there. (Emerson Decl., ¶ 6, 10.) SkyWest currently has 233 pilots who are in training, and therefore are domiciled in Utah, in addition to the 847 pilots who are regularly domiciled there. (*Id.*, ¶ 6.) Thus, SkyWest domiciles 1,080 pilots in Utah, as compared to 10 in San Francisco. (*Id.*, ¶¶ 4, 6.) As Plaintiffs concede, Salt Lake City is the only place where it is possible to make personal contact with a large number of pilots, and it is there that Plaintiffs have attempted to do so. (Plaintiffs' Memorandum of Points and Authorities in support of Motion for a Preliminary Injunction, at 7.) SkyWest's Information Technology management, and the computer servers, to which Plaintiffs seek access, are in Utah. (*Id.*, ¶ 13.)

**B. <u>There Is Not One Relevant Witness, Fact Or Piece Of Evidence Related To This Case In This Judicial District.</u>**

None of the individual plaintiffs in this action have a domicile in San Francisco or anywhere else within the judicial district of the Northern District of California. Three of the nine individual plaintiffs are domiciled in Salt Lake City, Utah. Four of the six pilots Plaintiffs have indicated they





Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

will call to testify at the hearing on the preliminary injunction, Tracy Shrier, Phil Alford, David Boehm and Steve Kanuch, are domiciled in Salt Lake City, Utah. The other two pilots, Steve Dow and Andy Bharath, are domiciled in Colorado. Two of these witnesses, Shrier and Kanuch, reside in Utah. None reside in the judicial district of the Northern District of California. (Emerson Decl., ¶ 7-8.)

All or most of the witnesses that SkyWest expects to call to give testimony in this matter live or are domiciled in Utah. All of the executives of SAPA including its President, Vice-President and Secretary, are domiciled in Utah. Two of the SAPA executives reside in Utah. None of them reside in this judicial district. (Emerson Decl., ¶ 11-12.)

### C. __None Of The Conduct At Issue In This Matter Occurred In This Judicial District.__

The individual Plaintiffs filed declarations with the Court in support of efforts to obtain preliminary injunctive relief, which included allegations that SkyWest engaged in unlawful activity under the RLA. Yet, *not one* of these incidents is identified as having occurred in the Northern District of California. (Emerson Decl., ¶ 13.) According to Plaintiffs' declarations, most of the incidents occurred in Salt Lake City, while the others transpired in Chicago, Denver (Colorado Springs), and Palm Springs. Declaration of David Boehm ("Boehm Dec."), ¶¶ 4, 5 (Palm Springs, Salt Lake City); Declaration of Frank Bowlin ("Bowlin Dec.", ¶ 3 (Salt Lake City); Declaration of Tracy Shrier ("Shrier Dec."), ¶¶ 5, 14 (Salt Lake City); Declaration of Charles "Phil" Alford ("Alford Dec.)", ¶¶ 3, 6 (Salt Lake City); Declaration of Andy Bharath ("Bharath Dec."), ¶¶ 4, 6 8 (Salt Lake City, Chicago, Denver); Declaration of Marc Johnson ("Johnson Dec."), ¶ 3 (Chicago); Declaration of Riad Mansur ("Mansur Dec."), ¶¶ 3, 4 (Chicago); and Declaration of Steve Dow ("Dow Dec."), ¶¶ 3, 11 (Colorado Springs). Nowhere in their declarations or pleadings do Plaintiffs refer to San Francisco (or, indeed, anywhere in the Northern District of California) as the locus of these allegations. (Emerson Decl., ¶ 13.) None of the managers or employees whom Plaintiffs accuse of unlawful conduct reside or work in this judicial district. (*Id.*)

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**D. There Will Be A Financial Burden On SkyWest And Potentially An Adverse Impact On SkyWest Flights If Venue Is Not Transferred.**

Flying personnel to San Francisco to participate in this action is not a zero cost proposition for SkyWest and its partners. Every seat taken up by an employee cannot be sold to the public, so there is an opportunity cost associated with such travel. (Emerson Decl., ¶ 14.)

SkyWest faces a real possibility that it will have to cancel or delay one or more flights in order to make available in San Francisco all of the pilot witnesses who will testify at the hearing on May 31, 2007. Every witness is a captain and can only be replaced by another captain, which pulls from a smaller reserve group.[1] Beyond time off for court, SkyWest must allow for travel days in and out of San Francisco which would not occur if the hearing took place in their domicile. Moreover, pilot's schedules are strictly regulated by FAA regulations as to how many hours they can fly each day with mandatory rest periods. Replacements cannot always be found who have the flying hours available and who can get to the necessary departing airport on time. Sick calls and other personal emergencies likely will come in while SkyWest has 5 reserve captains covering for ALPA's witnesses, presenting a high likelihood that SkyWest will not be able to cover, or timely cover, all the missed shifts.

Delayed and cancelled flights are extremely obnoxious to passengers, who have no part in this dispute, and will have to be put on other flights or in hotels and given meals, all at SkyWest's expense. If SkyWest is able to save a flight by requiring a pilot to come in on his day off, SkyWest must pay him $450 in addition to regular flight pay. Every flight that is cancelled results in lost revenue to SkyWest, in part because SkyWest's partners compensate SkyWest on a per-departure basis. The risk to SkyWest and its passengers of canceled and delayed flights, and the risk of cost overages and lost revenues to SkyWest, all will be reduced if these proceedings were in Utah because (1) most of the pilots and other witnesses already are domiciled there, and (2) they more easily could be put into service from the airport in Salt Lake City than they could from the airport in San Francisco. (Emerson Decl., ¶ 15.)

---

1 Each crew consists of a captain and first officer. SkyWest has reserve captains and first officers, however, first officers are not qualified to fill in for a captain. (Emerson Decl., ¶ 15.)

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## IV. ARGUMENT

### A. The Requirements For Transferring An Action Pursuant to 28 U.S.C. § 1404(a).

Motions to transfer venue are governed by 28 U.S.C. § 1404(a). Section 1401(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of § 1404(a) is to prevent the waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964). Under § 1404(a), the moving party must show that the balance of conveniences weighs in favor of the transfer in order to overcome the presumption in favor of plaintiff's choice of forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

To prevail on a motion to transfer, the moving party first must establish that the venue to which transfer is sought is adequate. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir.), *cert. denied*, 127 S. Ct. 273 (2006). Once this element satisfied, the court must balance the public and private interests to determine whether transferring the dispute to a more convenient forum is warranted. *Tuazon*, 433 F.3d at 1180; *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1145 (9th Cir. 2001). To determine whether the "private" interests favor transfer of the dispute to a more convenient forum, courts in the Ninth Circuit look to several factors, including:

a. The residence of the parties and witnesses.

b. The forum's convenience to the litigants.

c. Access to physical evidence and other sources of proof.

d. Whether unwilling witnesses can be compelled to testify.

e. The cost of bringing witnesses to trial.

f. The enforceability of the judgment.

g. Any practical problems or other factors that contribute to an efficient resolution.

*Tuazon*, 433 F.3d at 1180; *Lueck*, 236 F.3d at 1145. To determine whether the "public" interests favor transfer, the courts look to "public interest" factors:

a. The local interest in the lawsuit.

b. The court's familiarity with governing law.

c. The burden on local courts and juries.

d. Congestion in the court.

e. The costs of resolving a dispute unrelated to a particular forum.

*Tuazon*, 433 F.3d at 1181; *Lueck*, 236 F.3d at 1147. In weighing the private and public "convenience" factors, the court balances these factors against weight given to the plaintiff's choice of forum. *Piper Aircraft*, 454 U.S. at 241; *Decker Coal Co.*, 805 F.2d at 843.

Here, application of these factors, which are discussed more fully below, clearly establish that this matter should be transferred to the District of Utah.

**B. <u>This Action Could Have Been Brought In The District Of Utah.</u>**

The first factor that the court must consider is whether an alternative forum exists and is adequate. As the Ninth Circuit held in *Tuazon*, 433 F.3d at 1178:

> Generally, an alternative forum is available where the defendant is amenable to service of process and the forum provides "some remedy" for the wrong at issue. [Citations omitted.] This test is easy to pass; typically, a forum will be inadequate only where the remedy provided is "so clearly inadequate or unsatisfactory, that it is no remedy at all." [Citation omitted.]

The District of Utah clearly would be an entirely appropriate forum to which to transfer this dispute. SkyWest is headquartered in Utah; SkyWest is a Utah corporation. Its registered agent for service of process is in Salt Lake City. The relief sought by Plaintiffs arises under federal law. Thus, the District of Utah is able to provide the same remedy that this Court could, and could do so directly through enforcement agencies located locally.

**C. <u>The Convenience Factors Tip Sharply In Favor Of Transfer Of This Action To The District Of Utah.</u>**

**1. Plaintiffs Are Not Entitled To Deference In Their Choice Of Forum Because It Bears No Relation To The Underlying Dispute.**

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

As noted above, the weighing of the private and public "convenience" factors is balanced against the weight given to the plaintiff's choice of forum. *Piper Aircraft,* 454 U.S. at 241; *Decker Coal Co.*, 805 F.2d at 843. Although the plaintiff's choice of forum normally is entitled to weight, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is only entitled to minimal consideration." *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968); *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) ("If there is any indication that the plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference"). Similarly, less deference is due to the plaintiff's choice of forum where it is not his home forum. *Sinochem International Co., Ltd. v. Malaysia International Shipping Corp.*, 127 S.Ct. 1184, 1191 (2007); *Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir. 2000) ("a foreign plaintiff's choice deserves less deference"), *cert. denied*, 531 U.S. 1112 (2001); *Jaco Environmental Inc. v. Appliance Recycling Centers Of America, Inc.*, 2007 U.S. Dist. LEXIS 27421, *6 (N.D. Cal. 2007) (same); *Stewart v. AT&T, Inc.,* 2007 U.S. Dist. LEXIS 28760, *7 (N.D. Cal. 2007) (where plaintiff does not reside in the forum, the court may afford his choice "considerably less weight"); Schwarzer et al., *Federal Civil Procedure Before Trial* § 4:760 (2006) (same); *Pacific Car and Foundry Co. v. Pence*, 403 F.2d at 953 (deference given that choice is "substantially attenuated" when the plaintiff is not a resident of the district); *Little v. Bank One*, 2005 U.S. Dist. LEXIS 40090, *4 (N.D. Cal. 2005) (same); *Saleh v. Titan Corp.*, 361 F. Supp.2d 1152, 1157 (S.D. Cal. 2005) ("numerous courts have given less deference to the plaintiff's choice of forum where the action has little connection with the chosen forum"); *Royal Queentex Enterprises, Inc. v. Sara Lee Corp.*, 2000 WL 246599 (N.D. Cal. 2000) (plaintiff's choice of forum will be accorded "little deference" in cases of forum shopping).

Here, Plaintiffs assert venue in the Northern District of California on the thinnest of pretenses. None of the individual Plaintiffs is domiciled for purposes of their employment with SkyWest in the Northern District of California. Only one of the nine individual Plaintiffs resides within the Northern District, and Plaintiffs are not calling him to testify at the hearing on the

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

preliminary injunction.[2] *None* of the alleged conduct forming the basis for Plaintiffs' complaint took place in the Northern District of California. The only true tie Plaintiffs have to the Northern District of California is that the outside counsel Plaintiffs have chosen to engage resides here. That is patently irrelevant in the balancing of the convenience factors at issue in this motion. *Little v. Bank One*, 2005 U.S. Dist. LEXIS 40090, *6 n.1 (citing *Solomon v. Continental American Life Ins. Co.*, 472 F.2d 1043, 1047 (3rd Cir. 1973) ("The convenience of counsel is not a factor to be considered."); *In re Horseshoe Ent.*, 305 F.3d 354, 358 (5th Cir. 2002) (the factor of "location of counsel" is irrelevant and improper for consideration in determining the question of transfer of venue).

Accordingly, Plaintiffs' choice of forum is entitled to only minimal consideration to weigh against the convenience factors which overwhelmingly favor transferring this action to the District of Utah.

**2. <u>The Private Factors Weigh Sharply In Favor Of Transferring Venue To The District Of Utah.</u>**

The private factors tip decisively in favor of transferring this case to the District of Utah.

**a. Most Parties and Witnesses Reside In Utah.**

SkyWest has its corporate headquarters and much of its operations in Utah, including its Information Technology management and computer servers. Substantially *all* of SkyWest's witnesses reside in Utah. All of the SAPA executives are domiciled in Utah. All but one of them reside in Utah; the last one resides in Montana. One of the nine individual plaintiffs resides and is domiciled in Utah, and two others are domiciled there (*i.e.*, they *choose* to start and end every work assignment there). One of Plaintiffs' non-party witnesses resides and is domiciled in Utah. Only two of the six pilots Plaintiffs have identified to testify at the upcoming evidentiary hearing are domiciled outside of Utah. Neither of them reside or are domiciled in this judicial district. Plaintiffs' non-employee witness resides in the Washington D.C. area. The residence of parties and witnesses thus tips strongly in favor of the District of Utah and not at all in favor of the Northern

---

2 "The court 'consider[s] not simply how many witnesses each side has and the location of each, but also the importance of the witnesses [.]'" *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007)

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

District of California. This factor strongly favors transfer. *See Pacific Car and Foundry Co. v. Pence*, 403 F.2d at 953.

**b. Utah, Not The Northern District Of California, Is Convenient To The Litigants.**

Utah clearly is the most convenient forum to the litigants. As noted above, substantially all of SkyWest's witnesses are in Utah, as are a plurality of Plaintiffs. This factor also strongly favors transfer. *See Pacific Car and Foundry Co. v. Pence*, 403 F.2d at 953.

**c. Access To Physical Evidence And Other Sources Of Proof Is In Utah.**

All of the documents pertinent to this case are in Utah. None are in this judicial district. Nor is there any physical evidence here.

**d. Unwilling Witnesses Can Be Compelled To Testify In Utah.**

To the extent that there may be unwilling witnesses, they are likely to be in Utah. Present and former SAPA executive board members, for example, could be compelled to testify in Utah, where many of them they reside and/or are domiciled; they have no such contacts with this District. What is certain is that it is highly unlikely that any unwilling witnesses will be subject to compulsory process in the Northern District of California because SkyWest has so few pilots in this judicial district.

**e. The Cost Of Bringing Witnesses To Trial Strongly Favors Utah.**

The costs associated with bringing this case to trial strongly favors Utah. Simply put, both parties are the visiting team in this judicial district (though it is the home court of ALPA's outside counsel). *Every single* party and witness will need to come to San Francisco from well outside this judicial district to attend trial except for one of the nine individual plaintiffs, who resides in Aptos, and therefore is within the intra-branch venue of the San Jose Division, and who likely would have to stay in a hotel in any event.

**f. The Judgment Would Be Enforced In Utah, Not In The Northern District Of California.**

This factor too favors the District of Utah. Plaintiffs seek injunctive relief, which if granted, would require compliance largely in Utah, and only minimally, if at all, in this judicial district.

**g. Practical Problems Or Other Factors That Contribute To An Efficient Resolution Favor Transfer To The District Of Utah.**

As noted above, this case could better be handled from a practical standpoint in Utah. Not only are most of the witnesses there, which would minimize the amount of lost work time necessary for them to participate in the case and at trial but, because Salt Lake City is SkyWest's largest center of operations, it is easier for SkyWest to accommodate witnesses who need to come to the proceedings from out of town than it is for SkyWest to accommodate the high number of parties and witnesses who would need to be brought to San Francisco to participate in this case.

For all the reasons set forth above, every one of the private interest factors strongly favors transferring the action to the Federal District of Utah, and clearly outweigh the "minimal consideration" to be given to Plaintiffs' choice of forum.

**3. <u>The Public Factors Weigh In Favor Of Transferring Venue To Utah.</u>**

The public convenience factors also tip sharply in favor of transfer of this action to the District of Utah.

**a. The Local Interest In This Lawsuit Is In Utah, Not The Northern District Of California.**

Any local interest in this case is in Utah, not the Northern District of California. Utah is where SkyWest has its corporate headquarters. Utah is where the largest number of its pilots are domiciled. Utah is where SkyWest has it training center. Utah is where the executive function of SAPA resides. Utah is where most of the allegedly unlawful conduct occurred. Utah is the only place where, by Plaintiffs' own admissions, a large number of pilots can be contacted in person. By contrast, SkyWest has a handful of pilots in San Francisco, and none of them have been identified as having anything to do with the issues in this case. Nothing that happens in this lawsuit will have any

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

material impact in this judicial district. As noted above, SkyWest has no pilot management presence in San Francisco. If this court entered an injunction, its impact would be felt in Utah and other jurisdictions, but not here. The local interest in this lawsuit clearly tilts towards the District of Utah. *Stewart v. AT&T, Inc.*, 2007 U.S. Dist. LEXIS 28760, *11 ("Texas arguably has a greater interest in the controversy due to defendants' residence there").

**b. The District Of Utah Is Equally Familiar With The Governing Law.**

This case arises under federal law. Therefore, the District of Utah is equally familiar and able to decide the legal issues presented as this court. *Stewart v. AT&T, Inc.*, 2007 U.S. Dist. LEXIS 28760, *11 ("where federal law governs all claims raised, as here, 'either forum is equally capable of hearing and deciding those questions.'").

**c. The Burden On Local Courts And Juries Favors Transferring This Action To The District Of Utah.**

This factor favors transfer of the case to Utah because this Court should not be burdened by a dispute that does not arise in this judicial district and does not involve its residents. *Decker Coal Co.*, 805 F.2d at 843.

**d. The Northern District Of California Is Much More Congested Than The District Of Utah.**

Current Judicial Caseload Profile Reports indicate that, in the twelve-month period ending September 2006, there were 8,683 cases filed in the Northern District of California, as compared with 2,227 cases filed in the District of Utah. *See* http://www.uscourts.gov/cgi-bin/cmsd2006.pl. Case filings were up an astounding 36.5% in the Northern District over the prior year, while they were *down* 5% in the District of Utah. *Id.* As of September 30, 2006, there were 8,157 cases pending in the Northern District versus only 1,959 in the District of Utah. *Id.* With 14 judges in the Northern District and 5 in the District of Utah, Northern District judges have on average 583 pending cases, while District of Utah judges have 391 cases pending. *Id.* This factor substantially favors transferring this action to the District of Utah.



Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**e. The Costs Included In Resolving A Dispute Unrelated To The Present Forum Favor The District Of Utah.**

This factor favors transfer to the District of Utah for numerous reasons. First, the continuation of this action in this judicial district imposes greater and unnecessary disruption to SkyWest's flight operations than would be the case if this matter was transferred to the District of Utah. The potential harm to SkyWest's passengers, who likely will experience delays and canceled flights, and to SkyWest, who will suffer loss of goodwill and revenues, is incalculable and irreparable. In addition, as already discussed, SkyWest will be forced to bear the unnecessary expense of bringing all of the parties and witnesses to California for hearings and trial. Finally, retaining this case will impose an unnecessary burden on this court to resolve a dispute that is not truly connected to this judicial district.

Inasmuch as the events in question have no bearing on either the general citizenry or cities of this District, the Northern District of California has no particular local interest in the matter. Thus, every public interest factor strongly favors transferring the action to the Federal District of Utah, and decisively outweighs the minimal consideration to be given to Plaintiff's choice of forum.

## V. CONCLUSION

The operative events, the relevant witnesses, the pertinent evidence, and even the parties themselves are located outside the Northern District of California. There is really only one location to which these alleged events, as well as the witnesses and parties, have a common connection: Utah. *All* of the private and public interest factors weigh strongly in favor of the transfer of this case to Utah, as compared to the "minimal consideration" to be given to Plaintiffs' choice of forum in this case. In the interest of justice and for the parties' convenience, Defendant asks this Court to transfer venue to the United States District Court for the District of Utah.

Dated: May 27, 2007

WINSTON & STRAWN LLP

By: /s/ Robert Spagat
Robert Spagat
Attorneys for Defendant
SKYWEST AIRLINES, INC.

SF:173296.1