Douglas W. Hall (Admitted *Pro Hac Vice*)
FORD & HARRISON LLP
1300 Nineteenth Street, N.W., Suite 700
Washington, DC 20036
Telephone:   202-719-2065
Facsimile:    202-719-2077
Email: dhall@fordharrison.com

Robert Spagat (SBN: 157388)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:   415-591-1000
Facsimile:    415-591-1400
Email: rspagat@winston.com

Attorneys for Defendant
SKYWEST AIRLINES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SKYWEST AIRLINES, INC.,<br><br>Defendant. | Case No. C-07-2688 CRB<br><br>**DECLARATION OF TODD EMERSON IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>Date:  TBD<br>Time:  TBD<br>Ctrm:  8, 19th Floor<br><br>Judge: Hon. Charles R. Breyer<br><br>Action Filed: May 22, 2007 |

I, Todd Emerson, declare as follows:

1.  I reside in St. George, Utah. I am employed by SkyWest Airlines, Inc., in the position of General Counsel – Operations. I base this declaration on my personal knowledge and information maintained by SkyWest in the ordinary course of business. If called upon to testify to the facts contained in this declaration, I could and would do so competently.

2.  SkyWest is a regional air carrier headquartered in St. George, Utah. SkyWest currently flies to 140 cities in 39 states (and 3 Canadian provinces).

3.  SkyWest employs approximately 2,651 pilots. Each scheduled SkyWest pilot operates out of one of 14 regular pilot domiciles. A regular domicile is an airport where the pilot starts and ends each trip (a series of flights that may last from 1-4 days). It is the pilot's home for purposes of his or her employment with SkyWest. Pilots do not necessarily live in the city or state where they are domiciled. Pilots choose their own domiciles by a bid system based on seniority. SkyWest does not require that pilots live in any defined proximity to their domicile. SkyWest only requires that they report to their scheduled trips on time. Why pilots choose a particular domicile, and how they commute to their domicile from their personal residence, is their own business.

4.  SkyWest has three reserve domiciles where a handful of pilots are based. Those domiciles are located in Atlanta (6 pilots), San Francisco (10 pilots) and Los Angeles (14 pilots). Reserve pilots do not fly regular schedules. They are emergency fill-ins for other pilots who become sick or otherwise miss work on short notice. It is common for a reservist to be assigned to regular domiciles for several weeks without visiting their reserve domicile.

5.  SkyWest's largest regular domicile is in Salt Lake City, Utah. As of May 22, 2007, SkyWest domiciles 847 pilots in Salt Lake City. Currently, SkyWest has an additional 233 pilots who are in training. These pilots are domiciled at the training base in Salt Lake City; they have no regular or reserve domicile. SkyWest thus has 1,080 pilots based in Salt Lake City.

6.  SkyWest has no pilot training facilities anywhere within the judicial district of the Northern District of California. Our only pilot training school is located in Salt Lake City, Utah, and Plaintiffs have raised several contentions regarding alleged activities at that facility.

7. None of the individual plaintiffs in this action have a domicile in San Francisco or anywhere else within the judicial district of the Northern District of California. Three of the nine individual plaintiffs are domiciled in Salt Lake City, Utah.

8. Every pilot that Plaintiffs have chosen to testify at the preliminary injunction hearing is domiciled in Utah or other locations within the 10th Circuit. Four of these witnesses, Tracy Shrier, Phil Alford, David Boehm, and Steve Kanuch, are domiciled in Salt Lake City, Utah. The other two pilot witnesses, Steve Dow and Andy Bharath, are domiciled in Colorado. None reside in the judicial district of the Northern District of California.

9. SkyWest does not have any pilot management personnel permanently assigned to the San Francisco Airport. As such, SkyWest is not in a position to know or restrict what occurs on a daily basis there, such as what kinds of lanyards pilots may be wearing, what they may be discussing, or what information they may be posting or making available to pilots in the San Francisco Airport.

10. SkyWest does not conduct any pilot orientations or training in the San Francisco Airport or anywhere else within the judicial district of the Northern District of California.

11. All or most of the witnesses that SkyWest expects to call to give testimony in this matter live or are domiciled in Utah.

12. All of SAPA's executives, including its President, Vice-President and Secretary, are domiciled in Utah. Two of them reside in Utah; one resides in Montana. Every alleged management witness identified in Plaintiffs' declarations filed in support of their motion for a preliminary injunction lives and regularly works outside this judicial district. Most of them live and work in Utah. SkyWest's upper management is located in Utah.

13. In their declarations, plaintiffs have made allegations against 13 different members of SkyWest management or employees. However, none of the complained-of actions took place in the Northern District of California. Neither do any of the 13 managers or administrators live or work in the Northern District of California. Of the 13, there are 8 that live and work in the District of Utah. SkyWest's Information Technology management, and the computer servers to which Plaintiffs seek access, are in Utah.

14. Flying company personnel to San Francisco to participate in this action is not a zero cost proposition for SkyWest and its partners. Every seat taken up by an employee cannot be sold to the public, so there is an opportunity cost associated with such travel. Every witness will require hotel rooms and meals.

15. SkyWest faces a real possibility that it will have to cancel or delay one or more flights in order to make available in San Francisco all of the pilot witnesses who will testify at the hearing on May 31, 2007 and other evidentiary hearings. Every witness is a captain and can only be replaced by another captain, which pulls from a smaller reserve group[1]. Beyond time off for court, we have to allow for travel days in and out of San Francisco which would not occur if the hearing took place in their domicile. Moreover, pilot's schedules are strictly regulated by FAA regulations as to how many hours they can fly each day with mandatory rest periods. Replacements cannot always be found who have the flying hours available and who can get to the necessary departing airport on time. Sick calls and other personal emergencies likely will come in while SkyWest has five reserve captains covering for ALPA's witnesses, presenting a high likelihood that SkyWest will not be able to cover, or timely cover, all the missed shifts. Delayed and cancelled flights are extremely obnoxious to passengers, who have no part in this dispute, and will have to be put on other flights or in hotels and given meals, all at SkyWest's expense. If we save the flight by forcing a pilot to come in on his day off, we are required to pay $450 in addition to regular flight pay. Every flight that is cancelled results in lost revenue to SkyWest, in part because SkyWest's partners compensate SkyWest on a per-departure basis. The risk to SkyWest and its passengers of canceled and delayed flights, and the risk of cost overages and lost revenues to SkyWest, all will be reduced if these proceedings were in Utah because (1) most of the pilots and other witnesses already are domiciled there, and (2) they more easily could be put into service from the airport in Salt Lake City than they could from the airport in San Francisco.

///

///

---

[1] Each crew consists of a captain and first officer. We have reserve captains and first officers, however, first officers are not qualified to fill in for a captain.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct to the best of my knowledge and belief, and this declaration was
3  executed this 26th day of May, 2007, in St. George, Utah.

_____
Todd Emerson

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

5

DECLARATION OF TODD EMERSON IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE
CASE NO. C 07-2688 CRB

SF:173281.1