1  Douglas W. Hall (Admitted *Pro Hac Vice*)
   Ford & Harrison LLP
2  1300 Nineteenth Street, N.W., Suite 700
   Washington, DC 20036
3  Telephone:    202.719.2065
   Facsimile:    202.719.2077
4  Email: dhall@fordharrison.com

5  Robert Spagat (SBN: 157388)
   WINSTON & STRAWN LLP
6  101 California Street
   San Francisco, CA 94111-5894
7  Telephone:    415-591-1000
   Facsimile:    415-591-1400
8  Email: rspagat@winston.com

9  Attorneys for Defendant
   SKYWEST AIRLINES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SKYWEST AIRLINES, INC., <br><br> Defendant. | Case No. C-07-2688 CRB <br><br> **DEFENDANT SKYWEST AIRLINES, INC.'S MOTION TO CHANGE TIME TO HEAR DEFENDANT'S MOTION TO TRANSFER, FILED HEREWITH, AND PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN SUPPORT THEREOF** <br><br> Date:    TBD <br> Time:    TBD <br> Place:   Courtroom 8, 19th Floor <br> Action Filed: May 22, 2007 <br><br> Preliminary Injunction Hearing: May 31, 2007 |

---

DEFENDANT SKYWEST AIRLINES, INC.'S MOTION TO CHANGE TIME TO HEAR DEFENDANT'S MOTION TO TRANSFER, CASE NO. C 07-2688 CRB

SF:173257.2

TO PLAINTIFFS SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, ET AL. AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE Defendant SkyWest Airlines, Inc. is submitting before the Honorable Judge Charles R. Breyer, United States District Judge, in the United States District Court for the Northern District of California, Courtroom 8, 19th Floor, 450 Golden Gate Ave., San Francisco, California, 415-522-2062, a Motion to Change Time, which requests that the hearing date on Plaintiffs' motion for a preliminary injunction, currently set for May 31, 2007, be vacated, and that the Court set the following briefing and hearing schedule for Plaintiffs' motion and Defendant's Motion to Transfer Venue, filed herewith:

**Calendar for Defendant's Motion to Transfer Venue:**

1. Plaintiffs' Opposition to Defendant's Motion to Transfer Venue shall be due Thursday, May 31, 2007, by 5:00 p.m.
2. Defendant's Reply in support of the Motion to Transfer Venue shall be due Friday, June 1, by 12:00 p.m.
3. Defendant's Motion to Transfer Venue shall be heard on Monday, June 4, at 9:00 a.m.

**Calendar for Plaintiffs' Motion for a Preliminary Injunction:**

1. The previously scheduled hearing date of May 31, 2007, shall be vacated.
2. Defendant's Opposition Plaintiff's Motion for a Preliminary Injunction shall be due on June 4, 2007.
3. Plaintiffs' Reply Plaintiff's Motion for a Preliminary Injunction shall be due on June 6, 2007.
4. Plaintiff's Motion for a Preliminary Injunction shall be heard on Thursday, June 7, 2007, at 9:00 a.m.
5. The Temporary Restraining Order currently in effect shall remain in effect until the earlier of (a) the close of the preliminary injunction hearing, or (b) June 8, 2007, at 11:59 p.m.

This motion is based upon this Notice of Motion and Motion and Memorandum of Points and Authorities, the Declaration of Robert Spagat in Support of Motion To Change Time, and the Proposed Order. Also filed herewith is Defendant's Notice of Motion and Motion to Transfer Venue; Memorandum of Points and Authorities, the Declaration of Todd Emerson In Support of Motion to Transfer Venue, and the Proposed Order.

## INTRODUCTION

Pursuant to Northern District of California Local Rule No. 6-3, Federal Rule of Civil Procedure 6(b) and ¶ 4 of this Court's Standing Order, SkyWest Airlines, Inc. ("SkyWest"), respectfully requests that its motion to transfer be heard on shortened time. Specifically, SkyWest seeks an order that its Motion to Transfer Venue filed and served concurrently herewith be heard prior to the hearing on Plaintiffs' Motion for a Preliminary Injunction, as set forth above. SkyWest seeks to have the Motion to Transfer heard early enough to obviate the need to bring witnesses to San Francisco for a hearing on Plaintiffs' Motion for a Preliminary Injunction should it be granted. SkyWest will agree to allow the existing temporary restraining order to remain in effect as set forth above to accommodate the changes in the hearing and briefing schedules.

## BACKGROUND

Plaintiffs SkyWest Pilots ALPA Organizing Committee ("SkyWest Pilots OC") and the Airline Pilots Association ("ALPA") have been attempting to organize Defendant SkyWest Airlines, Inc. ("SkyWest") for the past year. Declaration of Jeffrey MacDonald in support of Temporary Restraining Order and Preliminary Injunction, ¶ 4. After engaging in organizing activities over the course of a year, SkyWest Pilots OC "determined that it was necessary to hold as soon as possible a carrier-wide action . . . to build excitement for their organizing campaign." Ex Parte Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Issue (Doc. 4) at 2.

On May 22, 2007, Plaintiffs filed their complaint, an *ex parte* application for a temporary restraining order and a motion for a preliminary injunction. That same day, this Court granted Plaintiffs' *ex parte* request and issued a temporary restraining order. The Court also set a hearing on Plaintiffs' motion for a preliminary injunction for May 31, 2007. On May 24, 2007, this court amended the temporary restraining order.

On May 25, and again on May 26, 2007, counsel for SkyWest sought a stipulation from Plaintiffs to have the Motion to Transfer Venue heard on shortened time and to vacate and re-set the motion for a preliminary injunction. Declaration of Robert Spagat in Support of Motion to Change

Time ("Spagat Decl."), ¶ 2, Exh. A. SkyWest offered to stipulate to leave the temporary restraining order in effect until Plaintiffs' motion for a preliminary injunction could be heard. *Id.* Plaintiffs refused any proposal to have the Motion to Transfer Venue heard on shortened time, or to reset the Motion for a Preliminary Injunction. *Id.*

## LEGAL STANDARD

"A Court order is required for any. . . shortening of time that alters . . . [a] deadline . . . that involves papers to required to be filed . . . with the Court."[1] N.D. Cal. L.R. 6-1(b). One way in which to obtain an order shortening time order is to file a Motion to Change Time. *See id.* at 6-1(b); 6-3. The standard for granting such a motion is for good cause shown. *See* Fed. R. Civ. P. 6(b); *see also* N.D. Cal. L.R. 6-3.

## ARGUMENT

**A.  SkyWest's Motion To Transfer Venue Is Substantially Justified And Meritorious.**

Good cause exists to grant the instant motion because SkyWest seeks to bring a substantial and meritorious Motion to Transfer Venue which SkyWest believes will be granted, and which in the interests of justice, will obviate this Court's need to entertain Plaintiffs' motion for a preliminary injunction. Transferring Venue to the District of Utah is in the best interest of the parties and the Courts because:

- Most of the alleged conduct giving rise to this action occurred in the District of Utah, and none occurred in this District.

- None of the witnesses who will testify for any party at the hearing on Plaintiff's Motion for a Preliminary Injunction reside in this judicial district.

- None of the parties except one of eleven Plaintiffs reside in this judicial district.

- Virtually all of Defendants' witnesses and a plurality of Plaintiffs' witnesses who will testify at the preliminary injunction hearing reside or are domiciled for purposes of their employment with SkyWest in the District of Utah.

- Defendant and most of its employees who allegedly engaged in unlawful conduct forming the basis for the complaint, and a plurality of the Plaintiffs, reside or are domiciled in the District of Utah.

---

[1] L.R. 6-1 provides that a motion which affects a hearing or proceeding on the court's calendar must be filed no later than 10 days before the scheduled event. Here, however, Plaintiff's motion for a preliminary injunction was set on less than 10 days' notice.

3

DEFENDANT SKYWEST AIRLINES, INC.'S MOTION TO CHANGE TIME TO HEAR DEFENDANT'S MOTION TO TRANSFER, CASE NO. C 07-2688 CRB

SF:173257.2

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

- The continuation of this action in this judicial district imposes greater and unnecessary disruption to SkyWest's flight operations, and is likely to result in more canceled or delayed flights, than would be the case if this matter was transferred to the District of Utah.

- The Northern District of California has a much more congested docket than the District of Utah.

### B. SkyWest Will Be Substantially Prejudiced If The Motion To Transfer Is Not Heard Before The Motion For A Preliminary Injunction.

As set forth in SkyWest's Motion to Transfer Venue, Congress has recognized that a defendant should not be required to litigate in an inconvenient forum – and in the interests of justice a case should be transferred. *See* 28 U.S.C. § 1404(a). If a party is prejudiced in part because it must prepare a case where witnesses and documents are not in the plaintiff's chosen jurisdiction, the party's ability to fully and fairly prepare his case is jeopardized, thus rising to the level of more than inconvenience. *See Van Dusen v. Barrack,* 276 U.S. 612, 616 (1964) (stating that one of the purposes of § 1404(a) is to protect litigants, witnesses and the public against unnecessary inconvenience and expense).

Here, SkyWest is substantially prejudiced by having to litigate this case in the Northern District of California, particularly in light of the burden imposed upon Defendant by the expedited scheduling of the temporary restraining order and preliminary injunction proceedings. Plaintiffs chose the timing of this action, and thus were fully prepared to move forward with their motion for a preliminary injunction when they filed their complaint. In stark contrast, SkyWest has been required to file these motions, oppose Plaintiffs' motion, and fully prepare for an evidentiary hearing within one week's time in a venue far removed from the venue where the vast majority of parties, witnesses, and evidence is located, and where most of the allegedly wrongful conduct occurred. That is precisely the "inconvenience" that 28 U.S.C. § 1404(a) is intended to prevent.

Ruling on Plaintiffs' Motion for a Preliminary Injunction before ruling on the Motion to Transfer also will complicate the procedural posture of this case unnecessarily. If the case is transferred after this Court rules on the Motion for a Preliminary Injunction, the parties likely will re-litigate the effect of this Court's ruling in the on-going proceedings. It also will raise substantial

4

questions as to where an appeal may be taken. These unnecessary issues can be avoided if this Court hears the Motion to Transfer before the Motion for a Preliminary Injunction.

### C. Plaintiffs Will Not Be Prejudiced If The Motion To Transfer Is Not Heard Before The Motion For A Preliminary Injunction.

Plaintiffs will not be prejudiced if the Motion to Transfer Venue is heard before the Motion for a Preliminary Injunction because SkyWest will agree to allow the temporary restraining order to remain in effect during the interim, as set forth in Defendant's requested schedule above.

### CONCLUSION

Plaintiffs brought this action at a time and venue of their choosing. Fundamental fairness dictates that the Court allow Defendant to have their Motion to Transfer Venue heard before Plaintiffs' Motion for a Preliminary Injunction so that, if it is meritorious, Defendant is not required nonetheless to litigate this case in an inconvenient forum contrary to the letter and spirit of 28 U.S.C. § 1404(a).

Dated: May 27, 2007                          WINSTON & STRAWN LLP


                                             By:  /s/ Robert Spagat
                                                  Robert Spagat
                                                  Attorneys for Defendant
                                                  SKYWEST AIRLINES, INC.