1  Douglas W. Hall (Admitted *Pro Hac Vice*)
   Ford & Harrison LLP
2  1300 Nineteenth Street, N.W., Suite 700
   Washington, DC 20036
3  Telephone:    202.719.2065
   Facsimile:    202.719.2077
4  Email: dhall@fordharrison.com

5  Robert Spagat (SBN: 157388)
   WINSTON & STRAWN LLP
6  101 California Street
   San Francisco, CA 94111-5894
7  Telephone:    415-591-1000
   Facsimile:    415-591-1400
8  Email: rspagat@winston.com

9  Attorneys for Defendant
   SKYWEST AIRLINES, INC.

10                       UNITED STATES DISTRICT COURT

11                      NORTHERN DISTRICT OF CALIFORNIA

12                            SAN FRANCISCO DIVISION

13

14 SKYWEST PILOTS ALPA ORGANIZING      | Case No. C-07-2688 CRB
   COMMITTEE, et al.,
15                                     | **DECLARATION OF ROBERT SPAGAT IN
              Plaintiffs,              | SUPPORT OF DEFENDANT SKYWEST
16                                     | AIRLINES, INC.'S MOTION TO CHANGE
        vs.                            | TIME**
17 
   SKYWEST AIRLINES, INC.,             | Date:         TBD
18                                     | Time:         TBD
              Defendant.               | Place:        Courtroom 8, 19th Floor
19                                     | Action Filed: May 22, 2007

20                                       Preliminary Injunction Hearing: May 31, 2007

21

22

23

24

25

26

27

28                                        1
   DECLARATION OF ROBERT SPAGAT IN SUPPORT OF DEFENDANT SKYWEST, INC.'S
              MOTION TO CHANGE TIME, CASE NO. C 07-2688 CRB

SF:173285.1

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

I, Robert Spagat, declare as follows:

1. I am an attorney duly admitted to practice law in the State of California, am a partner at the law firm Winston & Strawn LLP ("Winston & Strawn"), and am one of the counsel of record for Defendant SkyWest Airlines, Inc. ("SkyWest"). I have personal knowledge of the facts set forth below, and if called upon to testify, I could and would competently testify to them. I make this declaration in support of SkyWest's Motion to Change Time.

2. SkyWest requests that the Court change the time for the briefing and hearing on its Motion to Transfer Venue to the briefing schedule and hearing date set forth in the motion, filed herewith. SkyWest further requests that the Court vacate the May 31, 2007, hearing date on Plaintiffs' Motion for a Preliminary Injunction, and reset it to a date after the hearing on the Motion to Transfer, as requested in the motion. SkyWest contends that this matter should be transferred to the District of Utah in the interests of justice because:

- Most of the alleged conduct giving rise to this action occurred in the District of Utah, and none of it occurred in this judicial district.

- None of the witnesses who will testify for any party at the hearing on Plaintiff's Motion for a Preliminary Injunction reside in this judicial district.

- None of the parties except one of eleven Plaintiffs reside in this judicial district.

- Virtually all of Defendants' witnesses and a plurality of Plaintiffs' witnesses who will testify at the preliminary injunction hearing reside or are domiciled for purposes of their employment with SkyWest in the District of Utah.

- Defendant and most of its employees who allegedly engaged in unlawful conduct forming the basis for the complaint, and a plurality of the Plaintiffs, reside or are domiciled in the District of Utah.

- The continuation of this action in this judicial district imposes greater and unnecessary disruption to SkyWest's flight operations, and is likely to result in more canceled or delayed flights, than would be the case if this matter was transferred to the District of Utah.

- The Northern District of California has a much more congested docket than the District of Utah.

3. For the above reasons, SkyWest will be substantially prejudiced if it is forced to litigate this case in the Northern District of California, particularly in light of the burden imposed upon Defendant by the expedited scheduling of the temporary restraining order and preliminary

2

injunction proceedings. SkyWest is being required, on one week's notice, to oppose Plaintiffs' Motion for a Preliminary Injunction at an evidentiary hearing in a venue that is far removed from all of its witnesses and evidence. If SkyWest is forced to litigate the motion for a preliminary injunction through hearing before this Court considers whether the case should be transferred in the interests of justice to avoid inconvenience to the parties, Defendant will suffer the precise prejudice that 28 U.S.C. § 1404(a) is intended to prevent. Also, for the reasons set forth in the Memorandum of Points and Authorities, ruling on Plaintiffs' Motion for a Preliminary Injunction before ruling on the Motion to Transfer also will complicate the procedural posture of this case unnecessarily because the parties likely will re-litigate the effect of this Court's ruling on the Motion for a Preliminary Injunction if the case is later transferred to the District of Utah, and there will be substantial questions as to where interlocutory appeals may be taken if this Court were to enter a preliminary injunction and then transfer the case to the District of Utah.

4. Plaintiffs will not be prejudiced if the Motion to Transfer Venue is heard before the Motion for a Preliminary Injunction because SkyWest will agree to allow the temporary restraining order to remain in effect during the interim, as set forth in the scheduling order Defendant is requesting in the instant motion.

5. Pursuant to Local Rule 6-1(b), a Court order is required to affect SkyWest's change time request. On Friday May 25, I met and conferred with Plaintiffs' counsel via email to determine their position on SkyWest's motion to shorten time. Shortly thereafter, Plaintiffs' counsel replied via email and indicated that they would oppose the Motion to Change Time. I again met and conferred with Plaintiffs' counsel via e-mal on May 26, to determine whether a compromise could be reached. Plaintiffs' counsel again replied via email and indicated that they would oppose the Motion to Change Time. A true and correct copy of the e-mail string is attached hereto as Exhibit A.

6. The only previous time modification in this case is that the Temporary Restraining Order set the due date for the opposition to the Motion for a Preliminary Injunction as Monday May 28 with the hearing on Wednesday May 30, but the Amended Temporary Restraining Order set the dates as May 29 and May 31, respectively.

7. If the Court grants the Motion to Shorten Time, the date of the Preliminary Injunction Hearing would be vacated but reset for the following week, with the temporary restraining order remaining in effect in the interim. If the Motion to Transfer is granted, the date for the Motion for a Preliminary Injunction will be vacated but will be placed on calendar in the District of Utah shortly thereafter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief, and this declaration was executed this 27th day of May, 2007, at San Francisco, California.

Dated: May 27, 2007

WINSTON & STRAWN LLP

By: _____
Robert Spagat

Attorneys for Defendant
SKYWEST AIRLINES, INC.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

4
DECLARATION OF ROBERT SPAGAT IN SUPPORT OF DEFENDANT SKYWEST, INC.'S
MOTION TO CHANGE TIME, CASE NO. C 07-2688 CRB
SF:173285.1

# EXHIBIT A

**Spagat, Robert**

| | |
|---|---|
| **From:** | Linda Lye [llye@altshulerberzon.com] |
| **Sent:** | Sunday, May 27, 2007 11:28 AM |
| **To:** | Spagat, Robert; Stephen P. Berzon; Claire Prestel; elizabeth.ginsburg@alpa.org |
| **Cc:** | Doug Hall; Tannis, Thelma |
| **Subject:** | RE: SkyWest: Proposed Alternate Briefing and Hearing Schedule |

Dear Mr. Spagat,
We believe that all parties' interests are fairly protected and indeed
best served by the court ordered scheduled for the preliminary
injunction hearing, and -- should SkyWest choose to file one -- a
regularly noticed motion to transfer .
We are not willing to stipulate to your proposed schedule, and will file
an opposition to a motion to shorten time on your transfer motion.
Best,
Linda Lye

-----Original Message-----
From: Spagat, Robert [mailto:RSpagat@winston.com]
Sent: Saturday, May 26, 2007 3:22 PM
To: Linda Lye; Stephen P. Berzon; Claire Prestel;
elizabeth.ginsburg@alpa.org
Cc: Doug Hall; Tannis, Thelma
Subject: SkyWest: Proposed Alternate Briefing and Hearing Schedule


Dear Counsel:

We believe that SkyWest has a meritorious motion to transfer that should
be heard before the hearing on Plaintiff's motion for a preliminary
injunction. As an alternative to the briefing schedule we previously
proposed, we would like to propose the following to ensure that the
rights of all parties to be heard are fairly protected.

Defendant's Motion to Transfer:
Opening Brief to be filed on Sunday, May 27

Plaintiff's Opposition to be filed Wednesday, May 30

SkyWest's Reply to be filed Thursday, May 31

Hearing Monday, June 4 (assuming court can calendar it)

Plaintiff's Motion for a PI:
SkyWest's Opposition to be filed on Friday, June 1 Plaintiff's Reply to
be filed on Tuesday, June 5 May 31 hearing date vacated; hearing to be
rescheduled June 6, or as soon thereafter as the court can schedule it

The TRO will remain in effect until the PI hearing.

Please advise us whether you will agree to this proposal at your

1

earliest convenience.


-----Original Message-----
From: Linda Lye [mailto:llye@altshulerberzon.com]

Sent: Friday, May 25, 2007 2:48 PM
To: Spagat, Robert; Stephen P. Berzon; Claire Prestel; elizabeth.ginsburg@alpa.org
Cc: Doug Hall
Subject: RE: SkyWest Motion to Transfer

Dear Mr. Spagat,
SkyWest's motion to transfer can and should be heard on a regular motion schedule. We are not agreeable to shortening time and will oppose a request to shorten time.
Regards,
Linda Lye

-----Original Message-----
From: Spagat, Robert [mailto:RSpagat@winston.com]

Sent: Friday, May 25, 2007 2:15 PM
To: Stephen P. Berzon; Linda Lye; Claire Prestel; elizabeth.ginsburg@alpa.org
Cc: Doug Hall
Subject: SkyWest Motion to Transfer


Ladies and Gentlemen:

We will be substituting in as local counsel (replacing Reed Smith LLP only) in SkyWest Pilots ALPA Organizing Committee et al. v. SkyWest Airlines, Inc., Northern District of California Case No. 3:07-CV-02688-CRB. SkyWest Airlines, Inc. ("SkyWest") intends to file a motion to transfer venue. We would like to have the motion heard on shortened time so that it can be heard on Thursday, May 31, 2007, before the hearing on the preliminary injunction. We are making every effort to file the motion today. Please advise as to whether Plaintiffs will stipulate to having the motion heard on shortened time. Our proposed briefing schedule would be:


SkyWest's moving papers due Saturday, May 26 by noon (again, we will make every effort to file them today) Plaintiff's opposition papers due Tuesday, May 29 by 4:00 p.m.
SkyWest's reply papers due Wednesday, May 30, 2007, by noon.

We would appreciate hearing from you at your earliest convenience, but in any event, before the close of business today.

2

Robert Spagat
Partner
Winston & Strawn LLP
101 California Street, Suite 3900
San Francisco, CA 94111
Telephone: (415) 591-1405
Fax: (415) 591-1400
rspagat@winston.com

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.