STEPHEN P. BERZON (#46540)
sberzon@altshulerberzon.com
LINDA LYE (#215584)
llye@altshulerberzon.com
CLAIRE P. PRESTEL (#235649)
cprestel@altshulerberzon.com
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:   (415) 362-8064

ELIZABETH GINSBURG
(Admitted to Practice *Pro Hac Vice*)
elizabeth.ginsburg@alpa.org
Air Line Pilots Association, International
535 Herndon Parkway
Herndon, VA 20172-1169
Telephone:  (703) 481-2424
Facsimile:   (703) 481-2478

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, *et al.*,<br><br>          Plaintiffs,<br><br>     vs.<br><br>SKYWEST AIRLINES, INC.,<br><br>          Defendant. | CASE No. C-07-2688 CRB<br><br>**DECLARATION OF LINDA LYE IN OPPOSITION TO DEFENDANT'S MOTION TO CHANGE TIME RE: DEFENDANT'S MOTION TO TRANSFER VENUE AND PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

DECL. OF LINDA LYE IN OPP. TO DEFT'S MOT. TO CHANGE TIME RE: DEFT'S MOT. TO TRANSFER VENUE AND PLTFS' MOT. FOR PRELIM. INJUNCTION, CASE No. C-07-2688 CRB

I, Linda Lye, declare as follows:

1. I am a member of the bar of this Court and an attorney for plaintiffs in this case.

2. The schedule issued by this Court for Plaintiffs' Motion For a Preliminary Injunction Hearing is as follows: Defendant's Opposition Brief due May 29, 2007 at noon; Plaintiffs' Reply brief due May 30, 2007 at noon; Hearing on Plaintiffs' Motion For a Preliminary Injunction on May 31, 2007 at 9 am.

3. On Friday, May 25, 2007, consistent with the minute order entered by the Court, Plaintiffs provided Defendant with a list of witnesses they intended to call at the preliminary injunction hearing. A true and correct copy of that letter is attached as Exhibit 1 to this declaration. Plaintiffs requested at that time that SkyWest identify its witness to avoid any one-sided prejudice to Plaintiffs' case. SkyWest has not yet responded to that request.

4. I am informed and believe that only one of Plaintiffs' witnesses, Steve Kanuch, was scheduled to fly on Wednesday or Thursday of this week, and that only one other of Plaintiffs' witnesses, Steve Dow, was scheduled to be on "reserve" duty. The remainder of Plaintiffs' witnesses were not scheduled for flight or reserve duty on May 30 or May 31, 2007. Any impact on SkyWest flight operations has therefore been extremely minimal. As General Counsel Todd Emerson states in his declaration, SkyWest employs 2,651 pilots. (Emerson Decl., Doc. No. 46, at ¶3.)

5. I have also been informed and believe that Steve Kanuch and Steve Dow have already been released by SkyWest.

6. On May 28, 2007, I spoke to Captain Steve Dow about SkyWest's "reserve" pilot system. Mr. Dow informed me that at any given time, SkyWest keeps pilots on "reserve," which means that they must be available as replacement staff for flights on very short notice (1½ - 2 hrs). It is typical for airlines to keep 8% of their pilots on reserve. Further, some SkyWest pilots are generally kept on "ready reserve," which means that they are actually sitting in airport crew lounges, ready to staff flights immediately if necessary. Finally, SkyWest has the option of calling pilots who are on their days off and having them come in to work on a voluntary basis. This practice is known as "junior manning." SkyWest therefore has many options available to it to fill in slots if a pilot

becomes unable to work an assigned shift.

7.   Plaintiffs' Washington, D.C. based counsel, Elizabeth Ginsburg, arrived in San Francisco Monday evening to begin preparing for the hearing.

8.   Four of Plaintiffs' witnesses (Andy Bharath, Steve Dow, David Boehm, and Jeff MacDonald) will arrive in San Francisco today, Tuesday. I am informed and believe that all travel arrangements for Plaintiffs' remaining witnesses have been made and all needed airline tickets have already been purchased.

9.   Plaintiffs and their counsel are fully occupied preparing for the May 31st preliminary injunction evidentiary hearing and will have 24 hours to research and draft their reply brief. Requiring them to research, brief and argue Defendant's motion to transfer venue would impose an undue burden and greatly compromise their ability to prepare reply papers and witnesses.

10.   Attached as Exhibit 2 to this declaration is a true and correct copy of information about SkyWest's operations from its website, including a "printer friendly" version of the SkyWest Airlines Fact Sheet and a current route map showing Delta and United flights operated by SkyWest. According to SkyWest's website, it has 114 scheduled daily departures from San Francisco International Airport. The website also states that SkyWest has a maintenance base, a hub, and crews domiciled in San Francisco. SkyWest has more hubs in California than in any other state, more crew domiciles in California than in any other state, and more maintenance bases in California than in any other state. Specifically, SkyWest has hubs at Chicago O'Hare, Los Angeles, San Francisco, Portland, Denver, Salt Lake City, Milwaukee, and Kansas City. It has crew domiciles in Chicago, Colorado Springs, Denver, Fresno, Los Angeles, Monterey, Palm Springs, Portland, Sacramento, Salt Lake City, San Diego, San Francisco, San Luis Obispo, Santa Barbara, Tucson, and Milwaukee. Finally, it has maintenance bases in Chicago, Colorado Springs, Denver, Fresno, Los Angeles, Palm Springs, Salt Lake City, San Diego, San Francisco, Tucson, Milwaukee, and Kansas City.

11.   SkyWest makes 256 scheduled daily departures from LAX and SFO, more than the 218 scheduled daily departures from Salt Lake City. *See* Exh. 2. SkyWest's route map shows that it

flies into or out of 26 airports in California – more than in any other state. *See id.* Exh. 2.

12. Four of the nine individual pilot Plaintiffs reside in California. Plaintiffs David Boehm, Frank Bowlin, Diletta Martirano, and Andy Bharath all reside in California. Plaintiff Steve Dow resides in Colorado. Plaintiff Riad Mansur and Marc Johnson reside in Illinois. Plaintiff Tracy Shrier resides in Utah. And Plaintiff Phil Alford resides in Idaho.

13. Two of the five Plaintiffs who are testifying at the upcoming evidentiary hearing reside in California: David Boehm and Andy Bharath. Only one witness, Tracy Shrier, lives in Utah. Plaintiffs' other witnesses are scattered across many different states: Steve Dow resides in Colorado; Phil Alford resides in Idaho; Steve Kanuch resides in Montana; Jeff MacDonald resides on the East Coast.

14. Defendant proposes to delay the preliminary injunction hearing until June 4, 2007. This schedule creates irreconcilable conflicts for Plaintiffs' counsel. Stephen Berzon is Plaintiffs' chief litigation counsel, and he plans to prepare and examine most of Plaintiffs' witnesses and present oral argument during the scheduled preliminary injunction hearing. Mr. Berzon is unavailable from June 6, 2007 through June 11, 2007 due to a long-planned family trip in Hawaii.

15. On Monday, May 28, 2007, I spoke with Elizabeth Ginsburg in ALPA's legal department. Ms. Ginsburg is the attorney most familiar with the underlying facts, with ALPA's and the SkyWest pilots' organizing efforts, and with the significant and irreparable harm that will result if Plaintiffs are not granted relief.

16. During our phone conversation on May 28, 2007, Ms. Ginsburg explained to me that she needs to be in Washington, D.C. from June 4 through June 7 for events related to her daughter's graduation from high school on June 5. One of her daughters is graduating during that period, and a second is visiting. Ms. Ginsburg also explained to me that she has planned and already paid for an Alaskan cruise vacation with her children that is scheduled for June 14, 2007 through June 27, 2007, and that she has family obligations on June 28 and June 29 related to the disposition of her late mother's estate.

17. I am also unavailable for the period from June 4, 2007 through June 6, 2007. I have a previously-scheduled arbitration on June 6, 2007 that will require substantial preparation on June

4 and 5, 2007, including witness preparation. The arbitration involves a complex question of contract interpretation and fifteen years of past practice under a collective bargaining agreement. I represent the union, which filed a major policy grievance on behalf of the entire, 5,000 person bargaining unit at a major manufacturing facility in Northern California. The dispute affects the sick leave rights of the entire unit, and potentially tens of millions of dollars in sick leave benefits are at stake. The arbitration was very difficult to schedule and cannot be deferred without causing substantial disruption to relations between the company and the union and further harm to the many employees who have already lost their sick leave benefits under the company policy being challenged in the arbitration.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 29, 2007 at San Francisco, California.

/s/ Linda Lye
LINDA LYE