Douglas W. Hall (Admitted *Pro Hac Vice*)
Ford & Harrison LLP
1300 Nineteenth Street, N.W., Suite 700
Washington, DC 20036
Telephone:   202.719.2065
Facsimile:   202.719.2077
Email: dhall@fordharrison.com

Robert Spagat (SBN: 157388)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:   415-591-1000
Facsimile:   415-591-1400
Email: rspagat@winston.com

Attorneys for Defendant
SKYWEST AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SKYWEST AIRLINES, INC.,<br><br>Defendant. | Case No. C-07-2688 CRB<br><br>**DEFENDANT SKYWEST AIRLINES, INC.'S *EX PARTE* MOTION TO EXCEED THE PAGE LIMITATIONS SET FORTH IN LOCAL RULE 7-3(a)**<br><br>Date:   TBD<br>Time:   TBD<br>Place:  Courtroom 8, 19th Floor<br>Action Filed:  May 22, 2007<br><br>Preliminary Injunction Hearing: May 31, 2007 |

DEFENDANT SKYWEST AIRLINES, INC.'S MOTION TO EXCEED THE PAGE LIMITATIONS SET FORTH IN LOCAL RULE 7-3(a), CASE NO. C 07-2688 CRB

SF:173361.1

TO THE HONORABLE CHARLES A. BREYER:

Pursuant to Local Rule 7-11, Defendant SkyWest Airlines, Inc. "SkyWest" seeks an order authorizing it to file an opposition in excess of the 25-page limit set forth by Local Rule 7-3(a). Because this Motion deals solely with an administrative request, SkyWest respectfully submits that it is appropriate for consideration on an ex parte basis.

### RELIEF REQUESTED

With this motion, SkyWest seeks entry of an order permitting it to file an opposition that exceeds the twenty-five page limit established by Local Rule 7-3(a) by five pages.[1]

### BACKGROUND

Plaintiff SkyWest Pilots ALPA Organizing Committee ("SkyWest Pilots OC") and the Airline Pilots Association ("ALPA") have been attempting to organize Defendant SkyWest Airlines, Inc. ("SkyWest") for the past year. Declaration of Jeffrey MacDonald in support of Temporary Restraining Order and Preliminary Injunction, ¶ 4. On May 22, 2007, SkyWest Pilots OC – along with various individual plaintiffs – filed this suit alleging that SkyWest unlawfully supports the SkyWest Airline Pilots Association ("SAPA"), and that SkyWest interferes with their expressive activity by discriminating against Plaintiffs on the basis of their support for ALPA. (Complaint, ¶¶ 42-50.) That same day, Plaintiffs came to the Court *ex parte* with their Motion for a Temporary Restraining Order, which the Court granted without the benefit of briefing from SkyWest. Following a hearing on SkyWest's Motion to Dissolve, this Court set an expedited briefing schedule requiring SkyWest to oppose Plaintiffs' Preliminary Injunction Motion, which raises a host of threshold issues in addition to complex issues of labor law.

### ARGUMENT

Local Rule 7-3(a) provides that motions shall not exceed twenty-five pages of text. This page limit, however, can be enlarged at the Court's discretion. *See* Local Rule 7-11 (expressly referencing "motions to exceed otherwise applicable page limitations"). SkyWest respectfully requests that it be excused from Local Rule 7-3(a)'s page limitation.

---

[1] The brief is 30 pages not counting the caption page, which was numbered inadvertently.

DEFENDANT SKYWEST AIRLINES, INC.'S MOTION TO CHANGE TIME TO HEAR DEFENDANT'S MOTION TO TRANSFER, CASE NO. C 07-2688 CRB

SF:173361.1

Plaintiffs ignore a number of complex issues of federal labor law under the Railway Labor Act ("RLA"), which must be addressed. These issues include: (1) whether the National Mediation Board ("NMB") has exclusive primary jurisdiction to hear this dispute under the RLA; (2) the appropriate standard for injunctive relief in the context of a labor dispute seeking a mandatory, not a prohibitory, injunction; (3) the nature of the relationship between the Skywest Airline Pilots Association ("SAPA") within the context of the RLA, the legal standards governing employer domination of a labor union and application of the law to the facts of this case; (5) the unprecedented nature of the relief plaintiffs have requested and why the harms tip in favor of SkyWest. Further, given that Plaintiffs were able to express their initial position to the Court *ex parte* without SkyWest having an opportunity to respond, in the interests of fairness, Local Rule 7-3(a)'s page limitation should be excused.

## CONCLUSION

Given that SkyWest is at a disadvantage because of the surprise nature of the Temporary Restraining Order and the myriad issues Plaintiffs have not briefed but inform the outcome of the Preliminary Injunction Motion, SkyWest respectfully requests that the Court enter an order granting the relief requested herein, and such other and further relief as is just and proper.

Dated: May 29, 2007       WINSTON & STRAWN LLP


By:   /s/ Robert Spagat
      Robert Spagat
      Attorneys for Defendant
      SKYWEST AIRLINES, INC.

2

DEFENDANT SKYWEST AIRLINES, INC.'S MOTION TO CHANGE TIME TO HEAR DEFENDANT'S MOTION TO TRANSFER, CASE NO. C 07-2688 CRB
SF:173361.1