1    STEPHEN P. BERZON (#46540)
     sberzon@altshulerberzon.com
2    LINDA LYE (#215584)
     llye@altshulerberzon.com
3    CLAIRE P. PRESTEL (#235649)
     cprestel@altshulerberzon.com
4    Altshuler Berzon LLP
     177 Post Street, Suite 300
5    San Francisco, CA  94108
     Telephone:  (415) 421-7151
6    Facsimile:    (415) 362-8064

7    ELIZABETH GINSBURG
     (Admitted to Practice *Pro Hac Vice*)
8    elizabeth.ginsburg@alpa.org
     Air Line Pilots Association, International
9    535 Herndon Parkway
     Herndon, VA 20172-1169
10   Telephone:  (703) 481-2424
     Facsimile:   (703) 481-2478

11   Attorneys for Plaintiffs
12
                    UNITED STATES DISTRICT COURT
13                NORTHERN DISTRICT OF CALIFORNIA

14   SKYWEST PILOTS ALPA ORGANIZING          )   CASE No. C-07-2688 CRB
     COMMITTEE, *et al.*,                      )
15                                            )   **PLAINTIFFS' OPPOSITION TO**
                    Plaintiffs,               )   **DEFENDANT'S MOTION TO**
16                                            )   **TRANSFER VENUE**
             vs.                              )
17                                            )
     SKYWEST AIRLINES, INC.,                  )
18                                            )   Date:   June 5, 2007
             Defendant.                       )   Time:   3:00 pm
19   _____)   Place:  Courtroom 8, 19th Floor

20

21

22

23

24

25

26

27

28

## SUMMARY OF ARGUMENT

Defendant is an airline with a hub in San Francisco.  Common sense and case law dictate that a transportation company with a hub within the District cannot demonstrate the extreme inconvenience necessary to defeat Plaintiffs' choice of forum.  *See Int'l Bhd. of Teamsters v. N. Am. Airlines*, 2005 WL 947083 (N.D. Cal. Apr. 20, 2005) (denying airline's motion to transfer Railway Labor Act case from this District); 15 Wright & Miller, Federal Prac. & Proc. §3851 at 423 (3d ed. 2007) (convenience of a defendant's employee witnesses given particularly little weight "*when the defendant is a transportation company* that easily can bring its witnesses to a more distant forum with little or no expense") (emphasis added).

SkyWest cannot possibly meet its "heavy burden" of demonstrating that the Northern District of California is so "inappropriate" a venue as to overcome the strong presumption favoring Plaintiffs' choice of forum.  *Commodity Fut. Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F.Supp. 465, 466–67 (E.D. Cal. 1994); *see also Gherebi v. Bush*, 352 F.3d 1278, 1302 (9th Cir.2003) ("[T]here is a strong presumption in favor of plaintiff's choice of forums.") (internal quotation marks omitted), *vacated on other grounds*, 542 U.S. 952 (2004); *Decker Coal v. Commonwealth Edison*, 805 F.2d 834 (9th Cir. 1986) (defendant "must make a strong showing of inconvenience to warrant upsetting" plaintiff's choice of forum); *Int'l Bhd. of Teamsters v. N. Am. Airlines*, 2005 WL 947083.

***Connection to California.***  Plaintiffs, their witnesses, their claims, and SkyWest all have strong connections to California.  A plurality (four) of the nine individual Plaintiffs reside in California.  Only one resides in Utah.  Five Plaintiffs will be testifying at the preliminary injunction hearing and a plurality reside in California.  Defendant not only has a hub and maintenance base at San Francisco International Airport, but also flies 114 daily departures from SFO.  SkyWest has more hubs, crew domiciles, and maintenance bases in California than in any other state.  It flies in and out of more airports in California than any other state, including Utah, and has more daily flights from California than any other state, including Utah.  Plaintiffs challenge Defendant's company-wide policies and practices of interfering with their rights under the Railway Labor Act ("RLA"), policies and practices that are not confined to Utah, and that necessarily have a substantial

1    impact on this judicial district and state because of Defendant's substantial operations in San

2    Francisco and California.  Moreover, there is ample evidence of specific instances of Defendant's

3    unlawful, company-wide practices in this district and throughout California.

4        ***Convenience of witnesses.***  SkyWest makes vague assertions that the "overwhelming

5    majority" of its witnesses are located in Utah, where SkyWest is headquartered.  Mot. to Transfer at

6    1.  But the airline fails to identify a *single* witness it intends to call in this case, state her location, or

7    describe her testimony and its relevance, as it is required to do.  *See, e.g.*, *Cochran v. NYP Holdings,*

8    *Inc.*, 58 F.Supp.2d 1113, 1119 (C.D. Cal. 1998) (citing cases).  Of the declarants relied upon in

9    SkyWest's separately filed opposition to Plaintiffs' preliminary injunction motion (whom Defendant

10   may or may not call at the hearing), half reside *outside* Utah.  And *all* of these witnesses are

11   employees of SkyWest.  Defendant has not identified a single third-party, non-employee witness.

12       Although Defendant refers to the need for "third-party" witnesses to testify about the

13   SkyWest Airlines Pilot Association ("SAPA"), the purported employee organization that Defendant

14   unlawfully funds and supports, all SAPA witnesses are SkyWest employees and not "third-parties."

15   Defendant's claim of witness inconvenience "must be discounted" when the witnesses are

16   Defendant's "employees whom [the company] can compel to testify."  *STX, Inc. v. Trils Stik, Inc.,*

17   708 F.Supp. 1551, 1556 (N.D. Cal.1988); 15 Wright & Miller, Fed. Practice & Proc. §3851 at 423

18   (3d ed. 2007) (this rationale is "especially convincing" when the defendant is a transportation

19   company).

20       ***Interest of justice.***  If this case is transferred to Utah, SkyWest will almost certainly argue

21   that this Court's TRO cannot continue in effect under the Norris LaGuardia time limits pending a

22   new hearing date on Plaintiffs' motion for a preliminary injunction.  Should this argument succeed,

23   Defendant would be permitted to circumvent the TRO and leave Plaintiffs and other SkyWest pilots

24   "irreparably" harmed by Defendant's interference with their statutorily protected expressive and

25   associational rights.  *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 938-939 (9th Cir.

26   1987).

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Plaintiffs and Other Pilots . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Plaintiffs' Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    SkyWest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    Plaintiffs' Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    I.    SkyWest Bears the Burden of Proving that the Relevant Factors *Strongly Favor Transfer* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    II.   The Relevant Factors Favor Plaintiffs' Choice of Forum . . . . . . . . . . . . . . . . . . . 6

        A.    Plaintiffs' Choice of Forum Is Entitled to Substantial Weight . . . . . . . . . . 7

        B.    The Parties and Plaintiffs' Claims Have a Strong Connection to California . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        C.    The Convenience of Witnesses Factor Favors This District . . . . . . . . . . . . 10

        D.    SkyWest Has Not Presented Any Evidence That the Costs Factor Favors Transfer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        E.    The Access to Proof Factor Favors Plaintiffs' Choice of Forum . . . . . . . . 13

        F.    The Interest of Justice Factor Strongly Favors the Northern District of California . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        G.    California's Strong Public Policy Favoring Union Organizing Weighs Against Transfer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        H.    Other Relevant Factors Favor Plaintiffs' Choice of Forum or Are Neutral . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

## CASES

*Arcamuzi v. Continental Air Lines, Inc.*,
  819 F.2d 935 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

*Blansett v. Continental Airlines, Inc.*,
  203 F.Supp.2d 736 (S.D. Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

*Cochran v. NYP Holdings, Inc.*,
  58 F.Supp.2d 1113 (C.D. Cal. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Commodity Fut. Trading Comm'n v. Savage*,
  611 F.2d 270 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 6

*Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*,
  472 F.Supp.2d 1183 (S.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

*D.H. Blair & Co., Inc. v. Gottdiener*,
  462 F.3d 95 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Decker Coal v. Commonwealth Edison*,
  805 F.2d 834 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 7

*E. & J. Gallo Winery v. F. & P. S.p.A.*,
  899 F.Supp. 465 (E.D. Cal. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 6

*Factors Etc., Inc. v. Pro Arts, Inc.*,
  579 F.2d 215 (2d Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*First Franklin Fin. Corp. v. Mortgage Acad., Inc.*,
  2006 WL 3734624 (N.D. Cal. Dec. 18, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . .  11, 12

*Florens Container v. Cho Yang Shipping*,
  245 F.Supp.2d 1086 (N.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 7, 9

*Gherebi v. Bush*,
  352 F.3d 1278 (9th Cir.2003),
  *vacated on other grounds*, 542 U.S. 952 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 7

*Gintz v. Jack in the Box, Inc.*,
  2007 WL 397306 (N.D. Cal. Feb. 1, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

*Gulf Oil Corp. v. Gilbert*,
  330 U.S. 501 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Int'l Bhd. of Teamsters v. N. Am. Airlines*,
  2005 WL  947083 (N.D. Cal. Apr. 20, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7, 11, 15

*Langford v. Ameritanz, Inc.*,
  2006 WL 1328223 (E.D. Cal. May 13, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10, 12

*Linear Tech. Corp. v. Analog Devices, Inc.*,
     1995 WL 225672 (N.D. Cal. March 10, 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Lueck v. Sundstrand Corp.*,
     236 F.3d 1137 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Miracle v. N.Y.P. Holdings, Inc.*,
     87 F.Supp.2d 1060 (D. Haw. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Panavision Int'l, LP v. Toeppen*,
     141 F.3d 1316 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Ravelo Monegro v. Rosa*,
     211 F.3d 509 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Rene v. Godwin Gruber, LLP*,
     2005 WL 1871117 (N.D. Cal. Aug. 2, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*STX, Inc. v. Trik Stik, Inc.*
     708 F.Supp. 1551 (N.D. Cal. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13, 15

*In re Scott*,
     709 F.2d 717 (D.C. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Sec. Investor Protection Corp. v. Vigman*,
     764 F.2d 1309 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Tice v. American Airlines, Inc.*,
     162 F.3d 966 (7th Cir. 1998), *cert. denied*, 527 U.S. 1036 (1999) . . . . . . . . . . . . . . . . . 11, 13

*Tuazon v. R.J. Reynolds Tobacco Co.*,
     433 F.3d 1163 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*U.S. v. One Oil Painting Entitled "Femme en Blanc,"*
     362 F.Supp.2d 1175 (C.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United Farm Workers Org'g Comm. v. Super. Court*,
     254 Cal.App.2d 768 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Van Dusen v. Barrack*,
     376 U.S. 612 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Westinghouse Elec. Corp. v. Weigel*,
     426 F.2d 1356 (9th Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## STATUTES AND REGULATIONS

28 U.S.C. §1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

29 U.S.C. §107 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

California Labor Code
     § 923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
     § 1122 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

1

**OTHER AUTHORITIES**

2  15 Wright & Miller, Federal Prac. & Proc. §3851 (3d ed. 2007) . . . . . . . . . . . . . . . . . . . . .  10, 11

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

The dispositive inquiry on this motion is not whether Plaintiffs' claims could have been filed in Utah, or whether Defendant prefers a Utah court, but whether the Northern District of California is so "inappropriate" a venue as to warrant upsetting Plaintiffs' choice of forum. *Commodity Fut. Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir. 1979). Defendant SkyWest Airlines, Inc. ("SkyWest") cannot come close to meeting its "heavy burden" to justify transfer. *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F.Supp. 465, 466–67 (E.D. Cal. 1994).

Neither "the convenience of parties and witnesses" nor the "interest of justice" would be served by transferring this case to the District of Utah. 28 U.S.C. §1404(a). SkyWest willfully ignores the strong connection of all parties and of Plaintiffs' claims and witnesses to California – including that more Plaintiffs and identified witnesses reside in California than in any other state, that SkyWest's illegal company-wide policies and practices have violated pilots' rights within this District, and that SkyWest identifies San Francisco as a domicile and "hub" and flies 114 daily departures from San Francisco International Airport ("SFO"). Further, a transfer in this case could well allow SkyWest to frustrate the "interest of justice" by circumventing this Court's temporary restraining order ("TRO") and leaving Plaintiffs and other SkyWest pilots unprotected – and irreparably harmed – by Defendant's interference with their statutorily protected rights pending a preliminary injunction hearing in the District of Utah.

Much of SkyWest's motion turns on the complaint that it would be burdensome to transport people to San Francisco. But Defendant is an *airline* that operates a hub in San Francisco. Common sense and case law dictate that a transportation company with a hub within the district cannot demonstrate the extreme inconvenience necessary to defeat Plaintiffs' choice of forum. The mere fact that SkyWest prefers to litigate in Salt Lake City is plainly insufficient to justify transfer.

**FACTUAL BACKGROUND**

Plaintiffs, Plaintiffs' witnesses, SkyWest, and the subject matter of Plaintiffs' claims all have a strong connection to this forum.

***Plaintiffs and Other Pilots.*** A plurality (four) of the nine individual Plaintiffs reside in California. SkyWest's illegal company-wide policies deprive all pilots who reside and work in

1  California of their statutorily protected rights, and this forum has a substantial interest in ensuring

2  that pilots' Railway Labor Act ("RLA") rights are protected.

3       Four of nine individual Plaintiffs reside in California – more than in any other single state.

4  Frank Bowlin lives within this district, and Diletta Martirano, Andy Bharath, and David Boehm live

5  elsewhere in California.  *See* Decl. of David Boehm in Support of Temporary Restraining Order

6  ("TRO") ¶1 (Doc. No. 6); Decl. of Diletta Martirano in Support of TRO ¶1 (Doc. No. 7); Decl. of

7  Frank Bowlin in Support of TRO ¶1 (Doc. No. 13); Decl. of Andy Bharath in Support of TRO ¶1

8  (Doc. No. 14).  Only one Plaintiff resides in Utah.  *See* Decl. of Claire Prestel in Opp'n to Mot. to

9  Transfer ¶2.[1]

10      In addition to these named Plaintiffs, SkyWest concedes that its pilots are domiciled in San

11 Francisco, Fresno, Los Angeles, Monterey, Palm Springs, Sacramento, San Diego, San Luis Obispo,

12 and Santa Barbara.  *See* Decl. of Todd Emerson in Support of Mot. to Transfer ¶4; Prestel Decl. ¶6

13 & Ex.C; Decl. of Clinton Weichers in Opp'n to Mot. to Transfer ¶1 (domiciled in Monterey,

14 routinely flies through California airports); Decl. of Russ Jacobie in Opp'n to Mot. to Transfer

15 ¶¶1–2 (domiciled in Fresno, routinely flies through California airports, including SFO); Decl. of

16 Chris Lowder in Opp'n to Mot. to Transfer ¶¶1, 4 (domiciled in Palm Springs, routinely flies

17 through California airports, including SFO).

18      At least four Plaintiffs also fly regularly through airports within this judicial district.  *See*

19 Decl. of Steve Dow in Support of TRO ¶3 (Doc. No. 12); Bharath Decl. in Support of TRO ¶1;

20 Bowlin Decl. in Support of TRO ¶1; Decl. of Phil Alford in Opp'n to Mot. to Transfer ¶3; *see also*

21 Boehm Decl. in Support of TRO ¶1 (stating that he resides in Placentia, California); Martirano Decl.

22

23       [1]  Throughout its brief SkyWest misleadingly focuses on Plaintiffs' and witnesses'

24 "domicile" for SkyWest purposes in addressing witness convenience.  *See, e.g.*, Mot. to Transfer
    Venue at 1–2.  While it is true that pilots who are domiciled here (and therefore work here) are

25 affected by SkyWest's illegal company-wide policies, proximity to their personal residence matters
    more for pilots' convenience than proximity to their company "domiciles."  As SkyWest concedes,

26 pilots do not necessarily live near their domicile, and SkyWest does not require "that pilots live in
    any defined proximity to their domicile."  Mot. to Transfer Venue at 4; *see also, e.g.*, Boehm Decl.

27 in Support of TRO ¶1 (lives in Aptos, domiciled in Salt Lake City).  The District Court in *Blansett
    v. Continental Airlines, Inc.,* 203 F.Supp.2d 736, 739–40 (S.D. Tex. 2002), rejected a similar

28 attempt to rely misleadingly on airline domicile in analyzing convenience.

1   in Support of TRO ¶1 (lives in Del Mar, domiciled in San Diego).

2       ***Plaintiffs' Witnesses.***  Five Plaintiffs will testify at the preliminary injunction hearing.  Two

3   of these five reside in California – more than in any other single state.  *See* Boehm Decl. in Support

4   of TRO ¶1; Bharath Decl. in Support of TRO ¶1; *see also* Prestel Decl. ¶¶3–5 & Ex. A (identifying

5   Plaintiffs' witnesses and their residences).  These witnesses will provide critical testimony,

6   including about SkyWest's unlawful practices of prohibiting ALPA lanyards, discriminatorily

7   removing ALPA-related materials from crew rooms, discriminatorily permitting the SkyWest

8   Airlines Pilot Association ("SAPA") but not the SkyWest Pilots ALPA Organizing Committee

9   ("OC") to address new hire classes, and about SkyWest's response to pilots' complaints about these

10  unlawful practices.  *See* Boehm Decl. in Support of TRO ¶¶3–9; Bharath Decl. in Support of TRO

11  ¶¶3–15; Bharath Decl. in Opp'n to Mot. to Transfer ¶¶5–8.[2]

12      Contrary to SkyWest's unsupported assertion, *see* Motion to Transfer at 1, several of

13  Plaintiffs' witnesses routinely work within this judicial district.  *See* Bharath Decl. in Opp'n to Mot.

14  to Transfer ¶3 (routinely flies through SFO); Dow Decl. in Opp'n to Mot. to Transfer ¶3 (same);

15  Alford Decl. in Opp'n to Mot. to Transfer ¶3 (flies through Monterey); *see also* Bowlin Decl. in

16  Support of TRO ¶1.  Moreover, any pilot may bid for or be assigned trips within this District.

17      ***SkyWest.***  For purposes of this transfer motion, SkyWest attempts to paint itself as a local

18  Utah company.  This is *not* the picture SkyWest presents to the public on its website, in its fact

19  sheets, or with its route maps.  To the contrary, SkyWest's publicly available statements

20  demonstrate that the company operates nationally and has *substantial* contacts with California and

21  with this judicial district.

22      SkyWest has more hubs in California than in any other state, including a hub in San

23  Francisco.  *See* Prestel Decl. ¶7 & Ex.C.  SkyWest flies 114 daily departures from San Francisco

24  and flies more daily flights from California than from Utah.  *Id.* ¶¶8–9 & Exs.C, D.  SkyWest flies

25  into or out of more airports in California than in any other state, including airports in San Francisco,

26

27      [2] SkyWest contends without evidentiary support that two of Plaintiffs' witnesses, Tracy

28  Shrier and Steve Kanuch, live in Utah.  *See* Mot. to Transfer at 6.  This is incorrect.  Capt. Kanuch
    lives in Belgrade, Montana.  *See* Prestel Decl. ¶5 & Ex.B.

1  Oakland, Monterey, and San Jose – all in this judicial district. *Id*. ¶11 & Ex.C.  SkyWest has more

2  crew domiciles in California (nine of 16 total) than in any other state, including domiciles in San

3  Francisco and Monterey. *Id*. ¶6 & Ex.C.  California is also host to more SkyWest maintenance

4  bases (five) than any other state, including a maintenance base in San Francisco. *See id*. ¶10 &

5  Ex.C.

6      Further, SkyWest's headquarters are in St. George, Utah, not Salt Lake City, the location of

7  the District of Utah. *See* Prestel Decl. ¶14 & Ex.C.  St. George is more than 300 miles from Salt

8  Lake City. *See id*.  Thus, any St. George witnesses will likely still have to fly there.

9      ***Plaintiffs' Claims.***  SkyWest's policies and practices of RLA-prohibited discrimination and

10  interference with free expression are company-wide and, given SkyWest's substantial operations in

11  this District and in California, *see supra*, necessarily have a substantial effect on pilots within this

12  District and this state.  Defendant's company-wide policies and practices are not limited to Utah, or,

13  for that matter, to any other judicial district in which SkyWest operates.  Moreover, there is ample

14  evidence of specific instances of illegal conduct within this District and within California. *Contra*

15  Mot. to Transfer at 1, 2.

16      Captain Clinton Weichers lives in Monterey, is domiciled in Monterey, and routinely flies

17  into and out of California airports for SkyWest. *See* Weichers Decl. ¶1.  Captain Weichers has

18  posted ALPA-related materials in the crew room at SFO where other non-work related notices are

19  posted. *Id*. ¶4; *see also* Bharath Decl. in Opp'n to Mot. to Transfer Ex. A.  He has done the same in

20  other California airports.  Weichers Decl. ¶5.  The ALPA-related materials he posts quickly

21  "disappear," even though other non-ALPA notices remain posted. *Id*.  On one occasion, Captain

22  Weichers attempted to deliver ALPA-related materials to another pilot using his mailbox (or V-file).

23  Captain Weichers later learned that the intended recipient never received the materials left for him.

24  *Id*. ¶6.  Captain Weichers has also seen material related to SAPA posted in the SFO crew room. *Id*.

25  ¶3.

26      Captain Weichers was told not to wear his ALPA lanyard by a Chief Pilot in California, and

27  he refrained from wearing his lanyard after that incident, including on flights through San Francisco.

28  *Id*. ¶7.

1    Captain Russell Jacobie resides in Fresno, is domiciled in Fresno, and routinely flies into
2    and out of California airports for SkyWest.  *See* Jacobie Decl. in Opp'n to Mot. to Transfer ¶¶1–2.
3    Captain Jacobie has attempted to post ALPA-related material in the SFO crew room in an area
4    where non-SkyWest and non-work related material is routinely posted.  *Id.* ¶6; *see also* Bharath
5    Decl. Ex. A.  The ALPA-related material posted by Captain Jacobie was removed within
6    approximately 24 hours, even though other non-SkyWest and non-work related material remained.
7    Jacobie Decl. ¶6.  Captain Jacobie has had similar experiences in other California airports.  He
8    placed ALPA-related flyers and pens in pilots' mailboxes in Fresno, but they were removed.  *Id.* ¶7.
9    On another occasion, Captain Jacobie placed material in the Fresno crew room to inform
10    pilots that the OC was hosting an informational session across the hall.  *Id.* ¶8.  Captain Jacobie also
11    posted a notice about the meeting on the meeting room door.  *Id.* The OC rented the meeting room
12    from the Fresno airport, not from SkyWest.  *Id.*  At the time Captain Jacobie placed these materials
13    in the crew room and on the door, the only other people in the crew room were members of
14    SkyWest management.  *Id.*  When Captain Jacobie walked out of the meeting room 15 minutes
15    later, the notice he had placed on the door had been removed, and the material he had placed in the
16    crew room had been thrown into the trash.  *Id.* ¶9.  Captain Jacobie has also seen SAPA-related
17    materials posted in California crew lounges, including in SFO.  *Id.* ¶5.
18    Captain Chris Lowder lives in Anaheim, California and is domiciled in Palm Springs for
19    SkyWest purposes.  *See* Lowder Decl. ¶1.  Captain Lowder saw ALPA-related material posted in the
20    Palm Springs crew room that was removed.  *Id.* ¶3.  Captain Lowder has also refrained from
21    wearing his ALPA lanyard on California flights, including flights through San Francisco, because he
22    is concerned he will be disciplined for wearing it.  *Id.* ¶4.
23    Plaintiff David Boehm has repeatedly been told not to wear his ALPA lanyard, including in
24    the Palm Springs airport by the Chief Pilot for SkyWest's Western Region.  *See* Boehm Decl. in
25    Support of TRO ¶¶4–9.  Plaintiffs Phil Alford, Andy Bharath, and Steve Dow have all refrained
26    from wearing ALPA lanyards during California flights because of concern they will be disciplined
27    for wearing them.  Alford Decl. in Opp'n to Mot. to Transfer ¶3; Bharath Decl. in Opp'n to Mot. to
28    Transfer ¶¶4–6; Dow Decl. in Opp'n to Mot. to Transfer ¶3.  Captain Bharath also placed some

1  ALPA interest cards in the crew room in LAX, only to find them in the trash when he returned a few

2  hours later.  Bharath Decl. in Opp'n to Mot. to Transfer ¶7.

3
## ARGUMENT

4
### I.  SkyWest Bears the Burden of Proving that the Relevant Factors *Strongly* Favor Transfer.

5

6       On this motion to transfer, SkyWest bears the "heavy burden of showing a clear balance of

7  inconveniences."  *E. & J. Gallo Winery*, 899 F.Supp. at 466–67.  SkyWest must demonstrate that

8  the relevant factors "strongly favor" transfer.  *See, e.g.*, *Florens Container v. Cho Yang Shipping*,

9  245 F.Supp.2d 1086, 1092 (N.D. Cal. 2002).  As the Ninth Circuit explained in *Decker Coal v.*

10 *Commonwealth Edison*, 805 F.2d 834 (9th Cir. 1986), a defendant "must make a strong showing of

11 inconvenience to warrant upsetting" plaintiff's choice of forum.  *Id.* at 843; *see also, e.g.*, *Gherebi v.*

12 *Bush*, 352 F.3d 1278, 1302 (9th Cir.2003), *vacated on other grounds*, 542 U.S. 952 (2004).[3]

13      To succeed in overcoming Plaintiffs' choice, SkyWest must demonstrate "by particular

14 circumstances" that the Northern District of California is actually an "inappropriate" forum.

15 *Commodity Fut.*, 611 F.2d at 279.  "[V]enue can exist in multiple locations," and plaintiffs' "chosen

16 venue does not need to be the best venue."  *Rene v. Godwin Gruber, LLP*, 2005 WL 1871117 *2

17 (N.D. Cal. Aug. 2, 2005).  Nor should the case be transferred if "the effect is simply to shift the

18 inconvenience to the party resisting the transfer."  *Gherebi*, 352 F.3d at 1303; *see also U.S. v. One*

19 *Oil Painting Entitled "Femme en Blanc,"* 362 F.Supp.2d 1175, 1185 (C.D. Cal. 2005).

20
### II.  The Relevant Factors Favor Plaintiffs' Choice of Forum.

21      The following factors are relevant to a §1404(a) analysis:  (1) plaintiffs' choice of forum; (2)

22 the respective parties' contacts with the forum; (3) contact relating to the plaintiffs' cause of action

23 in the chosen forum; (4) convenience of witnesses; (5) differences in costs of litigation in the two

24 fora; (6) access to proof; (7) the interest of justice; (8) relevant public policy of the forum state; (9)

25 the two courts' familiarity with governing law; (10) the location where relevant agreements were

26

27      [3]  The decision whether to transfer venue under §1404(a) is committed to the Court's "broad

28 discretion."  *E.g.*, *Westinghouse Elec. Corp. v. Weigel*, 426 F.2d 1356, 1358 (9th Cir. 1970); *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 106 (2d Cir. 2006).

1  negotiated and executed; and (11) the existence of a forum-selection clause.  28 U.S.C. §1404(a);

2  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).[4]

3    **A.    Plaintiffs' Choice of Forum Is Entitled to Substantial Weight.**

4       Plaintiffs chose the Northern District of California when they filed this case, and their choice

5  is entitled to substantial weight under controlling law.  "[T]here is a strong 'presumption in favor of

6  plaintiff's choice of forums.'"  *Gherebi*, 352 F.3d at 1303 (quoting *Gulf Oil Corp. v. Gilbert*, 330

7  U.S. 501, 508 (1947)); *see also, e.g.*, *Decker Coal*, 805 F.2d at 843.  "[A] plaintiff's choice of forum

8  is accorded substantial weight . . ., and courts generally will not transfer an action unless the

9  'convenience' and 'justice' factors strongly favor venue elsewhere."  *Florens*, 245 F.Supp.2d at

10  1092 (citing *Sec. Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985)).

11       Although SkyWest contends that Plaintiffs' choice of forum is entitled to reduced weight

12  because Defendant alleges that Plaintiffs engaged in "forum shopping," another court within this

13  District rejected a nearly identical argument based on facts demonstrating much less of a California

14  connection than Plaintiffs show here.  *See Int'l Bhd. of Teamsters v. N. Am. Airlines*, 2005 WL

15  947083 (N.D. Cal. Apr. 20, 2005).  In *Teamsters*, the plaintiff union filed suit claiming that North

16  American Airlines had violated its pilots' RLA-protected rights.  North American moved to transfer

17  venue under §1404(a), making the same "forum shopping" claim.  North American argued that the

18  Teamsters' choice of forum was entitled to little deference because there was an "almost complete

19  absence of any connection between [the] dispute and this District."  *Teamsters*, 2005 WL 947083,

20  *3; *compare* Mot. to Transfer at 10–11.  The Court rejected North American's argument because,

21

22    ───────────────────

23       [4]  SkyWest cites *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163 (9th Cir. 2006), for a
somewhat different list of factors.  *Tuazon* involved a motion to dismiss for *forum non conveniens*,
24  not a motion to transfer under §1404(a), and the factors identified in *Tuazon* are drawn from *forum
non conveniens* case law.  *Id.* at 1178 (citing *Lueck v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir.
25  2001), a *forum non conveniens* case).  The doctrine of *forum non conveniens* applies when the
proposed transferee forum is in a foreign country.  *See, e.g.*, *Ravelo Monegro v. Rosa*, 211 F.3d 509,
26  512–13 (9th Cir. 2000).

27       The Ninth Circuit did cite *forum non conveniens* case law in analyzing a §1404(a) issue in
the *Decker Coal* case.  But in other §1404 cases, the Ninth Circuit has cited some version of the list
28  of factors given above.  *See, e.g.*, *Jones*, 211 F.3d at 498–99.  The precise list of factors makes little
practical difference in this case because the result is the same under either test.

1    *inter alia*, the airline "conduct[ed] some operations out of Oakland, California," maintained a

2    "secondary base of operations" in Oakland, a "small [but unspecified] number" of pilots were based

3    in Oakland, and 12 California residents worked as pilots for North American. *Id*. *4.

4          In this case, SkyWest flies more than 114 daily departures from SFO alone (in addition to

5    flights from Oakland, Monterey, and San Jose); San Francisco is a SkyWest "hub" and the site of a

6    maintenance base; four of nine individual Plaintiffs and at least three additional declarants are

7    California residents; and SkyWest concedes that its pilots are domiciled in San Francisco, Monterey,

8    and seven other California cities. *See* pp.1–6 *supra*. Plaintiff Air Line Pilots Association,

9    International ("ALPA") also has an office in San Francisco, and ALPA represents more than 24,000

10   employees who work for airlines or companies with hubs, bases, or "gateway" cities in California.

11   *Id*. ¶¶12–13 & Ex.E.

12         The record also demonstrates that Plaintiffs' *claims* have a strong connection to California.

13   SkyWest's policies and practices regarding lanyards and ALPA postings in crew rooms apply

14   company-wide, not just in Utah. And Plaintiffs provide ample evidence of specific examples of

15   Defendant's company-wide, unlawful policies and practices that occurred in California:

16       •    Captain Weichers has repeatedly attempted to post ALPA-related notices
     in the SFO crew room in an area where other non-operational material is posted.
17           Captain Weichers' ALPA-related notices quickly "disappear" – in some cases during
     the course of only one night, and, in at least one case, after only two hours. Other
18           non-ALPA related materials remain posted. Captain Weichers also attempted to
     deliver ALPA-related materials to another interested pilot by placing them in his V-
19           file, only to learn later that the intended recipient had never received the materials.
     *See* Weichers Decl. ¶¶4–7.

20

21       •    Captain Jacobie attempted to post ALPA-related material in the SFO crew
     room only to find that it had been taken down within approximately 24 hours.
22           Captain Jacobie attempted to distribute ALPA-related materials in pilot V-files in
     Fresno, but the materials disappeared and some were vandalized. Capt. Jacobie tried
23           to notify pilots of an informational meeting, but the notices he posted were quickly
     removed and one was thrown in the trash. Jacobie Decl. ¶¶6–9.

24       •    Plaintiffs Phil Alford, Andy Bharath, and Steve Dow, and Captains Weichers and
     Lowder, refrained from wearing ALPA lanyards on flights through airports within
25           this judicial district because of concern that they would be disciplined. Alford Decl.
     in Opp'n to Mot. to Transfer ¶3; Bharath Decl. in Opp'n to Mot. to Transfer ¶¶4–6;
26           Dow Decl. in Opp'n to Mot. to Transfer ¶3; Weichers Decl. ¶7; Lowder Decl. ¶4.
     Captain Boehm was directed not to wear his ALPA lanyard by a Chief Pilot in
27           California. Boehm Decl. in Support of TRO ¶¶4–9.

28       •    Captain Bharath placed ALPA interest cards in the crew room at LAX but found

that they had been thrown into the trash when he returned only a few hours later. Bharath Decl. in Opp'n to Mot. to Transfer ¶7.

- Captain Lowder posted ALPA-related material in a California airport that was quickly taken down. Lowder Decl. ¶3.

- Captains Jacobie and Weichers have seen material related to SkyWest's illegal company union, the SkyWest Airlines Pilot Association ("SAPA"), posted in SFO – including as recently as Sunday, May 27, 2007. Weichers Decl. ¶3; Jacobie Decl. ¶5.[5]

Here, as in *Teamsters*, the connections between Plaintiffs, SkyWest, Plaintiffs' claims, and California require the Court to accord "substantial weight" to Plaintiffs' choice of forum. *Florens*, 245 F.Supp.2d at 1092

**B.      The Parties and Plaintiffs' Claims Have a Strong Connection to California.**

The parties' contacts to California and the relationship between Plaintiffs' claims and California are also relevant factors under §1404(a).  As explained above, more Plaintiffs live in California than in any other state, and there is a strong connection between Plaintiffs' claims and California because illegal conduct of the type alleged in Plaintiffs' complaint has occurred repeatedly within the State and within this judicial district.  *See supra* Part I.A.

Plaintiffs' choice of their home state also overlaps with Defendant's strong connection to California.  SkyWest has more hubs in California than in any other state, including a hub in San Francisco.  *See* Prestel Decl. ¶7 & Ex.C.  SkyWest flies into and out of more airports in California than in any other state, including the San Francisco, Oakland, Monterey, and San Jose airports.  *Id*. ¶11.  SkyWest flies 141 daily flights from San Francisco, and more daily flights from California than from Utah.  *Id*.  ¶8.  SkyWest has more crew domiciles in California (nine of 16 total) than in any other state, with Colorado (host to two crew domiciles) coming in a distant second.  *Id*. ¶6. California is also host to more maintenance bases (five) than any other state.  *See id*. ¶10.  Given SkyWest's significant presence in California and in this judicial district, the mere fact that it may be

---

[5] Defendants rely on Plaintiffs' initial declarations to contend that this case has no connection to the Northern District of California.  *See* Mot. to Transfer at 6.  But Plaintiffs filed those declarations in support of their motion for *preliminary injunction*, where venue is not at issue. The declarations submitted in support of this opposition conclusively demonstrate that numerous specific incidents of illegal conduct *have* occurred within this district.

1   "more convenient for [SkyWest] to litigate this case in [Utah] because it has its principal place of

2   business there" (albeit in St. George, 300 miles from the Salt Lake City courthouse) is

3   "[in]sufficient to overcome" Plaintiffs' choice of forum. *Teamsters*, 2005 WL 947083, *4.

4           **C.      The Convenience of Witnesses Factor Favors This District.**

5           Defendant has utterly failed to meet its burden regarding this factor.  "To demonstrate an

6   inconvenience to witnesses, the moving party must identify relevant witnesses, state their location

7   and describe their testimony and its relevance." *Teamsters*, 2005 WL 947083, *4 (internal

8   quotation marks omitted); *Cochran v. NYP Holdings, Inc.*, 58 F.Supp.2d 1113, 1119 (C.D. Cal.

9   1998) ("'vague generalizations' of inconvenience" insufficient); *see also, e.g., Factors Etc., Inc. v.

10  Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978) (party must "clearly specify" witnesses).

11  Moreover, when weighing this factor, "primary consideration [is given] to third-party witnesses,"

12  *not* employee witnesses. *Teamsters*, 2005 WL 947093, *4; *STX, Inc. v. Trik Stik, Inc.,* 708 F.Supp.

13  1551, 1556 (N.D. Cal. 1988) (defendant's claim of witness inconvenience "must be discounted"

14  when the witnesses are Defendant's "employees whom [the company] can compel to testify").

15          The purpose of the convenience inquiry is to determine if the defendant would be placed at

16  an unfair disadvantage because a third-party witness with information crucial to the defense is

17  unwilling to appear voluntarily; under such circumstances, transfer may be appropriate "so that the

18  witness can be subpoenaed." *Langford v. Ameritanz, Inc.*, 2006 WL 1328223, *9 (E.D. Cal. May

19  13, 2006).  By contrast, "the convenience of witnesses who are employees of a party is given less

20  weight by the court because that party can obtain their presence at trial." 15 Wright & Miller,

21  Federal Prac. & Proc. §3851 at 423 (3d ed. 2007).  This is especially so "*when the defendant is a*

22  *transportation company* that easily can bring its witnesses to a more distant forum with little or no

23  expense." *Id.* (emphasis added).

24          Defendant, a transportation company, brazenly asserts that this case should be transferred to

25  Salt Lake City in large part because "[s]ubstantially *all* of SkyWest's witnesses reside in Utah."

26  Mot. to Transfer at 11 (emphasis in original).  Yet SkyWest has not identified a single witness that it

27  intends to call, stated her location, or described her testimony or its relevance – as it is required to

28

1   do so that its assertions may be tested. *Teamsters,* 2005 WL 947083, *4 (denying airline's transfer

2   motion where, *inter alia,* it failed to identify any witnesses).

3       SkyWest submitted four substantive declarations in opposition to Plaintiffs' preliminary

4   injunction motion, but the airline nowhere indicated that it intends to call these individuals as

5   witnesses at the evidentiary hearing.  Even assuming these are the witnesses Defendant will call,

6   only two of the four – *not* "substantially all" – reside in Utah.  *See* Decl. of David Livingston ¶1

7   (resides in Colorado) (Doc. No. 60); Decl. of Roy Glassey ¶1 (resides in Illinois) (Doc. No. 62).[6]

8   Moreover, all four potential witnesses are SkyWest employees whose testimony Defendant can

9   compel.  *See, e.g., Teamsters,* 2005 WL 947083, *4 (convenience of employee witnesses given less

10  weight because they "may be compelled to testify by their employer"); *First Franklin Fin. Corp. v.*

11  *Mortgage Acad., Inc.*, 2006 WL 3734624, *4 (N.D. Cal. Dec. 18, 2006) (same); *see also* Decl. of

12  Glassey at ¶1; Decl. of Livingston at ¶1; Decl. of Brooks at ¶1; Decl. of Emerson at ¶1.[7]

13  Defendant's "convenience of witnesses" argument is particularly weak because SkyWest is an

14  airline able to transport its employees to "plaintiffs' choice of forum" with "relative ease." *Tice v.*

15  *American Airlines, Inc.*, 162 F.3d 966, 974 (7th Cir. 1998), *cert. denied*, 527 U.S. 1036 (1999).[8]

16

17      [6]  The two declarants who reside in Utah reside in Dammeron Valley and in St. George, and
18  would thus have to travel over 300 miles to the courthouse in Salt Lake City.  Decl. of Todd
    Emerson ¶1 (Doc. No. 61); Decl. of Klen Brooks ¶1 (Doc. No. 63); Prestel Decl. ¶14 & Ex. F.
19
20      [7]  Although Defendant attempts to characterize testimony relating to SAPA as involving
    third-party witnesses, Motion to Transfer at 1, Defendant's witness on SAPA issues, David
21  Livingston, is a SkyWest employee.  (Indeed, Defendant's opposition to Plaintiffs' preliminary
    injunction motion is predicated on the argument that SAPA is an employee organization.)  SkyWest,
22  as Mr. Livingston's employer, "can obtain [his] presence at" the hearing and transport him with
    "relative ease" to San Francisco.  Wright & Miller, §3851 at 423; *Tice,* 162 F.3d at 974.
23
24      [8] Another related factor relevant to the §1404(a) analysis is the availability of compulsory
    process to compel unwilling witnesses to testify.  *See Jones*, 211 F.3d at 499.  SkyWest fails to
25  identify a single unwilling witness who may need to be subpoenaed.  The airline contends vaguely
    that unwilling witnesses "are likely to be in Utah," Motion to Transfer at 12, but it does not identify
26  any unwilling witnesses it would like to call – much less provide such witnesses' names, a
    description of their testimony, or evidence that they could be compelled to testify in Utah but not in
27  California.  *See First Franklin*, 2006 WL 3734624, *4 (noting that neither parties have informed the
    court that unwilling witnesses will be necessary); *see also Langford v. Ameritanz, Inc.,* 2006 WL
28  
                                                                              (continued...)

**D.    SkyWest Has Not Presented Any Evidence That the Costs Factor Favors Transfer.**

With respect to costs, SkyWest asserts only that the case would require travel.  Mot. to Transfer at 12.  SkyWest fails entirely to meet its burden of demonstrating "that it would be prohibitively expensive or difficult for Defendant[] to travel to [San Francisco] to litigate this action."  *Miracle v. N.Y.P. Holdings, Inc.*, 87 F.Supp.2d 1060, 1073 (D. Haw. 2000).  "As the Ninth Circuit has noted on more than one occasion, 'in this era of fax machines and discount air travel,' it is not unreasonable to require a party to litigate in a distant forum."  *Id.* at 1073 (quoting *Panavision Int'l, LP v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998)).  Because Defendant is an *airline* with a hub in San Francisco, its claims of hardship based on travel to this District are difficult to countenance.  *Id.* at 1073–74 ("large corporation could more easily travel . . . to litigate" than individual plaintiffs).

SkyWest also speculates that releasing pilots from their flight or reserve duties for the preliminary injunction hearing could cause delayed or cancelled flights.  But SkyWest fails to provide *any actual evidence* of flight disruption.  SkyWest released some of Plaintiffs' witnesses for preparation and for participation in the originally scheduled June 1, 2007 hearing, Prestel Decl. ¶15 & Ex.G, but it has not submitted any evidence that those releases had any adverse consequences for SkyWest – let alone any evidence that releasing pilots for the evidentiary hearing in San Francisco caused or would cause delays or cancelled flights that would not be caused if pilots had to be released for a hearing in Salt Lake City.

Notwithstanding SkyWest's speculative assertions, the airline has many options for filling in slots when a pilot is unable to work an assigned shift.  SkyWest routinely assigns pilots to "reserve" duty, which means that they must be available as replacement staff for flights on very short notice.  In addition, some SkyWest pilots are kept on "ready reserve," which means that they are actually sitting in airport crew lounges, ready to staff flights immediately if necessary.  And finally, SkyWest

---

[8](...continued)
1328223, *9 (E.D. Cal. May 13, 2006) (defendants mentioned "possible witnesses" but did not inform the Court "what their testimony will be, why their testimony is relevant, and that they will be unavailable without a subpoena.").

1   may call pilots who are entirely off duty and request that they voluntarily work, a practice known as

2   "junior manning."  Dow Decl. in Opp'n to Mot. to Transfer ¶5.

3         Most significantly, pilots would have to be released from duty to testify at the evidentiary

4   hearing whether it were located in Salt Lake City or in San Francisco.  SkyWest's current position is

5   that it will only release pilots for two days, and SkyWest has now become uncooperative in

6   releasing pilots from duty so that they can meet with counsel and prepare for the preliminary

7   injunction hearing.  If, as SkyWest apparently believes, it is only required to release pilots for the

8   day of the hearing itself, then there is no difference whatsoever on its operations from holding the

9   hearing in San Francisco.  *See* Prestel Decl. Ex.H.[9]

10         **E.    The Access to Proof Factor Favors Plaintiffs' Choice of Forum.**

11         SkyWest does not offer any evidence that access to proof will be difficult in California.

12   SkyWest does not identify any specific documentary or physical evidence it intends to introduce –

13   let alone voluminous or cumbersome evidence that could not easily be transported.  In *Teamsters,*

14   the Court concluded that this factor did not weigh in favor of transfer because, *inter alia*, the

15   defendant airline had not "established that voluminous documents remain to be exchanged by the

16   parties."  *Teamsters,* 2005 WL 947083, *4; *see also STX, Inc.*, 708 F.Supp. at 1556 (presence of

17   some records in alternate state fell "woefully short of the grounds necessary to justify superseding

18   plaintiff's choice of forum").  The same is true in this case.[10]

19
20         **F.    The Interest of Justice Factor Strongly Favors the Northern District of
         California.**

21         The "interest of justice" factor strongly favors Plaintiffs' choice of forum.  28 U.S.C.

22   §1404(a).  If this case is transferred to Utah, SkyWest will likely argue to the Utah District Court

23

24         [9]  Plaintiffs believe that SkyWest's refusal to release pilots for adequate witness preparation
     is improper, will lengthen the preliminary injunction hearing, and violates this Court's order.
25   Plaintiffs will address these issues in later filings if necessary.

26         [10]  Although SkyWest states that its "computer servers" are in Utah, it fails to provide any
     explanation as to why this is relevant or why its servers could possibly be necessary evidence.  In a
27   similar situation, the Seventh Circuit rejected American Airlines' argument that the "need at trial for
     [a] Dallas flight simulator" weighed in favor of transfer because the flight simulator was only of
28   "questionable relevance."  *Tice*, 162 F.3d at 974.

that Plaintiffs' TRO cannot continue in effect under the Norris-LaGuardia Act's time limit provision pending the new Court's preliminary injunction hearing.  *See* 29 U.S.C. §107.  If SkyWest were to succeed with this argument, it would effectively circumvent this Court's TRO and leave Plaintiffs and other pilots without protection pending the new Court's scheduled hearing.  SkyWest would be left free to interfere with Plaintiffs' and other pilots' statutorily protected expressive and associational rights, notwithstanding the courts' "duty" to protect them and the "irreparable" harm that would result.  *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 938-39 (9th Cir. 1987).  Under the "interest of justice" standard, this is reason enough to deny SkyWest's motion to transfer venue.

### G.    California's Strong Public Policy Favoring Union Organizing Weighs Against Transfer.

California has expressly declared that its public policy favors union organizing.  Cal. Lab. Code § 923 (employees must have "full freedom of association, self-organization, and designation of representatives" free from "the interference, restraint or coercion of employers").  California law likewise prohibits the creation of employer-controlled unions. Cal. Lab. Code § 1122.  The California Legislature has "declared that the public policy of California favors concerted activities of employees for the purpose of collective bargaining or other mutual aid or protection." *United Farm Workers Org'g Comm. v. Super. Court*, 254 Cal.App.2d 768, 775 (1967).

California's express public policy favoring labor organizing weighs against transfer. California has a strong interest in ensuring that its residents – including four of the individual pilot Plaintiffs and the other SkyWest pilots who reside in this state – are able to exercise their statutorily protected labor speech and organizing rights.

### H.    Other Relevant Factors Favor Plaintiffs' Choice of Forum or Are Neutral.

The remaining factors weigh in favor of Plaintiffs' choice of forum because SkyWest fails to meet its burden of proof.

SkyWest concedes that both federal courts are "equally capable of hearing and deciding" the questions at issue.  *See* Mot. to Transfer at 14.  This militates against transfer because §1404(a) "provides for transfer to a *more* convenient forum, not to a forum likely to prove equally convenient

1  or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964) (emphasis added).  SkyWest

2  also has not identified any relevant agreements executed in Utah.  *See Jones*, 211 F.3d at 498.  Nor

3  has it identified any applicable forum-selection clause.  *Id*. at 489.

4        Although SkyWest contends that the issue of docket congestion favors transfer, both sides

5  agree that the key proceeding in this case is the preliminary injunction hearing.  This Court has

6  scheduled that hearing for June 11, 2007.  It is highly unlikely that the Utah District Court would be

7  able to schedule a hearing before that date if this case were transferred.  Equally to the point, docket

8  congestion "should play a role" only "if the backlogs in the two courts are so totally

9  disproportionate that it is obvious that time to trial would be radically longer in the court initially

10  selected by plaintiff." *Linear Tech. Corp. v. Analog Devices, Inc.*, 1995 WL 225672, *4 (N.D. Cal.

11  March 10, 1995); *see also Gintz v. Jack in the Box, Inc.*, 2007 WL 397306, *4 (N.D. Cal. Feb. 1,

12  2007).  The speed with which this Court has acted thus far undermines any claim that docket

13  congestion will lead to a "radically longer" schedule here.  Docket congestion is also a relatively

14  unimportant consideration in the §1404(a) analysis, and a case should not be transferred based on

15  docket concerns when other factors weigh against transfer.  *See In re Scott*, 709 F.2d 717, 721 (D.C.

16  Cir. 1983); *Costco Wholesale Corp.*, 372 F.Supp.2d at 1196; *STX, Inc.*, 708 F.Supp. at 1556.

17                                    **CONCLUSION**

18        For the foregoing reasons, SkyWest's motion to transfer should be denied.

19

20  Dated:  May 31, 2007                    Respectfully submitted

21                                    STEPHEN P. BERZON
                                      LINDA LYE
22                                    CLAIRE P. PRESTEL
                                      Altshuler Berzon LLP

23                                    ELIZABETH GINSBURG
                                      Air Line Pilots Association, International

24

25                                    by:___\s\ Claire Prestel_____
                                         Claire Prestel

26

27                                    Attorneys for Plaintiffs

28