STEPHEN P. BERZON (#46540)
sberzon@altshulerberzon.com
LINDA LYE (#215584)
llye@altshulerberzon.com
CLAIRE P. PRESTEL (#235649)
cprestel@altshulerberzon.com
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:   (415) 362-8064

ELIZABETH GINSBURG
(Admitted to Practice *Pro Hac Vice*)
elizabeth.ginsburg@alpa.org
Air Line Pilots Association, International
535 Herndon Parkway
Herndon, VA 20172-1169
Telephone:  (703) 481-2424
Facsimile:   (703) 481-2478

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>SKYWEST AIRLINES, INC.,<br><br>　　　　Defendant. | CASE No. C-07-2688 CRB<br><br>**PLAINTIFFS' APPLICATION FOR ORDER TO SHOW CAUSE RE: CONTEMPT**<br><br>Date:　To Be Determined<br>Time:　To Be Determined<br>Place:　Courtroom 8, 19th Floor |

**NOTICE**

PLEASE TAKE NOTICE that Plaintiffs hereby apply to this Court for issuance of an order to show cause re: contempt against Defendant SkyWest Airlines, Inc.

By this application, Plaintiffs demonstrate that the Court should issue an order to show cause, hold a hearing, and find SkyWest in civil contempt to coerce compliance with the Court's May 24, 2007 Amended Temporary Restraining Order, and should require SkyWest to pay $250,000 per day or such other remedy as the Court deems appropriate until SkyWest complies with the Amended TRO, as well as pay Plaintiffs' attorneys' fees, expenses, and costs.  The grounds for

the application are that SkyWest has violated and stated its intent to continue violating paragraph 3 of the Court's Amended TRO, which requires SkyWest "to provide the pilots employed by SkyWest, who are members of Plaintiff SkyWest Pilots ALPA Organizing Committee and whose names appear on the attached Appendix A, with access to the same channels of communication provided to SAPA at any point during the last year, including but not limited to . . . newly-hired pilot classes." SkyWest has refused to permit two Plaintiff-pilots who are listed on Appendix A to make a presentation at a June 1 class for newly-hired pilots and has stated that it will continue to refuse to permit such presentations for the duration of the Amended TRO even though SAPA had access to such classes in the last year.

This application is based on this notice, the following memorandum of points and authorities, the accompanying declarations, the Court's Temporary Restraining Orders, all pleadings on file in the case, and such argument and evidence as may be heard by this Court.

## MEMORANDUM IN SUPPORT

### INTRODUCTION

SkyWest is in blatant violation of paragraph 3 of the Court's Amended TRO, which requires SkyWest "to provide the pilots employed by SkyWest, who are members of Plaintiff SkyWest Pilots ALPA Organizing Committee and whose names appear on the attached Appendix A, with access to the same channels of communication provided to SAPA at any point during the last year, including but not limited to . . . newly-hired pilot classes." Despite the Court's plain command, SkyWest has refused to allow two pilots who are listed on Appendix A to make a presentation at a June 1 training session for newly hired pilots and SkyWest has further stated its intent not to permit such presentations for the duration of the Amended TRO even though SAPA had access to such training sessions in the past year. Plaintiffs have sought to obtain compliance without resort to the Court, but SkyWest has refused. The Amended TRO will expire shortly and SkyWest will have succeeding in defying an explicit order of the Court unless the Court acts to hold SkyWest in contempt. Accordingly, Plaintiffs respectfully request that the Court act immediately to begin the process of finding SkyWest in contempt.

**BACKGROUND**

SkyWest provides training classes for newly-hired pilots, and routinely invites the SkyWest Airlines Pilot Association ("SAPA") to speak at these classes. Declaration of Steve Dow in Support of Temporary Restraining Order and Preliminary Injunction, ¶6 (attached to Declaration of Linda Lye in Support of Contempt ("Lye Dec."), Ex A). During these presentations, SAPA discusses the "representation" that it provides and urges pilots not to support outside unions such as the Air Line Pilots Association ("ALPA"). Declaration of Diletta Martirano in Support of Temporary Restraining Order and Preliminary Injunction, ¶2 (attached to Lye Dec., Ex B). Prior to the commencement of this litigation, Plaintiffs requested the opportunity to speak to newly-hired pilot classes, but SkyWest refused. Declaration of Andy Bharath in Support of Temporary Restraining Order and Preliminary Injunction, ¶¶10-12 (attached to Lye Dec., Ex C).

Hence Plaintiffs sought a TRO on this and other issues. The Court issued a TRO and later an Amended TRO that addressed the issue. The operative Amended TRO, issued May 24, 2007, provides (emphases added):

> IT IS FURTHER HEREBY ORDERED that Defendant SkyWest Airlines, Inc. ("SkyWest"), its officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in concert with Defendant, are hereby temporarily restrained and enjoined, pending a ruling by this Court on whether a preliminary injunction should issue, from:
>
> . . . .
>
> 3) Discriminating in any way against SkyWest pilots with respect to the channels of communication they may use to communicate with fellow pilots, and *to provide the pilots employed by SkyWest, who are members of Plaintiff SkyWest Pilots ALPA Organizing Committee and whose names appear on the attached Appendix A, with access to the same channels of communication provided to SAPA at any point during the last year, including* but not limited to a dedicated bulletin board in each crew lounge where SAPA had a dedicated bulletin board at any point in the last year,

1 general bulletin boards in crew lounges, pilot mailboxes, SkyWest's email system,
2 and *newly-hired pilot classes*.
3 Similar language appeared in the original May 22, 2007 Temporary Restraining Order.
4  Plaintiffs' counsel have repeatedly sought compliance with this provision of the TRO and
5 amended TRO. On May 22, 2007, the same day the TRO issued, Plaintiffs requested that they be
6 placed on the agenda of a May 29, 2007 class for newly-hired pilots. Lye Dec., Ex. D. SkyWest
7 refused on the ground that "SAPA is not scheduled to present at this time." Lye Dec., Ex. E.
8 SkyWest indicated that "SAPA was scheduled to present at the June 1 class," but contended that
9 "class falls outside of the TRO's parameters." *Id.* (The original TRO would have expired by June
10 1.) Plaintiffs responded with a letter stating that nothing in the TRO limited compliance to classes
11 where SAPA also appeared, but instead reached any channels of communication SAPA used during
12 the last year. Lye Dec., Ex. F. In this letter, Plaintiffs again sought the right to present at the May
13 29 class and noted that SkyWest was evading the TRO. *Id.* Plaintiffs never received a response and
14 were not permitted to present at the May 29 class. Lye Dec., ¶7.
15  On May 30, 2007, after issuance of the Amended TRO and after SkyWest's failure to
16 comply with the Court's order with respect to the May 29 class, Plaintiffs again raised the issue.
17 Plaintiffs requested the opportunity to make a presentation at the June 1 class, noting that the
18 Amended TRO would be in effect beyond June 1. Lye Dec., Ex. G. SkyWest responded that the
19 language of the TRO requiring that Plaintiffs be afforded access to all channels of communication
20 provided to SAPA in the last year is "grammatically incorrect." Lye Dec., Ex. H. Based on
21 purported issues of grammar, SkyWest argued that it is in compliance if it prohibits both Plaintiffs
22 and SAPA from presenting to the *same class* rather than provides Plaintiffs access to classes that are
23 the same as other classes to which SAPA had access during the last year. *Id.* On this basis,
24 SkyWest refused to allow two Plaintiff-pilots who are members of Plaintiff SkyWest Pilots ALPA
25 Organizing Committee and whose names appear on Appendix A to the Amended TRO to make a
26 presentation at the June 1 class. Declaration of Steve Dow in Support of Contempt ("Dow Dec."),
27 ¶¶2-5; Declaration of Phil Alford in Support of Contempt ("Alford Dec."), ¶¶2-5. In addition,
28

PLAINTIFFS' APPLICATION FOR ORDER TO SHOW CAUSE RE: CONTEMPT, CASE No. C-07-2688 CRB   4

1  SkyWest will not allow pilots who fall within the scope of the Amended TRO "to make a
2  presentation to the new hire training while the TRO is in effect." Lye Dec., Ex. H.

## ARGUMENT

SkyWest's purported interpretation of the Amended TRO makes no sense and is simply an attempt to run out the clock on the Court's order. SkyWest is "to provide the pilots employed by SkyWest, who are members of Plaintiff SkyWest Pilots ALPA Organizing Committee and whose names appear on the attached Appendix A, with access to the same channels of communication provided to SAPA at any point during the last year, including but not limited to . . . newly-hired pilot classes." The language of the Amended TRO permits only one interpretation: SkyWest must provide pilots who are members of the Organizing Committee and are listed in Appendix A "with access to the same channels of communication provided to SAPA at any point during the last year."

There is no dispute that SkyWest afforded SAPA access to new-hire classes in the past year but has refused to permit that same access during the pendency of this Court's Amended TRO – notwithstanding the plain language of that order. Nor can there be a dispute that such access is a "channel of communication." Speaking directly to newly-hired pilots is a classic means of communication. SkyWest nevertheless attempts to read into the Court's order language that is not present and suggests that access is only required to the same class. There is simply no basis for such a reading. A channel of communication used within the last year has nothing to do with a particular class, but refers to a means of communication. Any other interpretation would allow SkyWest to benefit from its prior discriminatory behavior by purporting to apply rules evenhandedly going forward.

SkyWest has made a tactical decision to defy the Court's Amended TRO, which is by definition of limited duration, in the hope of avoiding compliance entirely by passage of time. SkyWest's refusal to comply with the Amended TRO should be punished by contempt. The "power to hold a party in contempt is a discretionary power vested in the court whose order has been violated," and punishment may include fine or imprisonment. *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1364 (9th Cir. 1987). "If a person disobeys a specific and definite court order, he may properly be adjudged in contempt." *Id.* at 1365; *see also Donovan v. Mazzola*, 716 F.2d

1226, 1240 (9th Cir. 1983). SkyWest's refusal to obey the Amended TRO falls squarely in the area in which courts find contempt.

SkyWest has blatantly violated this Court's Amended TRO and has stated that it intends to continue violating the Court's order by refusing to permit pilots who fall within the scope of the TRO from making presentations to new-hire classes. Lye Dec., Ex. H. Indeed, SkyWest's correspondence demonstrates that it is trying to run out the clock on the TRO. On May 23, SkyWest claimed that it would not allow a presentation at the June 1 class because the TRO would have expired by then. Lye Dec., Ex. E. When the TRO was extended, SkyWest changed its rationale, and claimed for the first time that the wording of the Amended TRO did not cover the June 1 class. Lye Dec., Ex. H.

Contempt is required to ensure SkyWest's compliance with this Court's order. Accordingly, the Court should issue an order to show cause, hold an immediate hearing, and find SkyWest in contempt. This action should take place immediately or SkyWest will have succeeded by delay in avoiding the Court's commands. An appropriate contempt penalty is $250,000 per day or such other remedy as the Court deems appropriate until SkyWest complies with the Amended TRO. The Court should also require SkyWest to pay Plaintiffs' attorneys' fees, expenses, and costs.

**CONCLUSION**

For the above reasons, the Court should issue an order to show cause re: contempt and, after a hearing, find SkyWest in contempt.

Dated: June 1, 2007        Respectfully submitted

STEPHEN P. BERZON
LINDA LYE
CLAIRE P. PRESTEL
Altshuler Berzon LLP

ELIZABETH GINSBURG
Air Line Pilots Association, International


by:   \s\Stephen P. Berzon
          Stephen P. Berzon

Attorneys for Plaintiffs