Douglas W. Hall (Admitted *Pro Hac Vice*)
FORD & HARRISON LLP
1300 Nineteenth Street, N.W., Suite 700
Washington, DC 20036
Telephone:   202-719-2065
Facsimile:   202-719-2077
Email: dhall@fordharrison.com

Robert Spagat (SBN: 157388)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:   415-591-1000
Facsimile:   415-591-1400
Email: rspagat@winston.com

Attorneys for Defendant
SKYWEST AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SKYWEST AIRLINES, INC.,<br><br>Defendant. | Case No. C-07-2688 CRB<br><br>**SUPPLEMENTAL DECLARATION OF TODD EMERSON IN SUPPORT OF DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO SKYWEST AIRLINES, INC.'S MOTION TO TRANSFER**<br><br>Date: June 5, 2007<br>Time: 3:00 p.m.<br>Ctrm: 8, 19th Floor<br><br>Judge: Hon. Charles R. Breyer<br><br>Action Filed: May 22, 2007 |

1

SUPP. DECLARATION OF TODD EMERSON IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER
CASE NO. C 07-2688 CRB

I, Todd Emerson, declare as follows:

1. I reside in St. George, Utah. I am employed by SkyWest Airlines, Inc. ("SkyWest"), in the position of General Counsel – Operations. I base this declaration on my personal knowledge and information maintained by SkyWest in the ordinary course of business. If called upon to testify to the facts contained in this declaration, I could and would do so competently.

2. In their declarations, plaintiffs have made allegations against 13 different members of SkyWest management or employees. None of the 13 managers or administrators live or work in the Northern District of California and 8 live and work in the District of Utah. These personnel, whom Plaintiffs have identified as the alleged wrongdoers, are:

   a. Jim Black, Line Pilot – CRJ Captain, lives and is based in Salt Lake City, Utah.

   b. Todd Emerson, General Counsel – Operations, lives and works in St. George, Utah.

   c. Dave Faddis, Director of Training/Standards, lives in Cedar City, Utah and works in St. George, Utah and Salt Lake City, Utah.

   d. Tony Fizer, Director of Special Projects. During the relevant time period, Mr. Fizer was the Salt Lake Chief Pilot and Western Regional Director of Chief Pilots. He lives in Park City, Utah, and continues to work in Salt Lake City, Utah.

   e. Verdean Heiner, Manager for Flight Training, lives in Layton, Utah and works in Salt Lake City, Utah.

   f. Brad Holt, Vice President of Flight Operations, lives in Washington, Utah and works in St. George, Utah.

   g. Shane Losee, Manager of Training, lives in Sandy, Utah and works in Salt Lake City, Utah.

   h. Jason Meister, Ground Instructor, lives in West Jordan, Utah and works in Salt Lake City, Utah.

   i. Roy Glassey, Chief Pilot, Chicago, lives in Kildeer, Illinois.

   j. Kelly Riley, Chicago Chief Flight Attendant, lives in Chicago, Illinois.

    k.    Susan Brown, Administrative Assistant in Colorado Springs, lives in Falcon, Colorado.

    l.    Jeff Curry, Chief Pilot, Denver, lives in Berthoud, Colorado and is based in Denver, Colorado.

    m.    Tony Hoetker, Regional Director and Chief Pilots, Western Region, lives and is domiciled in Palm Springs, California.

3.    Plaintiffs allege that SkyWest is engaged in an unlawful relationship with the SkyWest Pilots Association ("SAPA"), and that, between July and September 2006, SkyWest bargained with SAPA unlawfully. The complained-of bargaining consisted of roughly 10 meetings where at least two SAPA executives and Brad Holt and/or Klen Brooks were physically present in the location. At least five of these meetings took place in Utah, with Denver, Chicago and Los Angeles also serving as meeting locations. No negotiations ever took place in the Northern District of California. Most of the representatives of both SAPA and SkyWest who took part in the complained-of bargaining reside or are domiciled in Utah. These witnesses include:

    a.    Mike Eisenstat, Line Captain, lives in Pleasant Grove, Utah, and is domiciled in Salt Lake City, Utah. He is the current SAPA Secretary and was a continuous presence at the negotiations along with Jim Black.

    b.    Jim Black, Line Pilot, CRJ Captain, lives in Grantsville, Utah and is domiciled in Salt Lake City. He is the current SAPA VP and was a continuous presence at the negotiations along with Mike Eisenstat.

    c.    Dave Alden, First Officer, lives in Sacramento, California and is domiciled in Sacramento. He is a former SAPA President and participated in part of the negotiations on behalf of SAPA.

    d.    David Livingston, CRJ Captain, lives and is domiciled in Colorado Springs, Colorado. He is a former SAPA President and participated in part of the negotiations on behalf of SAPA. He is a current member of the SAPA Representative Board.

    e.    Brad Holt, Vice President of Flight Operations, lives in Washington, Utah and works in St. George, Utah. He participated in every negotiation meeting on behalf of SkyWest.

    f.    Klen Brooks, System Chief Pilot, lives in Dammeron Valley, Utah, and works in St. George, Utah. He participated in almost every negotiation meeting on behalf of SkyWest.

3

SUPP. DECLARATION OF TODD EMERSON IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER
CASE NO. C 07-2688 CRB

4.   Current SkyWest President Russell Childs and former President Ron Reber have quarterly meetings with the SAPA Executive Committee in St. George, Utah.

5.   Plaintiff Russell Jacobie complains that he saw SAPA materials in crew lounges in airports in multiple judicial districts, including but not limited to, the San Francisco Airport. On information and belief, any information that SAPA posts in a small crew lounge like San Francisco SAPA also posts in the considerably bigger crew lounge in Salt Lake City, Utah where it may be viewed by considerably more pilots.

6.   Plaintiffs allege that SkyWest has prevented pilots from wearing lanyards with ALPA's insignia, while allowing pilots to wear lanyards with other insignias. Plaintiffs allege that the following management personnel instructed Plaintiffs to remove lanyards with ALPA logos or refused ALPA's requests to be given permission to wear the lanyards:

   a.   Klen Brooks, System Chief Pilot and Director of Flight Operations, lives in Dammeron Valley, Utah, and works in St. George, Utah.

   b.   Todd Emerson, General Counsel – Operations, lives and works in St. George, Utah.

   c.   Dave Faddis, Director of Training/Standards, lives in Cedar City, Utah and works in St. George, Utah and Salt Lake City, Utah.

   d.   Tony Fizer, Director of Special Projects. During the relevant time period, Mr. Fizer was the Salt Lake Chief Pilot and Western Regional Director of Chief Pilots. He lives in Park City, Utah, and works in Salt Lake City, Utah.

   e.   Verdean Heiner, Manager of Flight Training, lives in Layton, Utah and works in Salt Lake City, Utah.

   f.   Jason Meister, Ground Instructor, lives in West Jordan, Utah and works in Salt Lake City, Utah.

   g.   Shane Losee, Manager of Training, lives in Sandy, Utah and works in Salt Lake City, Utah.

   h.   Roy Glassey, Chief Pilot, Chicago, lives in Kildeer, Illinois.

   i.   Susan Brown, Administrative Assistant in Colorado Springs, lives in Falcon, Colorado. Ms. Brown is not a management level employee.

j.  Tony Hoetker, Regional Director and Chief Pilot, Western Region, lives and is domiciled in Palm Springs, California.

7.  Plaintiffs allege that SkyWest management removed ALPA materials from pilot mailboxes. There are 847 pilot mailboxes in Utah, and 29 in the Northern District of California. Due to its extremely small size, there is no pilot management at the reserve base in san Francisco. Instead, the Chief Pilot in Fresno visits the San Francisco reserve base on Fridays for roughly four hours as his schedule permits.

8.  Plaintiffs allege that SkyWest management instructed Plaintiffs to stop handing out ALPA fliers at the Training Center in Salt Lake City, Utah. These personnel include:

a.  Dave Faddis, Director of Training/Standards, lives in Cedar City, Utah and works in St. George, Utah and Salt Lake City, Utah.

b.  Shane Losee, Manager of Training, lives in Sandy, Utah and works in Salt Lake City, Utah.

9.  Neither I, nor any of the many witnesses who work at SkyWest headquarters in St. George, Utah, can fly directly to San Francisco. We must either go through Salt Lake City or Los Angeles. There are ten flights a day that depart St. George, eight of which go to Salt Lake City.

10.  On May 29, 2007, I passed through the Salt Lake City Airport on my way to San Francisco for the then-scheduled hearing on Plaintiffs' motion for a preliminary injunction. When I checked my priority, the gate agent asked me if I was part of the group of pilots who were heading to San Francisco. None of us would have had to complete this leg of travel if the hearing had been in the District of Utah in Salt Lake City.

11.  Only one Plaintiff resides in the Northern District of California, Frank Bowlin. However, Bowlin is domiciled in Salt Lake City. Only twenty-nine (29) pilots currently are domiciled in the Northern District of California. One Thousand Eighty (1,080) currently are domiciled in Utah.

12.  SkyWest is a regional carrier that contracts with United Airlines ("United") and Delta Airlines ("Delta"). SkyWest does not sell tickets for its own flights. Rather, United and Delta sell the tickets for flights serviced by SkyWest and then pay SkyWest on a per-departure basis. United

and Delta control the seat inventory and allow SkyWest management to travel "positive space" on a limited basis for business. However, these seats are not guaranteed for any given flight and many times SkyWest employees must fly stand-by. Despite holding a positive space ticket, I have been bumped on many occasions and been forced to overnight in that location or purchase a full fare ticket on another airline to reach my destination.

13. To ensure that its witnesses are at a hearing in the Northern District of California at a given time on a given day SkyWest must purchase full-price tickets for each of its witnesses. Alternatively, SkyWest must take its witnesses off line a day in advance to ensure that they will be able to board a flight.

14. It is clear that the majority of witnesses will be passing through Salt Lake City on their way to San Francisco. SkyWest currently has an average 85.43% Load Factor for its flights from SLC to SFO. This makes flights from SLC to SFO among the busiest and most crowded in the airline. An 85% load factor is technically at full capacity. It means that 85% of the seats on all flights are taken *on average*. This takes into account the weekend flights that typically run at a 50% load factor. To reach 85%, we are experiencing flights that are full and oversold during the business week. With advance ticket sales and industry projections, the load factor is expected to increase by 6% this summer, taking the total average load factor to 91.43%. Summer months are the busiest time for airlines as leisure travel is at its highest and business travel remains constant.

15. Plaintiffs repeatedly have sought to force SkyWest to unschedule Plaintiffs and their non-Plaintiff witnesses for days at a time to meet with their attorneys in San Francisco. Plaintiffs first demanded that SkyWest unschedule five Captains for three days so they could meet with counsel in San Francisco and appear at the originally scheduled hearing on their motion for a preliminary injunction on May 31, 2007. Attached hereto as Exhibit A is a true and correct copy of a letter I received on May 25, 2007, from Plaintiffs' attorney Linda Lye, demanding that SkyWest make these pilots available from May 29 through May 31. When the hearing date was vacated, Plaintiffs demanded that SkyWest keep them unscheduled through May 31, 2007, so that they could meet with their counsel in San Francisco anyway. Attached hereto as Exhibit B is a true and correct

copy of a letter I received on May 30, 2007, from Plaintiffs' attorney Linda Lye, demanding that SkyWest leave pilots unscheduled through May 31 so they could meet with their counsel in San Francisco. When the hearing was reset for June 7, Plaintiffs demanded that SkyWest unschedule four Captains for two days so they could meet with counsel in San Francisco and appear at the rescheduled hearing June 7, 2007. Attached hereto as Exhibit C is a true and correct copy of a letter I received on June 1, 2007, from Plaintiffs' attorney Linda Lye, demanding that SkyWest make these pilots available from June 6 through June 7. On behalf of SkyWest, I agreed to make all of Plaintiffs' pilots available on June 6 and 7, but clarified that one Plaintiff, who already met with counsel in San Francisco on May 30 and 31, would be made available after completing a flight to Salt Lake City at 3:49 p.m. Attached hereto as Exhibit D is a true and correct copy of a letter I sent to Ms. Lye on June 1, 2007, confirming this information. On June 3, 2007, I received a letter from Ms. Lye, stating that it was unacceptable to make Captain Alford available at 3:49 p.m., and demanding that I make him available all day. Attached hereto as Exhibit E is a true and correct copy of a letter I received on June 3, 2007, (although it is erroneously dated June 1, 2007), from Ms. Lye, demanding that I make Captain Alford available all day on June 6, 2007. In each of her letters, Ms. Lye asserted that the Court's Temporary Restraining Order required SkyWest to comply with all of her demands. Attached hereto as Exhibit F is a true and correct copy of my response to Ms. Lye's June 3, 2007, letter. In my letter, I point out that Mr. Alford was off-duty on May 24, 25, 26, 30, and 31, and June 1 and 2, 2007. SkyWest's flight records confirm that Mr. Alford already was in San Francisco on (at least) May 31, 2007.

16. On behalf of SkyWest pilots I agreed to make all of Plaintiffs' pilots available on June 6 and 7, but clarified that one Plaintiff, who already met with counsel in San Francisco on May 30 and 31, would be made available <u>on June 6</u> after completing a flight to Salt Lake City at 3:49 p.m. Attached hereto as Exhibit D is a true and correct copy of a letter I sent to Ms. Lye on June 1, 2007, confirming this information. On June 3, 2007, I received a letter from Ms. Lye, stating that it was unacceptable to make Captain Alford available at 3:49 p.m., and demanding that I make him available all day, <u>which by necessity would require us to also take him off flights on June 5 as he</u>

would otherwise end up in Minnesota by June 6. Attached hereto as Exhibit E is a true and correct copy of a letter I received on June 3, 2007. (although it is erroneously dated June 1, 2007) from Ms. Lye, demanding that I make Captain Alford available all day on June 6, 2007. In each of her letters, Ms. Lye asserted that the Court's Temporary Restraining Order required SkyWest to comply with all of her demands.

17. SkyWest pilots voted no to ALPA in past union elections, including an election that took place under the auspices of the National Mediation Board in 1999.

18. Attached hereto as Exhibit G is a true and correct copy of blogging entries that have been brought to my attention by SkyWest pilots. They show that many pilots are inundated with ALPA materials, despite the alleged interference, and front line pilots are just as likely to remove ALPA postings from bulletin boards.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief, and this declaration was executed this 4th day of June, 2007, in Salt Lake City, Utah.

Todd Emerson

SF:173872.4