# The Railway Labor Act

Second Edition

by the
iployment Law

Survey

urvey

es, 2003 Supplement

ates

vocates

ext: A State-by-State Survey

ıy

ge on the Internet at
request a catalog.
ıation basis.

# The Railway Labor Act

## Second Edition

### Senior Editors

| | |
|---|---|
| Michael E. Abram<br>New York, NY | Tom A. Jerman<br>Washington, DC |
| John O'B. Clarke, Jr.<br>Washington, DC | Mary L. Johnson<br>Washington, DC |
| David P. Dean<br>Washington, DC | Paul D. Jones<br>Memphis, TN |
| Michael M. Duran, Sr.<br>New Orleans, LA | Gary S. Kaplan<br>Chicago, IL |
| Daniel R. Elliott III<br>Lakewood, OH | Andrew D. McClintock<br>Atlanta, GA |
| Ronald M. Etters<br>Centreville, VA | Stephen B. Moldof<br>New York, NY |
| John J. Gallagher<br>Washington, DC | Joanna L. Moorhead<br>Washington, DC |
| Ira L. Gottlieb<br>Burbank, CA | Harry A. Rissetto<br>Washington, DC |
| Douglas W. Hall<br>Washington, DC | Robert A. Siegel<br>Los Angeles, CA |
| Chris Hollinger<br>Los Angeles, CA | E. Scott Smith<br>Atlanta, GA |
| Edgar James<br>Washington, DC | Margaret H. Spurlin<br>Washington, DC |




Railway and Airline Labor Law Committee
Section of Labor and Employment Law
American Bar Association

The Bureau of National Affairs, Inc., Washington, DC

a person becomes an
iring "any person seek-
reement promising to
ction 2, Eighth, states
tion 2, is "made a part
 carrier and each em-
l additions to the Act,
of effective labor orga-
ons construing Section
rly encompasses agree-
ce of joining labor or-
protections against in-
rice of representatives
:0

 not mere "applicants"
cted by the RLA and
 2, Third and Fourth,
substantial segment of
 denied them employ-
so held that the plain-
urchasing carrier as a
ind purchaser entered
litting antiunion acts.²²

---

1-14, 123 LRRM 2617 (7th
1987). *But see* Pyles v. United
th Cir. 1996). (PanAm pilot
ted and ALPA containing
United).
at 915, 123 LRRM at 2638.
and Fourth, unlike those of
d work in the service of a

23, 158 LRRM 2647, 2654–
on the broad definition of
151 LRRM 2818 (11th Cir.
ovisions applied to dispute
nother carrier). For a fuller
and VI.B.).
of successorship under the

## III. PROTECTION OF EMPLOYEE RIGHTS TO SELF-ORGANIZATION

### A. Jurisdiction

The 1934 amendments added administrative procedures to the Act, whereby the NMB determines the employees' choice of representative "in such manner as shall insure the choice of representatives by the employees without interference, influence, or coercion exercised by the carrier."[23] The courts in general have continued to recognize a private right of action to enforce the right to organize without carrier interference, as set forth in *Texas & New Orleans R.R.*[24] The first such case in the Supreme Court under the amended statute, *Virginian Railway v. System Federation*,[25] upheld the power of the courts to compel a carrier to treat with a union certified by the NMB under the procedures of Section 2, Ninth.

Subsequently, the courts generally have exercised jurisdiction over actions brought against carriers for interference with employees' rights under RLA Sections 2, Third and Fourth, during union organizing drives. These courts have held or implied that neither the NMB's powers under Section 2, Ninth, to determine the identity of the employees' representative without interference by the carrier, nor the enforcement procedures specified in Section 2, Tenth, are the exclusive means for protecting employees' rights under Section 2, Third and Fourth.[26]

---

[23]RLA §2, Ninth. For a discussion of the NMB's determinations on interference with employee choice during representation campaigns, see *supra* at Chapter 4, §VI.

[24]Thus, the holding of *Texas & New Orleans R.R. v. Railway & Steamship Clerks*, 281 U.S. 548 (1930), that the Act's protections of the right of self-organization are judicially enforceable in a private suit, continues to apply after the 1934 amendments. In *Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 926–27, 114 LRRM 3641 (1st Cir. 1983), for example, the court observed that in adopting the 1934 amendments to the Act, Congress did not express an intent to overrule *Texas & New Orleans R.R.* or to make proceedings by the U.S. Attorneys the exclusive means for enforcing the Act.

[25]300 U.S. 515, 1 LRRM 743 (1937).

[26]*See, e.g., Stepanischen*, 722 F.2d at 924, 926, 114 LRRM 3641, and cases cited therein (existence of criminal penalties does not preclude enforcement by private parties); Adams v. Federal Express Corp., 547 F.2d 319, 321, 94 LRRM 2008 (6th Cir. 1976) (because the RLA contains no analog to the NLRB's jurisdiction over unfair labor practices, courts must resolve interference claims under RLA),