1   Norman A. Quandt (Admitted *Pro Hac Vice*)
    Ford & Harrison LLP
2   1275 Peachtree Street, N.E., Suite 600
    Atlanta, GA 30309
3   Telephone:    404-888-3845
    Facsimile:    404-888-3863
4   Email: nquandt@fordharrison.com

5   Douglas W. Hall (Admitted *Pro Hac Vice*)
    Ford & Harrison LLP
6   1300 Nineteenth Street, N.W., Suite 700
    Washington, DC 20036
7   Telephone:    202-719-2065
    Facsimile:    202-719-2077
8   Email: dhall@fordharrison.com

9   Robert Spagat (SBN: 157388)
    WINSTON & STRAWN LLP
10  101 California Street
    San Francisco, CA 94111-5894
11  Telephone:    415-591-1000
    Facsimile:    415-591-1400
12  Email: rspagat@winston.com

13  Attorneys for Defendant
    SKYWEST AIRLINES, INC.

14

## UNITED STATES DISTRICT COURT

15

## NORTHERN DISTRICT OF CALIFORNIA

16

## SAN FRANCISCO DIVISION

17

| | |
|---|---|
| 18  SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al., | Case No. C-07-2688 CRB |
| 19 | **DEFENDANT'S MOTION TO STRIKE** |
| 20            Plaintiffs, | **PLAINTIFFS' HEARSAY TESTIMONY** |
| 21     vs. | **CONDITIONALLY ADMITTED OVER DEFENDANT'S OBJECTION** |
| 22  SKYWEST AIRLINES, INC., | |
| 23            Defendant. | |

Preliminary injunctive relief is an "extraordinary remedy" the purpose of which is to preserve the "status quo" between the parties pending a final determination on the merits of the plaintiff's complaint. *Perfect 10, Inc. v. Amazon.com, Inc.*, __ F.3d __, *available at*, 2007 WL 1428632, at *4 (9th Cir. 2007). Here, Plaintiffs seek this extraordinary remedy based in large part on inadmissible hearsay testimony. Defendant SkyWest Airlines, Inc. ("SkyWest") respectfully submits that all of the testimony conditionally admitted over SkyWest's hearsay objection should be stricken, including the testimony at the June 7, 2007 hearing given by: Steven Dow on direct examination at pages/lines 13:19-15:18; 25:17-27:2; 27:19-28:10; 28:12-22; 37:2-42:2; 45:15-47:20; 51:21-52:3; 52:4-53:14; and 64:4-66:13; David Boehm on direct examination at 166:13-18; Andy Baharath on direct examination at 200:18-201:5; Stephen Kanuch on direct examination at 239:13-242:5; and the testimony at the June 8, 2007 hearing given by Mark Nolin on direct examination at 121:11-123:11.[1]

## I.     LEGAL STANDARD

Plaintiffs cited two cases to the Court to support their position that otherwise inadmissible hearsay evidence could be considered in the preliminary injunction ("PI") context: *Flynt Distributing Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) and *Heideman v. South Salt Lake City*, 348 F.3d 1182 (10th Cir. 2003). Plaintiffs' reliance on those decisions is misplaced. Neither stands for the proposition that the Court may always admit rank hearsay, without regard to its reliability, particularly where, as here, the proceedings are governed by the Norris LaGuardia Act, 29 U.S.C. § 101, *et seq.* ("NLGA"). In *Flynt*, the Ninth Circuit held that a court <u>may</u> give inadmissible evidence "some weight" in the context of a PI hearing, where necessary to prevent irreparable harm before trial, and where the party could not obtain admissible evidence at the time of the PI hearing. *See Flynt*, 734 F.2d at 1394; *see also Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1364 (9th Cir. 1988) (admitting hearsay statements where evidence was undisputed); *K-2 Ski Co., v. Head Ski Co.*, 467 F.2d 1087, 1088-89 (9th Cir. 1972) (same). Those considerations are not present here. In *Heideman*, the Tenth Circuit did not admit hearsay or even address the issue; it

---

[1] SkyWest is not challenging admission of the hearsay background testimony concerning the creation of SAPA. (*See* Spagat Decl. Ex. A, June 7, 2007 Hearing Tr. at 123:5-126:18.) These facts are undisputed.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1

DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' HEARSAY TESTIMONY
CONDITIONALLY ADMITTED OVER ITS OBJECTION
CASE NO. C 07-2688 CRB

merely stated in its recitation of the standard of review that the Federal Rules of Evidence did not apply. *Heideman*, 348 F.3d at 1188. *Heideman* is not binding. Moreover, neither *Flynt* or *Heideman* was decided in proceedings governed by the NLGA.

Under the NGLA, a preliminary injunction cannot issue "except after hearing the testimony of witnesses in open court (with opportunity for cross-examination) in support of the allegations of a complaint made under oath, and testimony in opposition thereto." 29 U.S.C. § 107. This provision "is about <u>ensuring the presence of reliable evidence</u> before a court may enjoin parties to a labor dispute." *Delta Airlines, Inc. v. Air Line Pilot Ass'n, Int'l*, 238 F.3d 1300, 1310 (11th Cir. 2001), *cert. denied*, 532 U.S. 1019 (2001) (emphasis added). In *Delta Airlines*, the Eleventh Circuit held that a district court has discretion to consider hearsay in the context of a PI hearing only in very limited circumstances, *i.e.*, when the evidence is "largely undisputed," there is no dispute about the reliability of the evidence and there is no harm to the parties. *Id.* at 1310-11.

## II.   ARGUMENT

Hearsay about oral conversations obviously is an unreliable source of evidence, a point illustrated by the testimony of Plaintiff Phil Alford. Alford testified that he was told by Mike Eisenstadt that Eisenstadt was summarily terminated by Brad Holt for proposing that SAPA go to the NMB to get certified as the pilots' representative. (*See* Exhibit A to Declaration of Robert Spagat ("Spagat Decl."), June 7, 2007 Hearing Tr. at 128:12-130:12.) Eisenstadt, however, testified unequivocally that he was never fired by SkyWest. (*See* Spagat Decl. Ex. B, June 8, 2007 Rough Hearing Tr. at 25:10-28:19.) His testimony about the conversation – that he shared with Alford a joke Holt had made – is irreconcilable with Alford's sworn testimony that Eisenstadt was fired. While as told by Alford the story was damning, as recounted by the individual involved in the retaliatory "incident," the episode was nothing more than a joke being misinterpreted and re-told under oath in this proceeding. Given that the hearsay testimony admitted over SkyWest's objection is disputed and consists of similarly unreliable recitations of oral conversations, all of the hearsay testimony therefore should be stricken.

### A. The Conditionally Admitted Testimony About What Purportedly Was Said By SAPA During New Hire Training Should Be Stricken.

Plaintiffs did not present a single witness with first-hand knowledge as to what allegedly was said by SAPA during new hire training. Instead, they offered Stephen Kanuch's double hearsay testimony that Mark Nolin, President of SAPA, told him that one time, Jim Black had spoken "negatively about ALPA" to a new hire class. (Spagat Decl. Ex. A at 239:13-241:19.) Nolin, in turn, testified that he heard about Black's comments from an unidentified pilot, and that when he asked Black about this issue, Black "indicated that he had said some things that were inappropriate" about ALPA. (Spagat Decl. Ex. B at 121:11-18.) Nolin could not testify about what Black actually said because (a) he was not there, and (b) he did not ask Black what was said. (*Id.* at 121:19-20.) Thus, Plaintiffs' evidence did not establish what Black said, let alone what was "inappropriate."[2] The hearsay testimony regarding Black's purported comments is unreliable hearsay and should be stricken.[3]

### B. The Conditionally Admitted Testimony About Fear Of Retaliation Should Be Stricken.

The hearsay testimony of Plaintiff Stephen Dow about an alleged fear of retaliation among unnamed SkyWest pilots also should be stricken. Captain Dow testified that his "best guess" was that there are 125 members of the SkyWest Pilots ALPA Organizing Committee, only 53 of which were willing to be publicly-identified as such because the others either purportedly feared retaliation by SkyWest or were concerned that their support for ALPA would affect their ability to get positions with other airlines. (Spagat Decl. Ex. A at 13:15-21 & 15:3-14.) Captain Dow's testimony about the state of mind of these anonymous pilots is rank hearsay, sheer speculation, or both. Moreover, Captain Dow made no effort to quantify how many of these pilots supposedly were concerned about how <u>other</u> employers might view their support for ALPA – an issue that has no relevance to this case at all – versus those who allegedly were concerned about retaliation by SkyWest. Given the lack of

---

[2] Plaintiffs could have required SkyWest to produce the pilot who heard the comments. Instead, they chose to subpoena Kanuch and then produced Nolin.
[3] Similarly, Andy Bharath's hearsay testimony on this issue should be stricken. (Spagat Decl. Ex. A at 200:18-201:5.)

3

DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' HEARSAY TESTIMONY
CONDITIONALLY ADMITTED OVER DEFENDANT'S OBJECTION
CASE NO. C 07-2688 CRB

1  detail Captain Dow was able to provide and the undisputed testimony that no one ever was
2  disciplined for engaging in any pro-ALP activity whatsoever, his hearsay testimony is unreliable and
3  should be stricken.

### C. The Conditionally Admitted Testimony About Lanyards Should Be Stricken.

Although Plaintiffs knew SkyWest had a policy of prohibiting non-conforming lanyards (*see, e.g.*, Spagat Decl. Ex. A at 161:2-4); on May 17, 2007 they purportedly decided to have a carrier-wide ALPA lanyard campaign (*see id.* at 73:18-74:2). As a result, Plaintiffs are seeking a court order requiring SkyWest to permit the wearing of ALPA lanyards. This request apparently is based on the theory that SkyWest's lanyard policy is selectively enforced. To that end, various witnesses provided hearsay testimony about pilots who told them about requests to remove their ALPA lanyards. (*See, e.g., id.* at 51:22-24 & 52:19-22). This hearsay testimony should be stricken, particularly in light of SkyWest's evidence that as far back as April 2006, all chief pilots were reminded that the lanyard policy was to be enforced regardless of what type of lanyard is worn and that the chief pilots – including Captain Tony Fizer, one of the chief pilots about whom the hearsay testimony concerned (*see id.* at 52:23-53:2) – has indeed enforced the policy in that manner. (*See* Spagat Decl. Ex. B at 109:1-112:22.) Given SkyWest's evidence and the unreliability of Plaintiffs' proffered hearsay testimony on alleged discriminatory enforcement, Plaintiffs' hearsay testimony about lanyards should be stricken.

### III. CONCLUSION

Although the instant brief focuses on only a few examples, SkyWest respectfully requests that all of Plaintiffs' hearsay testimony conditionally admitted over SkyWest's objection should be stricken because the hearsay testimony about oral conversations is unreliable and disputed.

Dated: June 12, 2007                                WINSTON & STRAWN LLP

                                                    By:    /s/ Robert Spagat
                                                           Robert Spagat

                                                    Attorneys for Defendant
                                                    SKYWEST AIRLINES, INC.

4

DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' HEARSAY TESTIMONY
CONDITIONALLY ADMITTED OVER DEFENDANT'S OBJECTION
CASE NO. C 07-2688 CRB

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894