1  STEPHEN P. BERZON (#46540)
   sberzon@altshulerberzon.com
2  LINDA LYE (#215584)
   llye@altshulerberzon.com
3  CLAIRE P. PRESTEL (#235649)
   cprestel@altshulerberzon.com
4  Altshuler Berzon LLP
   177 Post Street, Suite 300
5  San Francisco, CA  94108
   Telephone:  (415) 421-7151
6  Facsimile:   (415) 362-8064

7  ELIZABETH GINSBURG
   (Admitted to Practice *Pro Hac Vice*)
8  elizabeth.ginsburg@alpa.org
   Air Line Pilots Association, International
9  1525 Massachusetts Ave., NW
   Washington, D.C. 20036
10 Telephone: (202) 797-4081
   Facsimile:   (202) 797-4014

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, *et al.*,<br><br>   Plaintiffs,<br><br>   vs.<br><br>SKYWEST AIRLINES, INC.,<br><br>   Defendant. | CASE No. C-07-2688 CRB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE TESTIMONY**<br><br>Date:  n/a<br>Time:  n/a<br>Place: Courtroom 8, 19th Floor |

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE TESTIMONY, Case No. C-07-2688 CRB

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................. ii

I.   Many of SkyWest's Objections Are Waived, Overruled, or Impermissibly Overbroad ............................................................................... 1

II.  Testimony about Jim Black's Anti-ALPA Statements During Trainings Is Admissible .... 2

III. Capt. Dow's Testimony Regarding Pilots' Fear of Retaliation is Admissible ........... 2

IV.  The Testimony Regarding Lanyards Is Admissible ................................. 3

V.   The Hearsay Rule Does Not Apply to This Preliminary Injunction Proceeding .......... 3

CONCLUSION ............................................................................. 4

APPENDIX

# TABLE OF AUTHORITIES

## CASES

*Am. Angus Ass'n v. Sysco*,
    829 F.Supp. 807 (W.D.N.C. 1992) .................................................. 4

*Arcamuzi v. Cont. Air Lines*,
    819 F.2d 935 (9th Cir. 1987) ....................................................... 4

*Asseo v. Pan Am. Grain Co.*,
    805 F.2d 23 (1st Cir. 1986) ......................................................... 4

*Bhd. of R.R. Tr. v. Chi. River R.R.*,
    353 U.S. 30 (1957) ................................................................. 4

*Calmat v. U.S. DOL*,
    364 F.3d 1117 (9th Cir. 2004) ...................................................... 3

*Flynt Distrib. v. Harvey*,
    734 F.2d 1389 (9th Cir. 1984) ...................................................... 4

*Gichner v. Antonio Troiano Tile & Marble*,
    410 F.2d 238 (D.C. Cir. 1969) ...................................................... 2

*Hoptowit v. Ray*,
    682 F.2d 1237 (9th Cir. 1982) ...................................................... 2

*Lightner v. Dauman Pallet*,
    823 F. Supp. 249 (D.N.J. 1992) ..................................................... 3

*Local 205 v. G.E.*,
    233 F.2d 85 (1st Cir. 1956) ........................................................ 4

*Lopez Torres v. N.Y. Bd..*,
    411 F.Supp.2d 212 (E.D.N.Y. 2006) .................................................. 4

*Machinists v. TWA*,
    654 F.Supp. 447 (D.D.C. 1987),
    *aff'd in part, rev'd in part on other grounds*, 839 F.2d 809 (D.C. Cir. 1988) ............ 4

*Miller v. Fairchild Indus.*,
    797 F.2d 727 (9th Cir. 1986) ................................................. 1, 2, 4

*Phil. v. Marcos*,
    862 F.2d 1355 (9th Cir. 1988) ...................................................... 4

*San Anton. Hosp. v. S. Cal. Dist. Council*,
    125 F.3d 1230 (9th Cir. 1997) ................................................... 1, 2

*Sana v. Haw. Cruises, Ltd.*,
    181 F.3d 1041 (9th Cir. 1999) ...................................................... 2

*Sea-Land Serv. v. Lozen*,
    285 F.3d 808 (9th Cir. 2002) ....................................................... 2

*Smith v. Bowers*,
   337 F.Supp.2d 576 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Textile Workers v. Lincoln Mills*,
   353 U.S. 448 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*U.S. v. O'Brien*,
   836 F.Supp. 438 (S.D. Ohio 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*U.S. v. Torres*,
   504 F. Supp. 864 (E.D. Cal. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*U.S. v. White*,
   116 F.3d 903 (D.C. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Univ. of Tex. v. Camenisch*,
   451 U.S. 390 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Va. Ry. v. Sys. Fed.*,
   300 U.S. 515 (1937) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**STATUTES, RULES AND REGULATIONS**

29 U.S.C. §107   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

FRE
   801(d)(2)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
   803(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
   803(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
   803(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SkyWest's motion to strike fails as a matter of law.  Many of SkyWest's objections were waived, overruled, or are impermissibly overbroad.  Further, all of the challenged testimony is non-hearsay or within a hearsay exception, and the hearsay rule is inapplicable to this proceeding.

**I.   Many of SkyWest's Objections Were Waived, Overruled, or Are Impermissibly Overbroad.**

SkyWest's improperly moves to strike testimony that it never objected to, that does not contain any even arguable hearsay, and that the Court already ruled admitted.

Captain Steve Dow.  (1) *6/7/07 Tr. 25:17-21, 27:19-28:2, 28:12-15, 37:2-39:18, 45:15-23, 52:4-16, 64:9-11, 65:13-66:13* – SkyWest did not object to any of this testimony as hearsay, thereby waiving its objection. *San Anton. Hosp. v. S. Cal. Dist. Council*, 125 F.3d 1230, 1238 (9th Cir. 1997) (objection not made until close of direct waived).[1]  (2) *6/7/07 Tr. 26:10-12, 27:19-28:10, 28:12-22, 45:15-23, 64:4-66:13* – SkyWest does not address any of this testimony in its brief, thereby waiving its objection. *Miller v. Fairchild Indus.*, 797 F.2d 727, 738 (9th Cir. 1986) (must be "specifically and distinctly argued").  (3) *6/7/07 Tr. 37:2-42:2* – SkyWest waived its objection by failing to address this testimony in its brief and failing to object to most of this testimony during the hearing. *San Anton.*, 125 F.3d at 1238; *Miller*, 797 F.2d at 738.  The testimony also does not recount out-of-court statements, except Capt. Dow's (which are not offered for their truth) and the company's (admissions).

Captain David Boehm.  *6/7/07 Tr. 166:13-18* – The Court has already overruled SkyWest's objection to this testimony, *id*. 166:17-18, and SkyWest never addresses this testimony in its brief. *Miller*, 797 F.2d at 738.  The statements recounted are also the non-hearsay admissions of SkyWest management.  6/7/07 Tr. 49:19-22, 115:11-18, 134:10-15, 166:6-10, 228:9-18, Plfs.' Exh.16.

Captain Andy Bharath.  *6/7/07 Tr. 200:18-201:5* – SkyWest never objected to any of this testimony, so its untimely objection was waived. *San Anton.*, 125 F.3d at 1238.

Captain Mark Nolin.  *6/8/07 Tr. 122:12-123:11* – SkyWest never addresses this portion of Capt.

---

[1] Much of this testimony does not contain any hearsay (out-of-court statements offered for their truth), *e.g.*, 28;12-15, 52:4-16, or contains only Captain Dow's testimony about his personal experiences, *e.g.*, 64:9-11, or his testimony about his observations of material posted on either general or SAPA bulletin boards, *e.g.*, 65:13-66:13, or to which SkyWest stated that it had no objection. *Id*. 38:21-22.

Nolin's testimony in its brief, so its objection was waived. *Miller*, 797 F.2d at 738.

## II. Testimony about Jim Black's Anti-ALPA Statements During Trainings Is Admissible.

Jim Black's admission that he makes anti-ALPA statements during new pilot trainings is non-hearsay under FRE 801(d)(2)(D), which excludes from the hearsay rule statements made by a party's "servant" related to a matter within the scope of employment.[2] Employees are "servants," *Sana v. Haw. Cruises, Ltd.*, 181 F.3d 1041, 1046 (9th Cir. 1999), and it is undisputed that Captain Black is a SkyWest employee. 6/7/07 Tr. 125:9-12; 6/8/07 Tr. 18:8-15, 67:9-10. In fact, Captain Black is paid by the company for his SAPA trainings, 6/8/07 Tr. 87:14-18, which means that his statements about those trainings are "related to a matter within the scope of" his employment. *Hoptowit v. Ray*, 682 F.2d 1237, 1262 (9th Cir. 1982); *see also Sea-Land Serv. v. Lozen*, 285 F.3d 808, 821 (9th Cir. 2002).

The challenged statements are also admissible as statements against pecuniary interest, given the company's position, 6/7/07 Tr. 325:18-19, that an anti-ALPA presentation would be improper. FRE 804(b)(3); *Gichner v. Antonio Troiano Tile*, 410 F.2d 238, 242 (D.C. Cir. 1969) (statement is against interest if could threaten employment opportunities).[3] Further, as the Court noted, Captain Black's statements are relevant not only for their truth, but for the chilling effect they are likely to have on listeners (and, as a result, the irreparable harm they are likely to cause). *See* 6/7/07 Tr. 240:5-241:23.

## III. Capt. Dow's Testimony Regarding Pilots' Fear of Retaliation is Admissible.

Defendant moves to strike Captain Dow's testimony regarding pilots' fear of retaliation.[4] This testimony is relevant to proving that pilots have been chilled in the exercise of their RLA rights.

---

[2] This section relates to the following: 6/7/07 Tr. 200:11-201:5, 239:13-241:13; 6/8/07 Tr. 121:11-122:11. However, SkyWest waived its objection to Capt. Bharath's testimony (6/7/07 Tr. 200:11-201:5) by failing to object during the hearing. *San Anton.*, 125 F.3d at 1238.

[3] Plaintiffs could not subpoena Capt. Black, *see* Emerson Decl. (Doc. 106) ¶2(a), and the record makes clear he would not have testified voluntarily for Plaintiffs.

[4] This argument relates to 6/7/07 Tr. 13:19-15:18, 45:24-46:2. In addition to this testimony, there is ample evidence of pilots' *personal fear* of retaliation – testimony to which SkyWest did not object (and for which there is no plausible hearsay objection). *See, e.g.,* 6/7/07 Tr. at 51:1-14, 116:1-117:3, 123:13-18, 154:2-5, 165:3-7, 168:18-23, 171:1-6. There is also evidence demonstrating these fears to be well-founded: SkyWest denied Captain Alford a promotion *because* of his union politics, *id.* at 117:4-123:18 & Plfs.'. Exh. 10, and threatened Captains Shrier and Boehm with discharge for wearing their ALPA lanyards, *id.* at 150:15-153:12, 168:11-23.

1  Captain Dow's testimony is admissible under FRE 803(3), which excludes from the hearsay rule
2  "[a] statement of the declarant's then existing state of mind." In issuing a preliminary injunction against
3  an employer for engaging in unfair labor practices, the court in *Lightner v. Dauman Pallet*, 823 F. Supp.
4  249 (D.N.J. 1992), relied on FRE 803(3) to reject an employer's effort to exclude on hearsay grounds
5  one witness' testimony that other employees feared retaliation. As in *Lightner*, Plaintiffs offer Captain
6  Dow's testimony "to establish . . . simply that the fear existed. That fear is highly relevant to the
7  propriety of injunctive relief," *id.* at 252 n.2, in particular, the existence of irreparable harm.

**IV.  The Testimony Regarding Lanyards Is Admissible.**

9  Captain Dow's testimony that numerous pilots reported being ordered to remove ALPA lanyards
10 is admissible for many of the reasons given above.[5] The pilots who reported incidents to him were
11 employees making statements about a matter within the scope of their employment, the SkyWest
12 uniform policy. *See* FRE 801(d)(2)(D). The fact of their reports is also admissible for the non-hearsay
13 purpose of showing their effect on the listener. Capts. Dow and Alford testified that they came to fear
14 retaliation based on these reports that showing support for the organizing campaign could result in
15 disciplinary action or hurt their careers. 6/7/07 Tr. 71:17-72:5, 116:17-21.

16  In addition, the sheer number of reports is relevant as circumstantial evidence that there was a
17 problem regarding wearing ALPA lanyards – regardless of the truth of any particular report. *Calmat*
18 *v. U.S. DOL*, 364 F.3d 1117, 1124 (9th Cir. 2004) ("If the significance of an out-of-court statement lies
19 in the fact that the statement was made and not in the truth . . ., then the statement is not hearsay.").
20 Finally, the testimony should be admitted under the residual hearsay exception because pilot reports are
21 similar to present sense impressions, FRE 803(1), and because Capt. Dow's responsibility for gathering
22 and reporting such complaints as part of his role on the organizing committee makes his compilation
23 akin to a business record, FRE 803(6). *See* 6/7/07 Tr. 12:15-13:3, 25:17-27:16, 53:16-54:15.

**V.  The Hearsay Rule Does Not Apply to This Preliminary Injunction Proceeding.**

25  Even if some of Plaintiffs' testimony was inadmissible hearsay (which it was not), the law is
26 clear that hearsay evidence is admissible in a preliminary injunction proceeding. While SkyWest

---

[5] This pertains to 6/7/07 Tr. 26:13-27:2, 51:21-52:3, 52:4-53:14.

contends this rule does not apply under Section 7 of the Norris-LaGuardia Act ("NLGA"), the NLGA – including Section 7 – is inapplicable here for all of the reasons given in Plaintiffs' opposition to SkyWest's motion to dissolve (Doc. 31).[6]

Since NLGA Section 7 does not apply, the law is clear that hearsay evidence may be considered in support of a preliminary injunction. *See, e.g.*, *Phil. v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988) (en banc); *Flynt Distrib. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).[7] This rule permitting hearsay in support of preliminary injunction motions is routinely applied in preliminary injunction evidentiary hearings – including in at least one labor case involving an injunction against an employer's interference with employees' union activities. *Asseo v. Pan Am. Grain Co.*, 805 F.2d 23, 25-26 (1st Cir. 1986) (labor case); *Lopez Torres v. N.Y. Bd..*, 411 F.Supp.2d 212, 227 (E.D.N.Y. 2006); *U.S. v. O'Brien*, 836 F.Supp. 438, 441 (S.D. Ohio 1993); *Am. Angus Ass'n v. Sysco*, 829 F.Supp. 807, 816 (W.D.N.C. 1992).

## CONCLUSION

For the foregoing reasons, SkyWest's motion should be denied in its entirety.[8]

---

[6] *See Machinists v. TWA*, 654 F.Supp. 447, 456 (D.D.C. 1987) (Section 7 "inapplicable . . . where a union seeks to compel an employer to comply with the commands of the [RLA]"), *aff'd in part, rev'd in part on other grounds*, 839 F.2d 809 (D.C. Cir. 1988); *see also Textile Workers v. Lincoln Mills*, 353 U.S. 448, 458 (1957) (holding procedural requirements "inapposite"); *Local 205 v. G.E.*, 233 F.2d 85, 92 (1st Cir. 1956); *Smith v. Bowers*, 337 F.Supp.2d 576, 585 (S.D.N.Y. 2004); *see generally Va. Ry. v. Sys. Fed.*, 300 U.S. 515, 562-63 (1937) (NLGA should not be applied to frustrate RLA's purpose); *Bhd. of R.R. Tr. v. Chi. River R.R.*, 353 U.S. 30, 40 (1957) (same).

[7] This rule reflects that plaintiffs have limited time to prepare their case and gather witnesses before an injunction hearing, that a preliminary injunction is not a decision on the merits, that leniency is appropriate to avoid irreparable harm, and that courts are better suited than juries to give hearsay evidence appropriate weight. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *Flynt*, 734 F.2d at 1394; *U.S. v. White*, 116 F.3d 903, 914 (D.C. Cir. 1997); *U.S. v. Torres*, 504 F. Supp. 864, 867 (E.D. Cal. 1980); *see also Arcamuzi v. Cont. Air Lines*, 819 F.2d 935, 938-39 (9th Cir. 1987) (interference with RLA right is irreparable harm); 5/24/07 Tr. 46:14-16 (Plaintiffs limited to 5 pilot witnesses).

[8] SkyWest lists much testimony in its proposed order that the company never objected to, never addresses in its brief, and that does not even arguably contain hearsay. *See* Appendix. If the Court is inclined to grant any part of SkyWest's motion, Plaintiffs respectfully request that the Court strike only that testimony SkyWest objected to during the hearing and that actually correlates to the specific argument in SkyWest's brief.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE TESTIMONY, Case No. C-07-2688 CRB   4

Dated: June 14, 2007

Respectfully submitted

STEPHEN P. BERZON
LINDA LYE
CLAIRE P. PRESTEL
Altshuler Berzon LLP

ELIZABETH GINSBURG
Air Line Pilots Association, International


by: \s\Stephen P. Berzon
        Stephen P. Berzon

Attorneys for Plaintiffs