Norman A. Quandt (Admitted *Pro Hac Vice*)
Ford & Harrison LLP
1275 Peachtree Street, N.E., Suite 600
Atlanta, GA 30309
Telephone:   404-888-3845
Facsimile:   404-888-3863
Email:  nquandt@fordharrison.com

Douglas W. Hall (Admitted *Pro Hac Vice*)
Ford & Harrison LLP
1300 Nineteenth Street, N.W., Suite 700
Washington, DC 20036
Telephone:   202-719-2065
Facsimile:   202-719-2077
Email:  dhall@fordharrison.com

Robert Spagat (SBN: 157388)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:   415-591-1000
Facsimile:   415-591-1400
Email:  rspagat@winston.com

Attorneys for Defendant
SKYWEST AIRLINES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al.,<br><br>          Plaintiffs,<br><br>     vs.<br><br>SKYWEST AIRLINES, INC.,<br><br>          Defendant. | **Case No. C-07-2688 CRB**<br><br>**DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' LATE-FILED DECLARATION OF DILETTA MARTIRANO** |

## I.     INTRODUCTION

Defendant SkyWest Airlines, Inc. ("SkyWest") moves to strike Plaintiffs' late-filed declaration of Diletta Martirano and attached email (Docs. 137, 137-2) filed in support of Plaintiffs' Supplemental Brief Re: Remedies (Doc. 140). Not only does this material constitute inadmissible hearsay, it attempts to introduce additional evidence after the factual record was closed, depriving SkyWest of an opportunity to respond to it. There is no justification for such tactics, particularly in light of the fact that the Plaintiffs had the email in their possession at least 14 or 15 days before the two-day preliminary injunction hearing held last week and at least 18 days before they filed this declaration after the close of evidence. Plaintiffs offer no explanation or justification to allow this Court to waive the requirements under Federal Rule of Civil Procedure 6(d) that Plaintiffs file their declarations with their motion nor do Plaintiffs provide any explanation as to why the Court should consider this late hearsay evidence in a declaration on which any of Plaintiffs' witnesses could have testified.

Plaintiffs' late-filed declaration severely prejudices SkyWest's ability to place the declaration and email attached to the declaration in proper context. Had Plaintiffs properly presented the evidence during the hearing, Defendants would have been able to present witnesses to testify on the issue. The email was sent on behalf of the SAPA Representative Board and the sender of the email, Michael Eisenstat, who is the Secretary of SAPA and a witness at the hearing, would have testified that the email responds to false and misleading information disseminated by the SkyWest Pilots ALPA Organizing Committee (the "OC") about the ASAP program which SAPA in part administers.[1] (The email itself references the prior letter from the OC.) SAPA was concerned that the OC letter would undermine this important safety program and pilots would be discouraged from

---

[1]   The Aviation Safety Action Program ("ASAP") is a program of the Federal Aviation Administration Program ("FAA") to enhance aviation safety through prevention of accidents and incidents and encourages voluntary reporting of safety issues and events that come to the attention of employees. SkyWest's ASAP program is a safety partnership with the FAA, SkyWest and SAPA. SAPA serves as the SkyWest pilots' employee representative in this ASAP program. (*See* Def. Ex. 12, admitted into evidence during the preliminary injunction hearing on June 8, 2007).

1
DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' LATE-FILED DECLARATION OF DILETTA MARTIRANO
CASE NO. C 07-2688 CRB

using the ASAP program.² The email thus addresses an issue that SAPA administers, and nothing in the email expresses an opinion about whether pilots should or should not support ALPA. The email only addresses inaccurate and misleading information that the OC sent in a letter to SkyWest pilots – a letter Plaintiffs fail to submit to the Court.

## II.   BACKGROUND

At the conclusion of the preliminary injunction hearing, the Court announced that pending its ruling on Plaintiffs' preliminary injunction motion, Paragraphs 1 and 2 of the Amended TRO would remain in effect. (*See* June 8, 2007 Rough Tr. at 125.) Paragraph 3, however, was vacated. (*See id.*) At Plaintiffs' request, the Court agreed the parties could submit briefing as to whether the relief set forth in Paragraph 3 would be appropriate preliminary injunctive relief if the Court were to issue a preliminary injunction. In response, Plaintiffs submitted briefing as to the Paragraphs 3 and 4 of the initial TRO and submitted further evidence using as a vehicle the Declaration of Diletta Martirano (Doc. 137, 137-2). The declaration consists of two paragraphs. The first paragraph identifies Martirano as a named plaintiff but does nothing more than give a recitation about who she is and that she could testify about the second paragraph. The second paragraph then purports to authenticate a May 24, 2007 email and gives Martirano's interpretation of that email. Martirano states that she received the email on May 24, 2007. (Doc. 137 ¶ 1.) Martirano also states that the email was sent "as a group" email, (*id.* ¶ 2), which was sent to all SkyWest pilots including named Plaintiff Phil Alford, who is listed in the "To" line of the email. (Doc. 137-2.) According to Plaintiffs' supplemental brief, this email is "evidence" that "SkyWest provides SAPA with additional assistance, including access to group email (for campaign purposes and for distribution of SAPA meeting summaries) . . . ." (Doc. 140, Plfs' Supp. Br. re Remedies at 11.)³

---

² SkyWest has been informed that ALPA participates in ASAP programs at several different carriers. SkyWest, however, was denied the opportunity to put in this evidence or offer of proof because Plaintiffs waited until well after the close of evidence to raise this email as an issue.

³ Actually, this email was cited in a string cite to support the whole sentence "SkyWest provides SAPA with additional assistance, including access to group email (for campaign purposes and for distribution of SAPA meeting summaries), pilot v-files (or mailboxes), newly hired pilot classes, general bulletin boards, and dedicated bulletin boards – while denying this same access to ALPA." (Doc. 140, Plfs' Supp. Br. re Remedies at 11.) Given that the email does not discuss mailboxes, newly-hired pilot classes or bulletin boards, it is assumed Plaintiffs are only attempting to admit the email as evidence of "access to group email."

2

DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' LATE-FILED DECLARATION OF DILETTA MARTIRANO
CASE NO. C 07-2688 CRB

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

### III.    ARGUMENT

**A.    <u>The Evidence Be Stricken In Because Its Submission Is An Inappropriate Attempt To Introduce Further Documents After The Close Of Evidence.</u>**

As required by Section 107 of the Norris-LaGuardia Act, 29 U.S.C. § 107, this Court held a hearing with live testimony on Plaintiffs' Motion for a Preliminary Injunction. Although the time to present evidence has come and gone, Plaintiffs now seek to admit into evidence an additional email using the Martirano Declaration. By Ms. Martirano's own admission, however, not only is she is a named Plaintiff in this case, (Doc. 137 ¶ 1), she received this email on May 24, 2007 – two weeks before the preliminary injunction hearing, (*id.* ¶ 2). Not only did she receive this, all other SkyWest pilots did as well – including named Plaintiff Phil Alford, who is listed in the "To" line of the email, and who testified at the hearing on June 7, 2007. (*See* Doc. 137-2.) Although Plaintiffs clearly have had access to this email for at least three weeks, they did not attempt to introduce this email as evidence during the preliminary injunction hearing. Rather, they waited until nearly a week after the close of evidence (and three weeks after the email was received) to bring it to the Court's attention. For this reason alone, the declaration and attached email should be stricken in their entirety. *See, e.g.*, Fed. R. Civ. P. 6(d) (requiring affidavits in support of motions to be filed with the motion and not later than 5 days before the hearing); *Puerto Rico Hosp. Supply, Inc. v. Boston Scientific Corp.*, No. 05-1523, 2005 WL 1431882, at *2, n.14 (refusing to consider affidavits and documents filed five days <u>after</u> preliminary injunction hearing because the evidence "was untimely filed after the evidence was closed and was not accompanied by sufficient explanation for the delay"; the court took a "dim view of counsel . . . filing documents that were previously available to him and could have been used at the hearing, but were not").

**B.    <u>The Evidence is Inadmissible Hearsay.</u>**

In addition to being impermissibly filed after the close of evidence, the declaration is inadmissible hearsay because the declarant cannot be cross-examined as to the basis of the testimony.[4] Indeed, by introducing the declaration after the close of evidence, as discussed above,

---

[4] SkyWest is not disputing the authenticity of the email. SkyWest does, however, dispute the propriety of admitting such evidence after the factual record was closed which denies SkyWest the opportunity to cross examine a witness on the disputed issue of what the letter purports to be. *Cf.*

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

SkyWest is denied the opportunity to offer any evidence to provide context to the e-mail. This makes Plaintiffs' late-blooming hearsay testimony particularly unreliable and, therefore, inadmissible in these proceedings. In fact, the unreliability of Plaintiffs evidence is apparent from the face of the declaration which specifically acknowledges that the email was sent in response to communication (a letter) from the OC. (Doc. 137 ¶ 2.) Plaintiffs fail to present the whole story to the Court and have denied Defendant the opportunity to do so by saving this evidence until after the hearing and submitting the evidence by declaration.

### C.    The Evidence Is Inadmissible Because It Is Not Relevant.

Only relevant evidence is admissible. Fed. R. Evid. 402. To be relevant, evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Here, the evidence is not relevant because: (1) the fact that Mike Eisenstat, as Secretary of SAPA, has access to send group e-mails to all pilots is undisputed; and (2) the letter does not constitute "campaigning." On its face, the letter does not tell pilots whether to support or vote for ALPA. It clarifies misrepresentations that ALPA previously made about the ASAP safety program.

At the hearing, Plaintiffs did not raise the ASAP program. Rather, it was raised for the first time on SkyWest's direct examination of Todd Emerson. SAPA is in partnership SkyWest and the FAA under a memorandum of understanding to administer the ASAP program. (*See* June 7, 2007 Hearing Tr. at 314.) Under the program, pilots can self-report safety violations they have committed without fear of discipline.[5] (*See id.*) SAPA serves as the pilots' representative under the ASAP program. (Def. Ex. 12.) By self-reporting, a pilot has less of a likelihood of having his or her license to fly impacted or lost. (*See id.* at 315.) A SAPA representative meets with the FAA every

---

*Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1364 (9th Cir. 1988) (admitting hearsay statements because evidence was undisputed); *K-2 Ski Co., v. Head Ski Co.*, 467 F.2d 1087, 1088-89 (9th Cir. 1972) (same). Here, the evidence is on one of the core, highly controverted facts at issue – whether SAPA is using SkyWest's email for "campaign purposes" (as Plaintiffs themselves characterize the issue).

[5]    Pilots can be disciplined for safety violations that SkyWest discovers through any source other than the ASAP Program. The ASAP Program, however, immunizes employees from discipline for violations to the extent that the employer's knowledge comes solely from the ASAP Program, as long as the violation is not intentional.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

two weeks to discuss 20 to 30 self-reports. (*See id.*) In general, these are minor violations. (*See* June 8, 2007 Rough Tr. at 43:13-15.) In part, this serves to illustrate where pilot training should be focused. (*See id.* at 41:23-24.)

The letter thus addresses an issue that SAPA administers, and nothing in the letter expresses an opinion about whether pilots should or should not support ALPA. The letter does not constitute "campaigning" and is irrelevant to the issue.

## IV.   CONCLUSION

Because the Declaration of Diletta Martirano is an impermissible attempt to introduce a new document after the close of evidence and consists of inadmissible hearsay, SkyWest respectfully requests that the declaration be stricken.

Dated: June 15, 2007                            WINSTON & STRAWN LLP

By:   /s/ Robert Spagat
      Robert Spagat

      Attorneys for Defendant
      SKYWEST AIRLINES, INC.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

5
DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' LATE-FILED DECLARATION OF DILETTA MARTIRANO
CASE NO. C 07-2688 CRB