STEPHEN P. BERZON (#46540)
sberzon@altshulerberzon.com
LINDA LYE (#215584)
llye@altshulerberzon.com
CLAIRE P. PRESTEL (#235649)
cprestel@altshulerberzon.com
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

ELIZABETH GINSBURG
(Admitted to Practice *Pro Hac Vice*)
elizabeth.ginsburg@alpa.org
Air Line Pilots Association, International
1525 Massachusetts Ave., NW
Washington, D.C. 20036
Telephone: (202) 797-4081
Facsimile: (202) 797-4014

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> SKYWEST AIRLINES, INC., <br><br> Defendant. | CASE No. C-07-2688 CRB <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE MARTIRANO DECLARATION** <br><br> Date: n/a <br> Time: n/a <br> Place: Courtroom 8, 19th Floor |

Plaintiffs respond briefly to Defendant SkyWest Airlines, Inc.'s ("SkyWest's") motion to strike the Declaration of Diletta Martirano and its single accompanying exhibit.

Plaintiffs filed the Martirano declaration and attached email with their brief regarding remedies because SAPA's access to SkyWest's group e-mail system – and the purposes for which SAPA uses that access – are particularly relevant to the necessity of the specific type of relief requested in Paragraph 3 of Plaintiffs' proposed order. Given the importance of the issues at stake, and the absence of any prejudice, *see infra*, it is in the interests of justice for the Court to decide this matter on as complete a record as possible.

SkyWest's principal argument in its motion to strike is that it will be prejudiced by the inability to place the May 24, 2007 e-mail in "context." But SkyWest has now provided its context in two separate briefs – in its motion to strike and in its response to Plaintiffs' remedies brief. *See* Mot. to Strike (Doc. 153) at 1-2, 4-5; Def.'s Br. in Opp. to Plfs.' Supp. Br. re: Remedies at 14 n.11. Although SkyWest states that it would like to cross-examine Captain Martirano, her declaration merely authenticates the e-mail, and SkyWest does not dispute its authenticity. *See* Mot. to Strike at 3 n.4.

SkyWest cites Federal Rule of Civil Procedure 6(d) for the proposition that declarations should ordinarily be submitted with initial moving papers, but the Court expressly permitted additional post-hearing briefing on the issue of Paragraph 3 relief. SkyWest also cites the Norris-LaGuardia Act, 29 U.S.C. §§101-115, but the procedural requirements of that Act are inapplicable for the reasons given in Plaintiffs' opposition to SkyWest's motion to dissolve (Doc. 31) and Plaintiffs' opposition to SkyWest's motion to strike testimony (Doc. 144).[1] Moreover, nothing in the Norris-LaGuardia Act prohibits documentary evidence, *see* 29 U.S.C. §107, and both sides filed additional evidence in the form of written declarations with their preliminary injunction briefs. For

---

[1] *See Machinists v. TWA*, 654 F.Supp. 447, 456 (D.D.C. 1987) (Section 7 "inapplicable . . . where a union seeks to compel an employer to comply with the commands of the [RLA]"), *aff'd in part, rev'd in part on other grounds*, 839 F.2d 809 (D.C. Cir. 1988); *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 458 (1957) (holding procedural requirements "inapposite"); *Local 205 v. G.E.*, 233 F.2d 85, 92 (1st Cir. 1956); *Smith v. Bowers*, 337 F.Supp.2d 576, 585 (S.D.N.Y. 2004); *see generally Virginian Ry. v. Sys. Fed.*, 300 U.S. 515, 562-63 (1937) (NLGA should not be applied to frustrate RLA's purpose); *Bhd. of R.R. Tr. v. Chi. River R.R.*, 353 U.S. 30, 40 (1957) (same).

PLAINTIFFS' OPPOSITION TO DEF'S MOTION TO STRIKE MARTIRANO DECL., Case No. C-07-2688 CRB    1

example, SkyWest submitted declarations of David Livingston and Roy Glassey – neither of whom was called by SkyWest as a live witness. *See* Decl. of David Livingston ISO Opp. to Mot. for Prel. Inj. (Doc. 60); Decl. of Roy Glassey ISO Opp. to Mot. for Prel. Inj. (Doc. 62).

Neither of SkyWest's evidentiary objections has merit. The May 24 e-mail is not hearsay because it is not offered for the truth of any of the statements it contains – but only for the fact that it was sent, and that it criticizes ALPA by name. The e-mail is also an admission within the meaning of Federal Rule of Evidence 801(d)(2)(D), because it is undisputed that Michael Eisenstat is a SkyWest employee and is paid for his SAPA-related work, and because an e-mail sent to the pilots by Capt. Eisenstat in his capacity as SAPA secretary about an employment policy and program clearly relates to the scope of his employment. *See Sana v. Hawaii Cruises, Ltd.*, 181 F.3d 1041, 1046 (9th Cir. 1999).[2] Further, the e-mail is admissible as a business record. *See* FRE 803(6).

Finally, the e-mail is relevant because it shows that SAPA has used its preferential access to respond directly to activities of the SkyWest Pilots ALPA Organizing Committee ("OC") and to criticize ALPA by name. The Court has broad equity jurisdiction to determine an appropriate remedy, and the fact that SAPA (a prohibited company union) has used its preferred access to circulate e-mail that is expressly critical of ALPA, and that could only serve to undermine the Plaintiffs' organizing campaign, is relevant to a balancing of the equities and to the need for the equal access remedy requested in Paragraph 3.

Dated: June 19, 2007           Respectfully submitted

STEPHEN P. BERZON
LINDA LYE
CLAIRE P. PRESTEL
Altshuler Berzon LLP

ELIZABETH GINSBURG
Air Line Pilots Association, International

by: \s\Stephen P. Berzon
    Stephen P. Berzon

Attorneys for Plaintiffs

---

[2] *See also Hoptowit v. Ray*, 682 F.2d 1237, 1262 (9th Cir. 1982); *Sea-Land Serv. v. Lozen*, 285 F.3d 808, 821 (9th Cir. 2001).