1  Norman A. Quandt (Admitted *Pro Hac Vice*)
   Ford & Harrison LLP
2  1275 Peachtree Street, N.E., Suite 600
   Atlanta, GA 30309
3  Telephone:   404-888-3845
   Facsimile:   404-888-3863
4  Email: nquandt@fordharrison.com

5  Douglas W. Hall (Admitted *Pro Hac Vice*)
   FORD & HARRISON LLP
6  1300 Nineteenth Street, N.W., Suite 700
   Washington, DC 20036
7  Telephone:   202-719-2065
   Facsimile:   202-719-2077
8  Email: dhall@fordharrison.com

9  Robert Spagat (SBN: 157388)
   WINSTON & STRAWN LLP
10 101 California Street
   San Francisco, CA 94111-5894
11 Telephone:   415-591-1000
   Facsimile:   415-591-1400
12 Email: rspagat@winston.com

13

14 Attorneys for Defendant
   SKYWEST AIRLINES, INC.

15

16

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                        SAN FRANCISCO DIVISION

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SKYWEST AIRLINES, INC.,<br><br>Defendant. | Case No. C-07-2688 CRB<br><br>**DEFENDANT'S BRIEF REGARDING THE APPROPRIATE INJUNCTION BOND**<br><br>Date: August 2, 2007<br>Time: 9:30 a.m.<br>Ctrm: 8, 19th Floor<br><br>Judge: Hon. Charles R. Breyer<br><br>Action Filed: May 22, 2007 |

In its Memorandum and Order Granting in Part and Denying in Part Motion for Preliminary Injunction, filed June 27, 2007 (the "Order," Tab 160), the Court indicated that it would address Defendant's request that Plaintiffs be required to post a bond as a condition to the continuation of the preliminary injunction at the case management conference set for August 3, 2007. (Order, at 25:12-14.) The conference recently was reset for August 2, 2007. (Order on Motion to Continue CMC, Tab 165.) Defendant SkyWest Airlines, Inc. ("SkyWest") hereby submits its brief in support of its position that the Plaintiffs be required, as a condition to the continuation of preliminary injunctive relief, to post a bond in the amount of $700,000 as security for "any loss, expense, or damage caused by the improvident or erroneous issuance" of the injunction, as required by Section 7 of the Norris-LaGuardia Act ("NLGA"), 29 U.S.C. § 107.

## I. THE NLGA REQUIRES THAT THE MOVING PARTY TO POST A SUFFICIENT BOND AS A CONDITION TO OBTAINING PRELIMINARY INJUNCTIVE RELIEF

Section 1 of the NLGA states that a court may not issue a temporary or permanent injunction "in any case involving or growing out of a labor dispute, except in a strict conformity with the provisions of this chapter." 29 U.S.C. § 101. NLGA Sections 7 and 9 expand on Section 1 by listing the procedural steps that must be followed, and the substantive findings that a court must make, before a labor injunction may issue. *See Camping Constr. Co. v. District Council of Iron Workers*, 915 F.2d 1333, 1341 (9th Cir. 1990) ("sections 7 and 9 of the Act impose a number of substantive and procedural conditions on the availability of injunctive relief"), *cert. denied*, 500 U.S. 905 (1991). Compliance with these requirements is not a matter of choice; rather, they are prerequisites to the court's jurisdiction to issue injunctive relief. *See, e.g., District 29, United Mine Workers of America v. New Beckley Mining Co.*, 895 F.2d 942, 947 (4th Cir. 1990) ("the district court can issue no injunction without adhering to the strict procedural requirements of § 7"); *In re District No. 1 – Pac. Coast Dist., Marine Engineers Beneficial Ass'n*, 723 F.2d 70, 76-77 (D.C. Cir. 1983) ("Strict adherence to the Act's procedures is not a mere matter of form: A district court has no <u>jurisdiction</u> under the [NLGA] to issue a labor injunction without adhering to the explicit terms of the Act.") (emphasis in original); *United Telegraph Workers v. Western Union Corp.*, 771 F.2d 699, 704 (3rd Cir. 1985) (same).

Among the NLGA's requirements is that the moving party must post a bond as a condition to the granting of any preliminary injunctive relief. Specifically, Section 7 states:

> No temporary restraining order or temporary injunction shall be issued except on condition that complainant shall <u>first</u> file an undertaking with adequate security in an amount to be fixed by the court sufficient to recompense those enjoined for any loss, expense, or damage caused by the improvident or erroneous issuance of such order or injunction, <u>including all reasonable costs (together with a reasonable attorney's fee) and expense of defense</u> against the order or against the granting of any injunctive relief sought in the same proceeding and subsequently denied by the court.

29 U.S.C. § 107 (emphasis added). Thus, as far as injunction bonds are concerned, Section 7 differs from Federal Rule of Civil Procedure 65 in two critical respects: (1) though requiring a bond is discretionary under Rule 65(c), it is mandatory to satisfy the NLGA; and (2) an NLGA bond must be sufficient to include the non-moving party's attorney's fees and expenses of defense, rather than just its "costs and damages." *See, e.g., Int'l Ass'n of Machinists & Aerospace Workers v. Eastern Air Lines, Inc.*, 925 F.2d 6, 9 (1st Cir. 1991) ("Section 7 of the Norris-LaGuardia Act clearly expresses the congressional intent to require that preliminary injunction undertakings in labor disputes include a provision for reasonable attorneys' fees."). A district court's failure to require the posting of a sufficient bond violates the NLGA and constitutes reversible error. *See Aluminum Workers Int'l Union, Local Union No. 215 v. Consolidated Aluminum Corp.*, 696 F.2d 437, 446 (6th Cir. 1982) (district court abused its discretion in setting a bond at only $1,000 because that amount would not allow for recovery of attorney fees); *Tejidos de Coamo, Inc. v. International Ladies' Garment Workers' Union*, 22 F.3d 8 (1st Cir. 1999) (district court erred when it did not require a bond "to cover damages including attorney's fees, as section 7 also requires").

## II. PLAINTIFFS SHOULD BE REQUIRED TO POST A BOND IN THE AMOUNT OF $700,000 IN THIS MATTER

There is a difference of opinion among courts as to whether the amount of damages (including attorneys' fees) that may be recovered by a party against whom a preliminary injunction in a labor dispute was improvidently or erroneously granted is limited by the amount of the bond. Some courts have held that the party can recover all its attorney fees, even if they exceed the amount of the bond. In *United States Steel Corp. v. United Mine Workers*, 456 F.2d 483 (3d Cir.), *cert.*

2

*denied*, 408 U.S. 923 (1972), for example, the court concluded that "in any case involving a labor dispute the liability of the plaintiff, though not of any surety, for loss, expense or damage, including attorneys' fees, under § 7 of the Norris-LaGuardia Act shall be fixed by the court without regard to any limitation in an injunction bond." 456 F.2d at 493.

Other courts, however, have limited recovery to the amount of the bond. In *IAM v. Eastern Air Lines*, after the appellate court reversed a preliminary injunction initially granted to the union, the courts limited the carrier's recovery to $50,000, the amount of the bond, citing the general proposition that "a party injured by the erroneous issuance of an injunction 'has no action for damages in the absence of a bond.'" 925 F.2d at 10 (quoting *W.R. Grace & Co. v. Local Union 759*, 461 U.S. 757, 770 n.14 (1983)). *See also Alton & Southern Ry. Co. v. Brotherhood of Maintenance of Way Employees*, 899 F. Supp. 646, 651 (D.D.C. 1995) (increasing amount of bond from $1,000 to $100,000 because the enjoined party "will only be able to recover damages and attorney's fees up to the amount of the bond posted if this Court's injunction is later found to be erroneous," and it would be "manifestly unjust" to limit the potential recovery to $ 1,000). Although the Ninth Circuit has not decided this issue in the NLGA context, it has held in a patent case that a party's liability for an improvidently granted preliminary injunction "is limited by the terms of the bond or the order of the court that required the posting." *Buddy Systems, Inc. v. Exer-Genie, Inc.*, 545 F.2d 1164, 1168 (9th Cir. 1976), *cert. denied*, 431 U.S. 903 (1977).

In light of the precedent cited limiting a party's potential recover to the amount of the bond, the Court should require that Plaintiffs' bond be sufficient to cover all of SkyWest's potential damages, including attorneys' fees, should its position that the preliminary injunction should not have issued ultimately prevail. This would include not just the attorneys' fees and expenses associated with the preliminary injunction itself, but also the fees and expenses SkyWest will incur in defending against Plaintiffs' efforts to obtain permanent injunctive relief. *See* 29 U.S.C. § 107 (amount of the bond should be sufficient to compensate party for expenses, costs and damages associated with the order granting temporary injunctive relief "<u>or</u> against the granting of <u>any</u> injunctive relief sought in the same proceeding and subsequently denied by the court") (emphasis added).

SkyWest already has incurred $334,713 in attorneys' fees and expenses associated with defending itself against Plaintiffs' efforts to obtain a temporary restraining order and a preliminary injunction. Declaration of Todd Emerson at ¶ 3. This figure excludes attorneys' fees and expenses not directly associated with the Plaintiffs' requested injunctive relief, chiefly those incurred in moving to transfer venue and in preparing SkyWest's motion to dismiss. *Id.* at ¶ 4. SkyWest will incur substantial additional fees and costs in contesting Plaintiffs' request for a permanent injunction in this matter. *Id.* at ¶ 5. Thus, SkyWest believes that $700,000 would be a reasonable and entirely appropriate figure for the bond.

Dated: July 27, 2007              WINSTON & STRAWN LLP


                                  By:   /s/ Robert Spagat
                                        Robert Spagat
                                        Attorneys for Defendant
                                        SKYWEST AIRLINES, INC.