Norman A. Quandt (Admitted *Pro Hac Vice*)
Ford & Harrison LLP
1275 Peachtree Street, N.E., Suite 600
Atlanta, GA 30309
Telephone:   404-888-3845
Facsimile:   404-888-3863
Email: nquandt@fordharrison.com

Douglas W. Hall (Admitted *Pro Hac Vice*)
FORD & HARRISON LLP
1300 Nineteenth Street, N.W., Suite 700
Washington, DC 20036
Telephone:   202-719-2065
Facsimile:   202-719-2077
Email: dhall@fordharrison.com

Robert Spagat (SBN: 157388)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:   415-591-1000
Facsimile:   415-591-1400
Email: rspagat@winston.com

Attorneys for Defendant
SKYWEST AIRLINES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SKYWEST AIRLINES, INC.,<br><br>Defendant. | Case No. C-07-2688 CRB<br><br>**[PROPOSED] ORDER REQUIRING ISSUANCE OF BOND**<br><br>Date:  August 2, 2007<br>Time:  9:30 a.m.<br>Ctrm:  8, 19th Floor<br><br>Judge:  Hon. Charles R. Breyer<br><br>Action Filed:  May 22, 2007 |

On June 27, 2007, the Court issued a Preliminary Injunction, enjoining Defendant SkyWest Airlines, Inc. ("SkyWest") from prohibiting SkyWest pilots from engaging in certain conduct. *See* Memorandum and Order Granting in Part and Denying in Part Motion for Preliminary Injunction (Tab 160), at 25:1-11. The Norris LaGuardia Act ("NLGA") requires, as a condition of obtaining preliminary injunctive relief in a labor dispute, that Plaintiffs post a bond sufficient "to recompense those enjoined from any loss, expense, or damage caused by the improvident or erroneous issuance of such order or injunction, including all reasonable costs (together with reasonable attorneys' fee) and expense of defense against the order." 29 U.S.C. 107. *See District 29, United Mine Workers of America v. New Beckley Mining Co.*, 895 F.2d 942, 947 (4th Cir. 1990); *In re District No. 1 – Pac. Coast Dist., Marine Engineers Beneficial Ass'n*, 723 F.2d 70, 76-77 (D.C. Cir. 1983); *United Telegraph Workers v. Western Union Corp.*, 771 F.2d 699, 704 (3rd Cir. 1985). The bond must be sufficient to include the non-moving party's attorneys' fees and expenses of defense. *Tejidos de Coamo, Inc. v. International Ladies' Garment Workers' Union*, 22 F.3d 8 (1st Cir. 1999); *Int'l Ass'n of Machinists & Aerospace Workers v. Eastern Air Lines, Inc.*, 925 F.2d 6, 9 (1st Cir. 1991); *Aluminum Workers Int'l Union, Local Union No. 215 v. Consolidated Aluminum Corp.*, 696 F.2d 437, 446 (6th Cir. 1982).

Defendant has established that its reasonable attorneys' fees and costs already have exceeded $350,000 in this matter, and are likely to be on the order of $700,000 if the case is litigated to judgment in the District Court. Accordingly, as a condition of continuing the preliminary injunction entered by this Court on June 27, 2007, Plaintiffs shall post a bond in the amount of $700,000. If Plaintiffs fail to post a bond within ten business days after the date of this order, the preliminary injunction shall expire.

IT IS SO ORDERED.

Dated: _____

                              Charles R. Breyer
                              U.S. District Judge