STEPHEN P. BERZON (#46540)
sberzon@altshulerberzon.com
LINDA LYE (#215584)
llye@altshulerberzon.com
CLAIRE P. PRESTEL (#235649)
cprestel@altshulerberzon.com
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:   (415) 362-8064

ELIZABETH GINSBURG
(Admitted to Practice *Pro Hac Vice*)
elizabeth.ginsburg@alpa.org
Air Line Pilots Association, International
1525 Massachusetts Ave., NW
Washington, D.C. 20036
Telephone: (202) 797-4081
Facsimile:   (202) 797-4014

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, *et al.*, | ) ) ) | CASE No. C-07-2688 CRB |
| Plaintiffs, | ) ) ) | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION RE: APPROPRIATE INJUNCTION BOND** |
| vs. | ) ) | |
| SKYWEST AIRLINES, INC., | ) ) ) | Date:   August 2, 2007 |
| Defendant. | ) ) ) | Time:  9:30 am Place:  Courtroom 8, 19th Floor |

1    Defendant SkyWest Airlines, Inc. ("SkyWest") seeks a bond in the unjustified and unjustifiable

2    amount of $700,000, to cover its attorney's fees and expenses thus far incurred in this Court in

3    connection with the temporary restraining order and preliminary injunction, as well as its anticipated

4    litigation expenses for the remainder of this case, including discovery and trial.  If SkyWest is entitled

5    to a bond at all, under the Norris-LaGuardia Act ("NLGA") case law, that bond can cover at most only

6    the projected reasonable attorney's fees in connection with an appeal of the preliminary injunction.  Yet

7    SkyWest has chosen *not* to appeal the preliminary injunction.[1]    The only purpose of the bond

8    requirement is to indemnify a defendant against expenses its incurs in challenging and overturning the

9    temporary injunction.  Where, as here, SkyWest will not incur any expenses to appeal the preliminary

10   injunction, imposition of any bond, let alone the exorbitant bond SkyWest seeks, would serve no

11   purpose other than to inflict severe and potentially chilling financial costs on Plaintiffs in retaliation for

12   their successful effort to obtain federal court protection of their free expression rights under the Railway

13   Labor Act.

14   **I.    The Norris-LaGuardia Act Does Not Apply To This Case**

15   Defendant invokes Section 7 of the NLGA.  As a threshold matter, the NLGA – including

16   Section 7 – is inapplicable to this case for all of the reasons previously set forth in Plaintiffs' opposition

17   to SkyWest's motion to dissolve the TRO (Doc. 31).[2]  If the court previously had doubt on this issue,

18   SkyWest's bond request should dispel any such doubt.  Certainly, Congress never intended the NLGA

19   – which was enacted to protect union free speech rights – to require workers seeking to protect free

20   speech in an organizing campaign to post a mammoth bond.

21

22   _____

23   [1]This Court issued the preliminary injunction on June 27, 2007.  SkyWest was required to
     file a Notice of Appeal within 30 days of that date, or July 27, 2007.  Fed. R. App. Pro. 4(a)(1)(A).

24   As of the time of the filing of this brief, Plaintiffs have not received notice of any such appeal.

25   [2] *See Machinists v. TWA*, 654 F.Supp. 447, 456 (D.D.C. 1987) (Section 7 "inapplicable . . .
     where a union seeks to compel an employer to comply with the commands of the [RLA]"), *aff'd in*

26   *part, rev'd in part on other grounds*, 839 F.2d 809 (D.C. Cir. 1988); *see also Textile Workers v.*
     *Lincoln Mills*, 353 U.S. 448, 458 (1957) (holding procedural requirements "inapposite"); *Local 205*

27   *v. G.E.*, 233 F.2d 85, 92 (1st Cir. 1956); *Smith v. Bowers*, 337 F.Supp.2d 576, 585 (S.D.N.Y. 2004);
     *see generally Va. Ry. v. Sys. Fed.*, 300 U.S. 515, 562-63 (1937) (NLGA should not be applied to

28   frustrate RLA's purpose); *Bhd. of R.R. Tr. v. Chi. River R.R.*, 353 U.S. 30, 40 (1957) (same).

1    As a result, the posting of security for the preliminary injunction in this case is governed by

2    Federal Rule of Civil Procedure 65(c), and, as Defendant concedes, Rule 65(c)'s bond requirement may

3    be waived.  In this case, waiver of a bond is appropriate for each of the following independent reasons:

4    First, Plaintiffs have a strong likelihood of success on the merits.  *Scherr v. Volpe*, 466 F.2d 1027, 1035

5    (7th Cir. 1972).  Second, there is no realistic likelihood of harm to Defendant from enjoining its conduct.

6    *Jorgensen v. Cassiday,* 320 F.3d 906, 919 (9th Cir. 1996).  And third, the "equities of potential hardships

7    to the parties" weighs in favor of Plaintiffs.  *Temple Univ. v. White,* 941 F.2d 201, 220 (3d Cir. 1991).

8
9    **II.    Even Pursuant To Section 7 Of The NLGA, Defendant Is Entitled At Most To A Bond Limited To Attorney's Fees Incurred In Any Appeal Of The Preliminary Injunction**

10    Even assuming the NLGA applies to this case, however, Section 7 in no way supports

11    Defendant's request for a $700,000 bond.  Section 7's bond requirement protects a party from the

12    "improvident or erroneous" issuance of an injunction.  29 U.S.C. §107.  Courts construing Section 7

13    have therefore limited the amount of a bond to cover only attorney's fees incurred in connection with

14    an appeal of the preliminary injunction at issue.  In this case, SkyWest has chosen not to appeal the

15    preliminary injunction.  As a result, no bond should be posted at all.  A bond would not serve its

16    intended purpose of indemnifying SkyWest from those expenses necessary to overturn the preliminary

17    injunction – because SkyWest will have no such expenses.

18    Section 7 provides for a bond "to recompense those enjoined for any loss, expense, or damage

19    caused by *the improvident or erroneous issuance* of such order or injunction."  29 U.S.C. §107

20    (emphasis added).  In *Newspaper & Periodical Drivers' & Helpers' Union, Local 921 v. San Francisco

21    Newspaper Agency*, 89 F.3d 629, 633-34 (9th Cir. 1996), the Ninth Circuit made clear that the focus

22    of the analysis in the context of preliminary injunction bonds is whether the preliminary injunction was

23    wrongfully issued.  In this regard, it is critical to distinguish between the issue of whether the

24    preliminary injunction was wrongfully issued, and whether the employer prevails on the ultimate merits

25    of the underlying dispute.  In *San Francisco Newspaper Agency*, a union obtained a preliminary

26    injunction to protect the status quo pending arbitration of a dispute between the parties, but

27    subsequently lost the arbitration.  The employer sought to execute the preliminary injunction bond based

28    on its success on the underlying dispute, but the district court denied the motion.  The Ninth Circuit

1    affirmed because the purpose of the preliminary injunction bond is to guard against "possible wrongful

2    issuance of the preliminary injunction," and resolution of the merits of the underlying dispute in the

3    employer's favor did not establish that the preliminary injunction was wrongfully issued.[3]  *Id.* at 633.

4        Applying the same reasoning of the Ninth Circuit in *San Francisco Newspaper Agency*, courts

5    setting preliminary injunction bonds pursuant to Section 7 have limited the bond to cover only an

6    employer's attorney's fees in appealing the preliminary injunction.  In *Chauffeurs, Teamsters and*

7    *Helpers Local Union No. 414 v. Food Marketing Corp.*, 1986 WL 15724 (N.D. Ind. Oct. 3, 1986)

8    ("*FMC*"), a union sought to enjoin an employer's effort to terminate health and welfare coverage for

9    its employees pending the outcome of an arbitration concerning the permissibility under the parties'

10   collective bargaining agreement of the employer's action.  The court issued the injunction "to prevent

11   the arbitration from becoming a futile endeavor." *Id.* at *6.  The court *rejected* the employer's argument

12   that the bond should cover its expenses in the event that it prevailed on the ultimate merits of the

13   underlying dispute in arbitration.  *Id.* at *8-9.  Section 7, the court explained, is "specifically designed

14   to protect a party against an improvident or erroneous issuance of an injunction. . . . In other words, it

15   protects a party against a court's mistake." *Id.* at *9.   The court thus limited the bond to "attorney's

16   fees on appeal." *Id.* at *9.  The court therefore set the bond at $5,000.  *Id.* at *10; *see also United Steel*

17   *Workers of America, AFL-CIO-CLC v. Cooper-Standard Auto. of Bowling Green*, 2004 WL 2599132,

18   *8 (N.D. Ind. Nov. 2, 2004) (holding that pursuant to Section 7 of NLGA, "Defendants' potential

19   expense in determining whether this Court has erred in deciding . . . that the conditions for the issuance

20   of an injunction exist[] is limited to the cost of pursuing further legal proceedings").

21       In this case, SkyWest seeks to recover its attorney's fees previously incurred in the district court

22   in litigating the temporary restraining order and the preliminary injunction (which would have been

23

24       [3]Although the bond in that case was issued pursuant to Fed. R. Civ. P. 65(c), the Ninth

25   Circuit has held that "[t]he pertinent language of section 7(e) of the Norris LaGuardia Act is not
     significantly different from that of Rule 65(c)" with respect to the types of expenses to be covered

26   by a bond.  *Amalgamated Transit Union v. Greyhound Lines, Inc.*, 529 F.2d 1073, 1079 (9th Cir.
     1976), *vacated on other grounds*, 429 U.S. 807 (1976); *see also United Steel Workers*, 2004 WL

27   2599132 *8 (construing Rule 65(c) and Section 7 as setting forth "similar" standards); *FMC*, 1986
     WL 15724 *8 ("[t]he operative passages in [Rule 65(c) and Section 7] are not significantly

28   different").

1    incurred whether or not the preliminary injunction issued), as well as all further proceedings in this

2    court concerning the underlying merits of this case, including discovery and trial.  Def's Brf. Re: Bond

3    at 3:22-24 (Doc. No. 166); Emerson Decl. at ¶¶3-5 (Doc. No. 167).  Again, SkyWest would still have

4    to incur expenses connected with merits litigation, whether or not the court had issued the preliminary

5    injunction.  Thus, the bond should instead be limited to SkyWest's expenses for any "attorney's fees

6    on appeal."  *FMC*, 1986 WL 15724 at *9.  However, SkyWest *has not sought to appeal the preliminary*

7    *injunction*.  As a result, SkyWest will not incur any expenses in "establish[ing] the erroneous issuance

8    of the [preliminary] injunction."  *Id.*  Where, as here, SkyWest has chosen not to challenge the

9    preliminary injunction, the union should not be forced to post a bond to cover expenses that SkyWest

10   will not incur.

11          Indeed, the exorbitant bond sought by SkyWest would only serve to inflict potentially chilling

12   financial harm on Plaintiffs' for seeking to protect their free speech rights under the Railway Labor Act.

13   As the Sixth Circuit stated in reversing a district court's requirement that a union post a bond in the

14   "exorbitant" amount of $750,000, "[i]n considering a motion to require a security bond, . . . the court

15   should be sensitive not only to the enjoined party's need for security against financial loss, but also the

16   moving party's right to relief."  *Div. No. 1, Detroit, Bhd. of Locomotive Engrs. v. Consolidated Rail*

17   *Corp.*, 844 F.2d 1218, 1225, 1226-27 (6th Cir. 1988) (Railway Labor Act injunction).[4]

18          SkyWest's brief is directed at an entirely irrelevant issue – whether SkyWest's ultimate recovery

19   would be limited to the amount of the bond.  But its brief fails to discuss the issue currently before the

20   Court – the type of attorney's fees that a bond on the preliminary injunction must cover.

21          SkyWest is not entitled to a bond for attorney's fees incurred in the district court associated with

22   litigating the TRO and preliminary injunction.  Section 7 provides for fees and expenses "caused by the

23   improvident or erroneous *issuance*" of a preliminary injunction, including attorney's fees incurred in

24   "defen[ding] against the *order*."  29 U.S.C. §107 (emphasis added).  The language of Section 7

25   necessarily excludes SkyWest's attorneys' fees and expenses in the district court because such expenses

26   are "caused" by Plaintiffs' preliminary injunction motion, *not* "the improvident or erroneous *issuance*

27

28
_____

         [4]The bond in this case was issued pursuant to Rule 65(c).  *But see supra* at note 3.

1  of such order or injunction." Nor are they incurred in "defen[ding] against the *order*." Rather, they

2  were incurred in defending against the *motion* for a preliminary injunction, before any *order* ruling on

3  that motion was issued. The only expenses SkyWest would have incurred in "defending against the

4  order" are fees related to an appeal of the order granting the preliminary injunction. But SkyWest chose

5  not to file such an appeal.

6      Second, the reasoning underlying the Ninth Circuit's decision in *San Francisco Newspaper*

7  *Agency* forecloses any argument that the preliminary injunction bond should cover litigation expenses

8  pertaining to a *permanent* injunction, *i.e.*, the ultimate merits of this case, because the determinative

9  question with respect to the preliminary injunction bond is whether the preliminary injunction was

10  wrongfully issued. *See FMC*, 1986 WL 15724 *8-9 (ruling on merits of underlying dispute by arbitrator

11  "is not the measure" of "the potential damage faced by FMC in the event that the injunction has been

12  improperly issued"). And the propriety of permanent – as distinct from preliminary – injunctive relief

13  raises analytically distinct questions. *See Citizens for Clean Govt. v. City of San Diego,* 474 F.3d 647,

14  650 (9th Cir. 2007) (noting different standards of review applicable to appeal of permanent as distinct

15  from preliminary injunction). Indeed, a preliminary injunction expires of its own volition with the

16  issuance of the final judgment, regardless whether a permanent injunction is entered.

17      Furthermore, SkyWest provides only the most skeletal evidentiary support for its $700,000

18  figure. It has submitted a conclusory declaration stating that it has incurred $334,713 in attorney's fees

19  and costs in connection with the TRO and preliminary injunction, but has not provided any billing

20  records to substantiate this substantial sum. Emerson Decl. at ¶3 (Doc. No. 167). Determinations as

21  to the appropriate amount of a bond "should be made on the basis of specific evidence in the record."

22  *Div. No. 1*, 844 F.2d at 1227 (reversing district court's order setting bond in amount of $750,000 where

23  "factual basis for" defendant's projected losses was "at best tenuous").

## CONCLUSION

25      For the foregoing reasons, SkyWest's motion to set the bond in the amount of $700,000 should

26  be denied. No bond should be required because SkyWest has chosen not to incur the only expenses that

27  a Section 7 bond would cover.

28

1  Dated:  August 1, 2007                   Respectfully submitted

2                                           STEPHEN P. BERZON
                                            LINDA LYE
3                                           CLAIRE P. PRESTEL
                                            Altshuler Berzon LLP
4
                                            ELIZABETH GINSBURG
5                                           Air Line Pilots Association, International

6
                                            by:  \s\Stephen P. Berzon
7                                                     Stephen P. Berzon

8                                           Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28