STEPHEN P. BERZON (#46540)
sberzon@altshulerberzon.com
LINDA LYE (#215584)
llye@altshulerberzon.com
CLAIRE P. PRESTEL (#235649)
cprestel@altshulerberzon.com
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:   (415) 362-8064

ELIZABETH GINSBURG
(Admitted to Practice *Pro Hac Vice*)
elizabeth.ginsburg@alpa.org
Air Line Pilots Association, International
535 Herndon Parkway
Herndon, VA 20172-1169
Telephone:  (703) 481-2424
Facsimile:   (703) 481-2478

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>SKYWEST AIRLINES, INC.,<br><br>Defendant. | CASE No. C-07-2688 CRB<br><br>**[PROPOSED] ORDER REGARDING BOND**<br><br>Date:  August 2, 2007<br>Time:  9:30 a.m.<br>Place:  Courtroom 8, 19th Floor |

On June 27, 2007, the Court issued a preliminary injunction enjoining Defendant SkyWest Airlines, Inc. ("SkyWest") from interfering with the right of SkyWest pilots to engage in expressive, organizing activity pursuant to the Railway Labor Act.  Currently before the Court is Defendant's Motion regarding the appropriate injunction bond.

The Court finds that the Norris-LaGuardia Act ("NLGA") does not apply to this case. *See Machinists v. TWA*, 654 F.Supp. 447, 456 (D.D.C. 1987) (Section 7 "inapplicable . . . where a union seeks to compel an employer to comply with the commands of the [RLA]"), *aff'd in part, rev'd in part on other grounds*, 839 F.2d 809 (D.C. Cir. 1988); *see also Textile Workers v. Lincoln Mills*,

353 U.S. 448, 458 (1957) (holding procedural requirements "inapposite"); *Local 205 v. G.E.*, 233 F.2d 85, 92 (1st Cir. 1956); *Smith v. Bowers*, 337 F.Supp.2d 576, 585 (S.D.N.Y. 2004); *see generally Va. Ry. v. Sys. Fed.*, 300 U.S. 515, 562-63 (1937) (NLGA should not be applied to frustrate RLA's purpose); *Bhd. of R.R. Tr. v. Chi. River R.R.*, 353 U.S. 30, 40 (1957) (same). As a result, the posting of security for the preliminary injunction in this case is governed by Federal Rule of Civil Procedure 65(c), and Rule 65(c)'s bond requirement may be waived. In this case, waiver of a bond is appropriate for each of the following independent reasons: First, Plaintiffs have a strong likelihood of success on the merits. *Scherr v. Volpe*, 466 F.2d 1027, 1035 (7th Cir. 1972). Second, there is no realistic likelihood of harm to Defendant from enjoining its conduct. *Jorgensen v. Cassiday,* 320 F.3d 906, 919 (9th Cir. 1996). And third, the "equities of potential hardships to the parties" weighs in favor of Plaintiffs. *Temple Univ. v. White,* 941 F.2d 201, 220 (3d Cir. 1991).

The Court further finds that even if the NLGA applies, no bond is required. Section 7 of the NLGA provides for a bond "to recompense those enjoined for any loss, expense, or damage caused by *the improvident or erroneous issuance* of such order or injunction." 29 U.S.C. §107 (emphasis added). The only purpose of a preliminary injunction bond is to indemnify a defendant against expenses it incurs in challenging and overturning the preliminary injunction. Thus, the bond available under Section 7 is limited to SkyWest's expenses for any "attorney's fees on appeal." *Chauffeurs, Teamsters and Helpers Local Union No. 414 v. Food Marketing Corp.*, 1986 WL 15724, *9 (N.D. Ind. Oct. 3, 1986) ("*FMC*"); *see also United Steel Workers of America, AFL-CIO-CLC v. Cooper-Standard Auto. of Bowling Green*, 2004 WL 2599132, *8 (N.D. Ind. Nov. 2, 2004) (holding that pursuant to Section 7 of NLGA, "Defendants' potential expense in determining whether this Court has erred in deciding . . . that the conditions for the issuance of an injunction exist[] is limited to the cost of pursuing further legal proceedings"). SkyWest has not appealed the preliminary injunction. As a result, SkyWest will not incur any expenses in "establish[ing] the erroneous issuance of the [preliminary] injunction." *Id.* No bond is required in this case because SkyWest has chosen not to incur the only expenses that a Section 7 bond would cover.

Having considered the papers filed concerning Defendant's Motion Regarding the Appropriate Injunction Bond and based on the record in this case, it is hereby ordered that

ORDER REGARDING BOND, CASE No. C-07-2688 CRB                                                                                          1

1  Defendant's motion to set the bond at $700,000 is DENIED and the Court hereby orders that no
2  bond is required in this case.

4  Date: _____        _____
                                                Hon. Charles R. Breyer
5                                               United States District Judge