Norman A. Quandt (Admitted *Pro Hac Vice*)
Ford & Harrison LLP
1275 Peachtree Street, N.E., Suite 600
Atlanta, GA  30309
Telephone:   404-888-3845
Facsimile:    404-888-3863
Email:  nquandt@fordharrison.com

Douglas W. Hall (Admitted *Pro Hac Vice*)
FORD & HARRISON LLP
1300 Nineteenth Street, N.W., Suite 700
Washington, DC  20036
Telephone:   202-719-2065
Facsimile:    202-719-2077
Email:  dhall@fordharrison.com

Robert Spagat (SBN:  157388)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5894
Telephone:   415-591-1000
Facsimile:    415-591-1400
Email:  rspagat@winston.com

Attorneys for Defendant
SKYWEST AIRLINES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al.,<br><br>            Plaintiffs,<br><br>    vs.<br><br>SKYWEST AIRLINES, INC.,<br><br>            Defendant. | **Case No. C-07-2688 CRB**<br><br>**DEFENDANT'S ANSWER**<br><br>Judge:  Hon. Charles R. Breyer<br><br>Action Filed:  May 22, 2007 |

Defendant SkyWest Airlines, Inc. ("SkyWest") hereby submits its Answer to the Complaint for Injunctive and Declaratory Relief ("Complaint") filed by Plaintiffs in this matter.

1. Paragraph 1 of the Complaint purports to describe the nature of this action but contains no averments of fact to which a response is required. To the extent Paragraph 1 can be read as including any averment of facts, SkyWest denies them, and denies that Plaintiffs are entitled to the relief described in that paragraph.

2. Paragraph 2 of the Complaint purports to describe the jurisdictional basis for this action but contains no averments of fact to which a response is required. To the extent Paragraph 2 can be read as including any averment of facts, SkyWest denies them, and denies that this Court has subject matter jurisdiction.

3. Paragraph 3 of the Complaint purports to describe the jurisdictional basis for this action but contains no averments of fact to which a response is required. To the extent Paragraph 3 can be read as including any averment of facts, SkyWest denies them, and denies that this Court has subject matter jurisdiction.

4. SkyWest admits the allegations of Paragraph 4 of the Complaint, although it continues to contend that venue should be transferred to the United States District Court for Utah under the doctrine of *forum non conveniens*.

5. SkyWest admits the allegations of Paragraph 5 of the Complaint.

6. SkyWest is without knowledge, and therefore denies, the allegations of the first three sentences of Paragraph 6 of the Complaint. SkyWest denies the allegations of the fourth and fifth sentences of Paragraph 6.

7. SkyWest is without knowledge, and therefore denies, the allegations of Paragraph 7 of the Complaint, except admits that Plaintiff Dow is a commercial airline pilot employed by SkyWest as a captain.

8. SkyWest is without knowledge, and therefore denies, the allegations of Paragraph 8 of the Complaint, except admits that Plaintiff Bowlin is a commercial airline pilot employed by SkyWest as a captain.

9. SkyWest denies the allegations of Paragraph 9 of the Complaint.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

10. SkyWest is without knowledge, and therefore denies, the allegations of Paragraph 10 of the Complaint, except admits that Plaintiff Johnson is a commercial airline pilot employed by SkyWest as a captain.

11. SkyWest is without knowledge, and therefore denies, the allegations of Paragraph 11 of the Complaint, except admits that Plaintiff Shrier is a commercial airline pilot employed by SkyWest as a captain.

12. SkyWest is without knowledge, and therefore denies, the allegations of Paragraph 12 of the Complaint, except admits that Plaintiff Martirano is a commercial airline pilot employed by SkyWest as a first officer.

13. SkyWest is without knowledge, and therefore denies, the allegations of Paragraph 13 of the Complaint, except admits that Plaintiff Alford is a commercial airline pilot employed by SkyWest as a captain.

14. SkyWest is without knowledge, and therefore denies, the allegations of Paragraph 14 of the Complaint, except admits that Plaintiff Boehm is a commercial airline pilot employed by SkyWest as a captain.

15. SkyWest is without knowledge, and therefore denies, the allegations of Paragraph 15 of the Complaint, except admits that Plaintiff Mansur is a commercial airline pilot employed by SkyWest as a captain.

16. SkyWest admits the allegations of the first two sentences of Paragraph 16 of the Complaint. SkyWest is without knowledge, and therefore denies, the allegations of the third paragraph of Paragraph 16. SkyWest denies the allegations of the fourth sentence of Paragraph 16.

17. SkyWest admits the allegations of the first, second and fourth sentences of Paragraph 17 of the Complaint with the exception that, as if the date of this Answer, it now has 120 scheduled departures a day out of San Francisco. SkyWest denies the allegations of the third sentence of Paragraph 17.

18. SkyWest admits the allegations of Paragraph 18 of the Complaint.

19. SkyWest is without knowledge, and therefore denies, the allegations of Paragraph 19 of the Complaint.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

20. SkyWest denies the allegations of Paragraph 20 of the Complaint, except it admits that the SkyWest Airline Pilots Association ("SAPA") is the representative of the SkyWest pilots, that SkyWest finances SAPA, and SAPA has not been certified by the National Mediation Board.

21. SkyWest admits the allegations of the first two sentences of Paragraph 21 of the Complaint. SkyWest denies the allegations of the third sentence of Paragraph 21.

22. SkyWest admits the allegations of Paragraph 22 of the Complaint.

23. SkyWest admits the allegations of Paragraph 23 of the Complaint.

24. SkyWest denies the allegations of Paragraph 24 of the Complaint.

25. SkyWest is without knowledge, and therefore denies, the allegations of the first sentence of Paragraph 25 of the Complaint. SkyWest admits that some pilots wear lanyards in order to display their identification badges but denies that this is the sole or exclusive method used by pilots.

26. SkyWest is without knowledge, and therefore denies, the allegations of Paragraph 26 of the Complaint.

27. SkyWest denies the allegations of the first sentence of Paragraph 27 of the Complaint. SkyWest admits the allegations of the second sentence of Paragraph 27.

28. SkyWest denies the allegations of Paragraph 28 of the Complaint, except admits that it has, from time to time, instructed pilots to remove ALPA lanyards.

29. SkyWest is without knowledge, and therefore denies, the allegations of the first four sentences of Paragraph 29 of the Complaint. SkyWest denies the allegations of the fifth and sixth sentences of Paragraph 29.

30. SkyWest admits the allegations of Paragraph 30 of the Complaint.

31. SkyWest admits the allegations of Paragraph 31 of the Complaint.

32. SkyWest denies the allegations of Paragraph 32 of the Complaint..

33. SkyWest is without knowledge, and therefore denies, the allegations of Paragraph 33 of the Complaint.

34. SkyWest denies the allegations of Paragraph 34 of the Complaint.

35. SkyWest admits the allegations of the first two sentences of Paragraph 35 of the

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  Complaint.  SkyWest denies the allegations of the third sentence of Paragraph 35.

2      36.    SkyWest admits the allegations in Paragraph 36 of the Complaint.

3      37.    SkyWest admits the allegations of the first two sentences of Paragraph 37 of the
4  Complaint.  SkyWest is without knowledge, and therefore denies, the allegations of the third
5  sentence of Paragraph 37 of the Complaint.

6      38.    SkyWest admits the allegations in the first two sentences of Paragraph 38 of the
7  Complaint.  The allegations in the third sentence of Paragraph 38 are vague, ambiguous and
8  nonspecific, therefore SkyWest denies the same.

9      39.    SkyWest denies the allegations of Paragraph 39 of the Complaint.

10      40.    SkyWest denies the allegations of Paragraph 40 of the Complaint.

11      41.    SkyWest denies the allegations of Paragraph 41 of the Complaint.

12      42.    SkyWest incorporates by reference and reasserts the answers given to paragraphs 1
13  through 41 above as though fully set forth herein.

14      43.    SkyWest denies the allegations of Paragraph 43 of the Complaint.

15      44.    SkyWest denies the allegations of Paragraph 44 of the Complaint.

16      45.    SkyWest incorporates by reference and reasserts the answers given to paragraphs 1
17  through 44 above as though fully set forth herein.

18      46.    SkyWest denies the allegations of Paragraph 46 of the Complaint.

19      47.    SkyWest denies the allegations of Paragraph 47 of the Complaint.

20      48.    SkyWest incorporates by reference and reasserts the answers given to paragraphs 1
21  through 47 above as though fully set forth herein.

22      49.    SkyWest denies the allegations of Paragraph 49 of the Complaint.

23      50.    SkyWest denies the allegations of Paragraph 50 of the Complaint.

24      51.    SkyWest incorporates by reference and reasserts the answers given to paragraphs 1
25  through 50 above as though fully set forth herein.

26      52.    SkyWest denies the allegations of Paragraph 52 of the Complaint.

27      53.    SkyWest denies the allegations of Paragraph 53 of the Complaint.  SkyWest further
28  denies that Plaintiffs are entitled to any of the relief set forth in the section of the Complaint entitled

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

"Prayer for Relief" following paragraph 53, or any relief of any kind whatsoever.

**AFFIRMATIVE DEFENSES**

1. The Complaint, and each Count of the Complaint, fails to state a claim upon which relief can be granted, in whole or in part.

2. The Court lacks subject matter jurisdiction over Plaintiffs' claims because this matter involves a representation dispute.

3. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of unclean hands and laches.

4. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

Dated: August 16, 2007                                   WINSTON & STRAWN LLP


                                                         By:  /s/ Robert Spagat
                                                              Robert Spagat
                                                              Attorneys for Defendant
                                                              SKYWEST AIRLINES, INC.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894