| | |
|---|---|
| STEPHEN P. BERZON (#46540)<br>sberzon@altshulerberzon.com<br>LINDA LYE (#215584)<br>llye@altshulerberzon.com<br>Altshuler Berzon LLP<br>177 Post Street, Suite 300<br>San Francisco, CA 94108<br>Telephone: (415) 421-7151<br>Facsimile: (415) 362-8064 | ELIZABETH GINSBURG<br>(Admitted Pro Hac Vice)<br>elizabeth.ginsburg@alpa.org<br>Air Line Pilots Association, International<br>535 Herndon Parkway<br>Herndon, VA 20172-1169<br>Telephone: (703) 481-2424<br>Facsimile: (703) 481-2478 |

Attorneys for Plaintiffs
SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al.

| | |
|---|---|
| Norman A. Quandt (Admitted Pro Hac Vice)<br>Ford & Harrison LLP<br>1275 Peachtree Street, N.E., Suite 600<br>Atlanta, GA 30309<br>Telephone: 404-888-3845<br>Facsimile: 404-888-3863<br>Email: nquandt@fordharrison.com | Robert Spagat (SBN: 157388)<br>WINSTON & STRAWN LLP<br>101 California Street<br>San Francisco, CA 94111-5894<br>Telephone: 415-591-1000<br>Facsimile: 415-591-1400<br>Email: rspagat@winston.com |

Douglas W. Hall (Admitted Pro Hac Vice)
FORD & HARRISON LLP
1300 Nineteenth Street, N.W., Suite 700
Washington, DC 20036
Telephone: 202-719-2065
Facsimile: 202-719-2077
Email: dhall@fordharrison.com

Attorneys for Defendant
SKYWEST AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>SKYWEST AIRLINES, INC.,<br><br>    Defendant. | CASE NO.: C07-2688 CRB<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: October 12, 2007<br>Time: 10:00 a.m.<br>Place: Ctrm 8, 19th Floor |

Pursuant to Fed. R. Civ. P. 16 and 26, and Local Rule 16-9, the parties hereby submit this Joint Case Management Conference Statement:

1. <u>Jurisdiction and Service</u>**:**

Plaintiffs contend the Court has federal question subject matter jurisdiction under 28 U.S.C. §1331 because Plaintiffs claims arise under the Railway Labor Act, 29 U.S.C. §152, Third and Fourth. Defendant denies that the Court has subject matter jurisdiction and contends that the National Mediation Board ("NMB") has exclusive jurisdiction of these claims. There are no counterclaims. All parties have been served. There are no issues regarding personal jurisdiction. Defendant has brought and this Court has denied a motion to transfer venue and a motion to dismiss for lack of jurisdiction. The Court has granted Defendant's request for leave to file a new motion to transfer venue due to changed circumstances. Defendant also expressly reserves the right to refile its motion to dismiss for lack of jurisdiction based on new factual circumstances involving ALPA recently filing an application for representation with the NMB.

2. <u>Facts</u>:

Plaintiffs are pilots at Defendant SkyWest Airlines, Inc. ("SkyWest") who are seeking to organize for collective bargaining purposes and to elect the Air Line Pilots Association International ("ALPA") as their collective bargaining representative. ALPA and the committee established by the pilot plaintiffs to organize, known as the SkyWest Pilots ALPA Organizing Committee (the "OC") are also plaintiffs. Plaintiffs contend that SkyWest has interfered with their right to organize and to designate a representative of their own choosing in two interrelated ways:

Plaintiffs contend that Defendant has interfered with their expressive and associational activity by prohibiting them from wearing lanyards with ALPA insignia, while permitting pilots to wear lanyards with other non-SkyWest insignia. Plaintiffs also contend that Defendant has interfered with their distribution of material related to the organizing campaign in non-work areas such as crew lounges, on crew lounge bulletin boards, and in crew mailboxes.

Plaintiffs further contend that Defendant provides assistance to the SkyWest Airline Pilots Association ("SAPA"), which purports to represent the pilot group but has never been

1   certified by the National Mediation Board as the pilots' representative for collective bargaining
2   purposes. Plaintiffs contend that Defendant supports SAPA by fully funding all of SAPA's
3   expenses, as well as by granting SAPA special channels of communication with the pilot group,
4   including use of group email functions on the SkyWest online email system and dedicated time
5   for making presentations to newly hired pilot classes.
6         Defendant contends that it while there has been some laxity in its administration of its
7   uniform and bulletin board policies, it has not discriminated against ALPA in the administration
8   of such policies and that any incidents of disparate enforcement of these policies against
9   Plaintiffs have been isolated, innocuous and legally *de minimus*. Defendant denies that the fact
10  that it pays SAPA's expenses standing alone constitutes illegal domination in violation of the
11  Railway Labor Act, and further denies that such domination actually exists. Defendant also
12  denies that SAPA's use of Company emails and other methods of communication are in any way
13  violative of the Railway Labor Act.
14  3.    <u>Legal Issues</u>:
15      There are two primary legal issues:
16      (1)    Whether Defendant's conduct violates the rights of pilots at SkyWest to engage in
17            expressive and associational activity under 45 U.S.C. §152, Third and Fourth?
18      (2)    Whether Defendant's support of SAPA violates the prohibition in 45 U.S.C. §152,
19            Third and Fourth.
20  4.    <u>Motions</u>:
21      On May 22, 2007, Plaintiffs brought a motion for a temporary restraining order and an
22  order to show cause why a preliminary injunction should not issue. On May 22, 2007, this Court
23  granted the Temporary Restraining Order ("TRO"), and subsequently issued an amended TRO
24  on May 24, 2007. On June 7 and 8, 2007, this Court held a two-day evidentiary hearing on
25  Plaintiffs' motion for a preliminary injunction. The preliminary injunction was granted in part,
26  denied in part on June 27, 2007.
27      Defendant brought a motion to transfer venue on May 27, 2007; the Court denied the
28  motion on June 5, 2007 Defendant brought a motion to dismiss on June 19, 2007; the Court

1  denied the motion on August 3, 2007. Defendant made an oral motion for leave to file a new
2  motion to transfer venue due to changed circumstances on June 5, 2007. This motion for leave
3  to file a new motion to transfer was granted by the Court on June 5, 2007.
4       After the close of discovery, Plaintiffs anticipate bringing a motion for summary
5  judgment.
6       Defendant anticipates filing a new motion to transfer venue and/or a new motion to
7  dismiss based on changed circumstances in approximately the next 60 days. Defendant may also
8  file a motion for summary judgment at the conclusion of discovery.
9  5.     <u>Amendment of Pleadings</u>:
10      Plaintiffs do not anticipate adding claims. Defendants do not anticipate adding defenses
11 at this time. The parties will submit a stipulated dismissal of Plaintiff Andy Bharath on the
12 ground that Mr. Bharath is no longer employed with Defendant SkyWest. The parties propose
13 the following deadline for amending the pleadings:   January 31, 2007.
14 6.     <u>Evidence Preservation</u>:
15      Plaintiffs and Defendants have both taken measures to preserve evidence relevant to the
16 issues reasonably evident in this action, including interdiction of any document-destruction
17 program and any ongoing erasures of e-mails, voicemails, and other electronically-recorded
18 material.
19 7.     <u>Disclosures</u>:
20      The parties have agreed to exchange initial disclosures on October 5, 2007.
21 8.     <u>Discovery</u>:
22      Other than the initial disclosures as set forth in Number 7 above, and an exchange of
23 witness lists in advance of the evidentiary hearing on Plaintiffs' motion for a preliminary
24 injunction, the parties have not yet engaged in discovery.
25      The parties propose a 7-month period for discovery, following the conclusion of any
26 alternative dispute resolution process, and the following discovery plan, pursuant to Fed. R. Civ.
27 P. 26(f):
28      (1)     The parties have agreed to exchange initial disclosures on October 5, 2007.

1   (2)  Plaintiffs anticipate discovery regarding any anti-union animus underlying
2        SkyWest's actions; any restrictions by SkyWest on the expressive and
3        associational activity of SkyWest pilots; and SAPA, including but not limited to,
4        the scope and extent of SkyWest's support for SAPA, the creation of SAPA, the
5        nature of SkyWest's relationship with SAPA, and the content of communications
6        between SAPA and the pilot group.  Defendant anticipates discovery regarding
7        the creation and nature of its relationship with SAPA, any incidents in which
8        Plaintiffs contend SkyWest has discriminatorily interfered with Plaintiffs''
9        support of ALPA, the pattern of ALPA organizing activities and various objective
10       measurements of the pattern of employee support for ALPA.  Defendant also
11       anticipates discovery regarding financial and other support provided by ALPA by
12       other airlines.  The parties agree that discovery does not need to proceed in
13       phases.
14  (3)  Plaintiffs have requested that Defendant preserve all electronically stored
15       information and that such information be produced in native format.
16  (4)  There are no special issues relating to claims of privilege.
17  (5)  The parties do not propose any limitations or modifications on the discovery rules.
18  (6)  The parties do not believe at this juncture that any other special discovery orders
19       are necessary.

20  9.  Class action:
21      This case is not a class action.
22  10. Related cases:
23      Defendant contends that NMB Case No. R-7125 filed by ALPA on August 20, 2007 is
24  related to this proceeding.  Plaintiffs contend that this NMB Case is not related to this case
25  within the meaning of Local Rule 3-12 because, inter alia, the nature of Plaintiffs' claims and the
26  relief sought in this action is substantially different from what is at issue in the NMB proceeding,
27  and no duplication of labor and expense or conflicting results would occur if both actions
28  proceed.  Defendant disagrees with Plaintiffs' contentions.

11. <u>Relief</u>:

Plaintiffs seek a permanent injunction restraining Defendant and its agents as follows:

1) Are hereby enjoined from interfering in any way with SkyWest pilots' outward expression of support for ALPA and the ALPA organizing campaign and association with like-minded pilots through, *inter alia*, the wearing of ALPA insignia on lanyards or pins, while in uniform or off duty.

2) Are hereby enjoined from interfering in any way with SkyWest pilots' oral communication with fellow SkyWest pilots regarding ALPA and the ALPA organizing campaign in non-work areas and non-work time and from interfering in any way with SkyWest pilots' communication with fellow SkyWest pilots regarding ALPA and the ALPA organizing campaign through distribution of ALPA-related materials in non-work areas such as bulletin boards and crew lounges.

3) Are hereby enjoined from discriminating in any way against SkyWest pilots with respect to the channels of communication they may use to communicate with fellow pilots, and, to comply with this prohibition, are hereby ordered to permit the pilots employed by SkyWest, who are members of Plaintiff SkyWest Pilots ALPA Organizing Committee and whose names appear on Appendix A to the Amended Temporary Restraining Order issued by the Court on May 24, 2007, to use the same channels of communication used by SkyWest Airlines Pilot Association ("SAPA") at any point during the last year, including *inter alia*, to post materials on general bulletin boards in crew lounges, to distribute materials through pilot mailboxes, to send group emails to pilots through SkyWest's email system, and to make presentations to newly-hired pilot classes, and also to use of dedicated bulletin board space in each crew lounge where SAPA had dedicated bulletin board space at any point in the last year.

4) Are hereby enjoined from funding or providing any financial support to SAPA. Defendant seeks an Order that the Complaint be dismissed in its entirety on the grounds that Plaintiffs have failed to prove that any acts by SkyWest alleged in the Complaint violate the Railway Labor Act.

1  12.     <u>Settlement and ADR</u>:

2         To date, the parties have discussed settlement options but have not have reached

3  agreement on any settlement.  The parties are in compliance with ADR Local Rule 3-5.  They

4  have met and conferred regarding ADR and are filing herewith a stipulation selecting Early

5  Neutral Evaluation.

6  13.     <u>Consent to Magistrate Judge for All Purposes</u>:

7         The parties do not consent to have a magistrate judge conduct all further proceedings

8  including trial and entry of judgment.

9  14.     <u>Other references</u>:

10        This case is not suitable for reference to binding arbitration, a special master, or the

11 Judicial Panel on Multidistrict Litigation.

12 15.     <u>Narrowing of Issues</u>:

13        At this time, the parties are not aware of issues that can be narrowed by agreement or by

14 motion.  After discovery and a ruling on any summary judgment motions, the parties may be able

15 to expedite the presentation of evidence at trial through summaries or stipulated facts, but at this

16 juncture, are not in a position to identify such summaries or stipulations.  The parties do not

17 request that issues, claims, or defenses be bifurcated.

18 16.     <u>Expedited Schedule</u>:

19        The parties believe that this case can be handled on a normal discovery schedule.

20 17.     <u>Scheduling</u>:

21        The parties propose the following schedule, which includes a 7-month discovery period

22 following ENE:

23 Conclusion of ENE:                    November 30, 2007

24 Discovery cut-off:                    June 30, 2008

25 Summary Judgment Motions due:         July 25, 2008

26 Opposition Briefs due:                August 8, 2008

27 Reply Briefs due:                     August 15, 2008

28 Summary Judgment hearing:             August 29, 2008

1  Trial:                              90 days after a decision on any summary judgment motion(s)

2  18.  <u>Trial</u>:

3  This case will be tried to the court.  The parties expect a 5-day trial.

4  19.  <u>Disclosure of Non-party Interested Entities or Persons</u>:

5  All parties have filed the Certification of Interested Entities of Persons required by Civil Local Rule 3-16.  Other than the named Plaintiffs, Plaintiffs have no such interest to report. Defendant is not aware of any interested non-parties.

Dated:  October 1, 2007           ALTSHULER BERZON LLP

           /s/ Linda Lye
           By:  Linda Lye
           Attorneys for Plaintiffs
           SKYWEST PILOTS ALPA ORGANIZING
           COMMITTEE, et al.

Dated:  October 1, 2007           WINSTON & STRAWN LLP

           /s/  Robert Spagat
           By:  Robert Spagat
           Attorneys for Defendant
           SKYWEST AIRLINES, INC.

## ORDER

The parties having submitted this Joint Case Management Statement and good cause appearing, IT IS HEREBY ORDERED that the parties' Joint Case Management Statement, subject to any revisions set forth above, shall be the Order of this Court.

Dated:

_____
Honorable Charles R. Breyer
U.S. District Judge