1 STEPHEN P. BERZON (#46540)
sberzon@altshulerberzon.com
2 LINDA LYE (#215584)
llye@altshulerberzon.com
3 Altshuler Berzon LLP
177 Post Street, Suite 300
4 San Francisco, CA 94108
Telephone: (415) 421-7151
5 Facsimile: (415) 362-8064

6 ELIZABETH GINSBURG
(Admitted to Practice *Pro Hac Vice*)
7 elizabeth.ginsburg@alpa.org
Air Line Pilots Association, International
8 1625 Massachusetts Avenue, N.W.
Washington, D.C. 20036
9 Telephone: (202) 797-4081
Facsimile: (202) 797-4014

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, *et al.*, <br><br>　　　　Plaintiffs, <br><br>　vs. <br><br>SKYWEST AIRLINES, INC., <br><br>　　　　Defendant. | CASE No. C-07-2688 CRB <br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF STEVE DOW; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: June 20, 2008 <br> Time: 10:00 a.m. <br> Place: Courtroom 8, 19th Floor |
|---|---|

PLAINTIFFS' MOTION TO DISMISS STEVE DOW, CASE No. C-07-2688 CRB

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that on June 20, 2008, at 10:00 a.m., before the Honorable Charles R. Breyer, in Courtroom 8 of this Court, located at 450 Golden Gate Avenue, San Francisco, California, plaintiffs will move, and hereby do move, this Court to dismiss plaintiff Steve Dow from this action, pursuant to Rule 41(a)(2).

Plaintiffs bring this motion on the ground that Steve Dow is no longer employed by defendant SkyWest Airlines, Inc., and therefore no longer has any stake in the present case. This motion is based upon the memorandum of points and authorities set forth below, such argument as may be heard by the Court at the hearing, and the pleadings, records, and files in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The present case seeks injunctive and declaratory relief against defendant SkyWest Airlines, Inc. ("SkyWest"), based on SkyWest's unlawful interference with the efforts of plaintiffs, who are SkyWest pilots, to exercise their rights under the Railway Labor Act. Plaintiff Steve Dow was, at the time this action was filed, a SkyWest pilot and a named plaintiff. Declaration of Linda Lye ("Lye Decl.") ¶2. However, in March 2008, he voluntarily terminated his employment with defendant for reasons unrelated to the present case. *Id.*

Because he no longer has a personal interest in this litigation, Mr. Dow seeks dismissal from the case. Defendant has refused to agree to dismissing Mr. Dow. Therefore, plaintiffs are forced to file this motion seeking a Court order dismissing Mr. Dow pursuant to Federal Rule of Civil Procedure 41(a)(2). *See* Lye Decl. ¶¶2-3.

**II.   ARGUMENT**

**A.    Mr. Dow's Dismissal Is Appropriate Because He No Longer Has An Interest In This Litigation, And His Dismissal Will Not Cause SkyWest Plain Legal Prejudice.**

Voluntary dismissal pursuant to Rule 41(a)(2) should be liberally granted so long as the defendant will not be prejudiced. *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1991); *Mayes v. Fujimoto*, 181 F.R.D. 453, 455 (D. Haw. 1998) ("Rule 41(a)(2) motions for voluntary dismissal should be liberally granted, provided that no party will suffer legal

prejudice."); *Watson v. Clark*, 716 F.Supp.1354, 1355 (N.D. Cal. 1989) (same). "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion . . . ." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (quotation marks and citation omitted).

Dismissal should be denied only if the defendant would suffer "plain legal prejudice" as a result. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir.1982). "[L]egal prejudice" is defined as "prejudice to some legal interest, some legal claim, [or] some legal argument . . . ." *Westlands Water Dist.*, 100 F.3d at 97. "Plain legal prejudice . . . does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton*, 679 F.2d at 145. "Neither does plain legal prejudice arise from defendant's missed opportunity for a legal ruling on the merits." *Watson*, 716 F.Supp. at 1355. Finally, "'the expense incurred in defending against a lawsuit does not amount to legal prejudice.'" *Williams v. Peralta Cmty. College Dist.*, 227 F.R.D. 538, 539 (C.D. Cal. 2005) (quoting *Westlands Water Dist.*, 100 F.3d at 97). Instead, plain legal prejudice exists "where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable." *Watson*, 716 F.Supp. at 1356.

SkyWest has not contended that Mr. Dow still has an interest in this litigation. Lye Decl. ¶3. And it cannot demonstrate that Mr. Dow's dismissal will cause it to suffer any undue burden. Instead, SkyWest has refused to agree to Mr. Dow's dismissal solely because it served discovery on Mr. Dow prior to the termination of his employment, and Mr. Dow has not yet responded to that discovery. *See id.* Thus, SkyWest is withholding its consent in order to leverage discovery from Mr. Dow.

The fact that Mr. Dow has not yet responded to discovery responses clearly does not constitute the type of "plain legal prejudice" to a defendant that might warrant denial of a motion to dismiss pursuant to Rule 41(a)(2). SkyWest remains free to seek non-burdensome, non-harassing discovery of Mr. Dow under Federal Rule of Civil Procedure 45, just as it may of any third party. Therefore, Mr. Dow's dismissal will not affect "some legal interest, some legal claim, [or] some legal argument" of SkyWest. *Westlands Water Dist.*, 100 F.3d at 97. Nor is this even a situation

1  where dismissal of Mr. Dow would deprive SkyWest of an opportunity to obtain a legal ruling on
2  the merits, as seven other individual pilot and two organizational plaintiffs remain in the action. *Cf.*
3  *Watson*, 716 F.Supp. at 1355 ("defendant's missed opportunity for a legal ruling on the merits" does
4  *not* constitute "plain legal prejudice"). Moreover, Mr. Dow testified at the preliminary injunction
5  trial in this matter, and SkyWest already had the opportunity to, and did, cross-examine him about
6  this testimony at that time. The requested dismissal should be granted.

7  **B.     Mr. Dow's Dismissal Should Be Without Prejudice.**

8  The "default position" of Court-ordered dismissal pursuant to Rule 41(a)(2) is without
9  prejudice. *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002); Fed. R. Civ. P. 41(a)(2) ("Unless
10 the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). "Factors that
11 may be considered in determining whether a dismissal should be with or without prejudice include:
12 (1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of
13 diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of
14 the need to take a dismissal." *Williams*, 227 F.R.D. at 540 (quotation marks and citation omitted;
15 alteration in original).

16 Here, SkyWest will suffer no prejudice due to Mr. Dow's dismissal; the dismissal will not
17 cause any significant expenditure of SkyWest's resources or render any significant past expenditure
18 unnecessary; and it has been prompted by external circumstances that have wholly eliminated Mr.
19 Dow's interest in this litigation. Further, plaintiffs have not delayed, having sought a stipulation
20 from SkyWest to dismiss Mr. Dow promptly after he left SkyWest. Lye Decl. ¶4. In these
21 circumstances, Mr. Dow should retain his right to pursue the claims raised in this lawsuit, should he
22 become re-employed at SkyWest at some point in the future. Therefore, Mr. Dow's dismissal
23 should be without prejudice.

24 ///
25 ///
26 ///
27 ///
28

PLAINTIFFS' MOTION TO DISMISS STEVE DOW, CASE No. C-07-2688 CRB     3

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court dismiss Mr. Dow from this case without prejudice.

Dated: May 13, 2008     Respectfully submitted

STEPHEN P. BERZON
LINDA LYE
Altshuler Berzon LLP

ELIZABETH GINSBURG
Air Line Pilots Association, International


by: \s\Linda Lye
    Linda Lye

Attorneys for Plaintiffs