Douglas W. Hall (Admitted *Pro Hac Vice*)
Ford & Harrison LLP
1300 Nineteenth Street, N.W., Suite 700
Washington, DC 20036
Telephone:    202.719.2065
Facsimile:     202.719.2077
Email: dhall@fordharrison.com

Robert Spagat (SBN: 157388)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:    415-591-1000
Facsimile:     415-591-1400
Email: rspagat@winston.com

Attorneys for Defendant
SKYWEST AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SKYWEST AIRLINES, INC., <br><br> Defendant. | Case No. C-07-2688 CRB <br><br> **DEFENDANT'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF STEVE DOW** <br><br> Date: June 20, 2008 <br> Time: 10:00 a.m. <br> Place: Courtroom 8, 19th Floor |

Defendant SkyWest Airlines, Inc. ("SkyWest") hereby files its opposition to the Plaintiffs' motion to dismiss Steve Dow as a party to this matter, without prejudice. SkyWest objects to Captain Dow's dismissal at this stage of the proceedings given his substantial role in the case to date, and because Plaintiffs' motion seeks to deny, or at least complicate, SkyWest's ability to take discovery from Captain Dow.

According to the declaration he submitted in support of the Plaintiffs' motion for a preliminary injunction in this matter, Captain Dow was one of the founders of the SkyWest Pilots

1

ALPA Organizing Committee. He was the Plaintiffs' first – and lengthiest – witness at the hearing on their preliminary injunction motion. *See* Declaration of Douglas Hall ("Hall Decl."), ¶ 2.

On February 21, 2008, SkyWest served interrogatories and document requests on the Plaintiffs, including Captain Dow. Plaintiffs' responses, therefore, originally were due on March 24, 2008. On March 17, 2008, Plaintiffs' counsel requested an extension until April 21, 2008 for the Plaintiffs' discovery responses. SkyWest's counsel agreed to that request. Hall Decl., ¶ 3.

At no time during the discussions concerning Plaintiffs' requested extension to the deadline for submitting their discovery requests did Plaintiffs' counsel mention that Captain Dow was leaving SkyWest's employment or that the Plaintiffs would seek to have him dismissed as a Plaintiff as a result. If SkyWest had been aware of those facts, it would not have agreed to extend the deadline for Captain Dow's discovery responses. Because of the Plaintiffs' position that Captain Dow should be dismissed, Captain Dow has yet to respond to the discovery requests propounded on him by SkyWest. In addition, to date, Plaintiffs have taken the position that SkyWest should not be permitted to take the depositions of <u>any</u> of the individual Plaintiffs who, like Captain Dow, testified at the preliminary injunction hearing, on the theory that they "have already been subject to lengthy cross-examination." Hall Decl., ¶¶ 4-5.

If Captain Dow were dismissed as a plaintiff in this suit, there would be nothing to prevent him from subsequently appearing on Plaintiffs' behalf in this matter (either at trial or via affidavit in connection with a dispositive motion). In light of Captain Dow's significant involvement in this case to date, and the role he potentially could play in this case in the future, SkyWest's need to obtain discovery from him is patent. Plaintiffs should not be permitted to take advantage of SkyWest's cooperation in agreeing to extend the deadline for their discovery responses to shield Captain Dow from his obligation, as a plaintiff in this lawsuit, to respond to SkyWest's written discovery. Moreover, granting the motion to dismiss Captain Dow would force SkyWest to seek

discovery from him as a third-party – a process in which, no doubt, Captain Dow would continue to be represented by the same counsel. Thus, it makes little sense from a practical perspective to grant Plaintiffs' motion.

For all of the reasons set forth above, SkyWest requests that the Court deny Plaintiffs' motion to dismiss Captain Dow at this stage of the proceedings.

Dated: May 30, 2008

WINSTON & STRAWN LLP

By: /s/ Robert Spagat
Robert Spagat

Attorneys for Defendant
SKYWEST AIRLINES, INC.