STEPHEN P. BERZON (#46540)
sberzon@altshulerberzon.com
LINDA LYE (#215584)
llye@altshulerberzon.com
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

ELIZABETH GINSBURG
(Admitted to Practice *Pro Hac Vice*)
elizabeth.ginsburg@alpa.org
Air Line Pilots Association, International
1625 Massachusetts Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 797-4081
Facsimile: (202) 797-4014

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, *et al.*,<br><br>            Plaintiffs,<br><br>     vs.<br><br>SKYWEST AIRLINES, INC.,<br><br>            Defendant. | CASE No. C-07-2688 CRB<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF STEVE DOW**<br><br>Date:   June 20, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom 8, 19th Floor |

**ARGUMENT**

Defendant SkyWest Airlines, Inc.'s ("SkyWest") opposition brief presents not a single legal authority in support of its contention that plaintiff Steve Dow, who indisputably no longer has any interest in this litigation due to his separation from employment with SkyWest, must remain a party to the action. Instead, SkyWest suggests that Mr. Dow's dismissal does not "make[] . . . sense from a practical perspective" because of outstanding discovery that it has served on Mr. Dow. Def.'s Opp. (Doc. No. 200) at 3. In other words, SkyWest wants to force Mr. Dow to remain a plaintiff because it may be more convenient for SkyWest.

A party's convenience is not a basis for denying a motion for voluntary dismissal under Rule 41(a)(2). And SkyWest can point to no way in which Mr. Dow's dismissal will result in any actual *legal prejudice* to SkyWest (or, for that matter, any advantage to plaintiffs). *See Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir.1982) (dismissal should be denied only if the defendant would suffer "plain legal prejudice" as a result). Indeed, as plaintiffs acknowledged in their opening brief and as SkyWest concedes, Mr. Dow will remain subject to discovery as a third party, under Federal Rule of Civil Procedure 45. In sum, SkyWest has presented no argument sufficient to overcome the general policy that dismissal pursuant to Rule 41(a)(2) should be liberally granted. *See Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1991).

Further, in an attempt to reach agreement on the dismissal of Mr. Dow, plaintiffs proposed to SkyWest, prior to the filing of this motion, options that would have accommodated its articulated concerns. Lye Decl. ISO Pltfs' Mot. To Dism. Steve Dow (Doc. No. 198) at ¶3. SkyWest cannot now be heard to complain about any inconvenience it may face in obtaining discovery from Mr. Dow when plaintiffs attempted to address SkyWest's concerns.

//
//
//
//
//
//

**CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that the Court dismiss Mr. Dow from this case. SkyWest does not dispute that, if Mr. Dow is dismissed, his dismissal should be without prejudice.

Dated: June 6, 2008            Respectfully submitted

STEPHEN P. BERZON
LINDA LYE
Altshuler Berzon LLP

ELIZABETH GINSBURG
Air Line Pilots Association, International


by:  \s\Linda Lye
        Linda Lye

Attorneys for Plaintiffs