STEPHEN P. BERZON (#46540)
sberzon@altshulerberzon.com
LINDA LYE (#215584)
llye@altshulerberzon.com
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:   (415) 362-8064

Attorneys for Plaintiffs
SKYWEST PILOTS ALPA ORGANIZING
COMMITTEE, et al.   ELIZABETH GINSBURG
(Admitted Pro Hac Vice)
elizabeth.ginsburg@alpa.org
Air Line Pilots Association, International
1625 Massachusetts Ave, NW 8th Floor
Washington, DC 20036
Telephone: (202) 797-4095
Facsimile:  (202 452-0556

Norman A. Quandt (Admitted *Pro Hac Vice*)
Ford & Harrison LLP
1275 Peachtree Street, N.E., Suite 600
Atlanta, GA  30309
Telephone:     404-888-3845
Facsimile:      404-888-3863
Email:  nquandt@fordharrison.com
         Douglas W. Hall (Admitted *Pro Hac Vice*)
FORD & HARRISON LLP
1300 Nineteenth Street, N.W., Suite 700
Washington, DC  20036
Telephone:     202-719-2065
Facsimile:      202-719-2077
 Email:  dhall@fordharrison.com
Robert Spagat (SBN:  157388)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5894
Telephone:     415-591-1000
Facsimile:      415-591-1400
Email:  rspagat@winston.com

Attorneys for Defendant
SKYWEST AIRLINES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

1

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SKYWEST AIRLINES, INC., <br><br> Defendant. | **Case No. C-07-2688 CRB** <br><br> **STIPULATED MOTION TO MODIFY SUMMARY JUDGMENT DEADLINES** <br><br> Judge: Hon. Charles R. Breyer <br> Action Filed: May 22, 2007 |

Pursuant to Local Rule 7-11 and 7-12, Plaintiffs SkyWest Pilots ALPA Organizing Committee, *et al.*, and Defendant SkyWest Airlines, Inc. ("SkyWest") hereby file this stipulated motion requesting that the Court modify the current summary judgment deadlines in this case. To date, the parties have diligently engaged in discovery. Unfortunately, discovery disputes have arisen and, despite extensive efforts to meet and confer, the parties have not yet been able to resolve all of those disputes. The parties therefore need additional time to resolve the outstanding discovery issues, including the filing of motions to compel if necessary, and to take further discovery before filing any motions for summary judgment.

In support of their motion, the parties stipulate as follows:

WHEREAS, at a Case Management Conference held on December 14, 2007, the Court scheduled August 1, 2008 as the date on which a hearing would be held on motions for summary judgment in this matter. To be heard that day, the parties' summary judgment motions would have to be filed no later than June 29, 2008.

WHEREAS, since the Case Management Conference, the parties have diligently engaged in discovery. Defendant has propounded 22 interrogatories on the organizational Plaintiffs and 10 interrogatories on each of the individual Plaintiffs, as well as 61 requests for production of documents ("RFPs") on the organizational Plaintiffs and 27 RFPs on each of the individual Plaintiffs. Plaintiffs have responded to the written discovery. Plaintiffs have propounded three sets of interrogatories, three sets of requests for production of documents and one set of requests for

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

admission. Defendant has responded to all of this written discovery, except the last set of RFPs which is due June 20. Plaintiffs have also issued third-party subpoenas.

WHEREAS, Defendant has issued a 30(b)(6) deposition notice and deposition notices for the individual plaintiffs.

WHEREAS, Plaintiffs have also issued a 30(b)(6) deposition notices, deposition notices of various individuals, and two third-party deposition notices.

WHEREAS, various disputes have arisen between the parties regarding the appropriate scope of discovery and the adequacy of the responses provided to certain of the requests.

WHEREAS, the parties have met and conferred extensively to resolve these disputes, some of which have been resolved by the parties, but others of which remain outstanding. The parties are continuing to work together in an effort to narrow the areas of their disagreement, and are optimistic that they will be able to do so.

WHEREAS, despite the parties' best efforts to resolve their discovery disputes through the meet and confer process, it is nonetheless likely that there will be certain discovery issues that the parties will have to bring before the Court for resolution.

WHEREAS, many of the depositions cannot sensibly be taken until after the discovery disputes that are likely to be the subject of one or more motions to compel are resolved. For example, Plaintiffs object to the appropriate scope of some the 30(b)(6) depositions that Defendant has noticed and so those 30(b)(6) depositions cannot proceed until after the dispute is resolved. In addition, each party has objected to the adequacy of the opposing party's document production and until the disputes over written discovery are resolved, it is not possible for most of the depositions to proceed.

WHEREAS, after outstanding discovery disputes are resolved by the Court, the party ordered to provide further discovery responses will need a reasonable additional time to respond, and the party propounding such discovery will need a reasonable additional time to review any such

3

responses before taking depositions.

WHEREAS, even if the parties file a motion to compel as early as this week, any such motion would not be resolved until at the earliest five weeks later, in late July, documents under such a schedule would not be produced until some time in August, and depositions could then be scheduled for late August, but more likely September at the earliest.

WHEREAS, it is unlikely that all motions to compel can be filed as early as this week. This is so because although the parties continue to meet and confer over one issue that may be the subject of a motion to compel, viz., the adequacy of the search for documents performed by Defendant in response to Plaintiffs' document requests, Plaintiffs may need to take a 30(b)(6) deposition before they are able to file a motion to compel, as a result of which a motion to compel on this particular dispute could not be filed for a few weeks.

WHEREAS, because the deponents are located across the country and counsel in this case are also located in three separate cities, scheduling considerations will make it impracticable to complete depositions before the end of September at the very earliest.

WHEREAS, after the depositions in this case are complete, the parties will require a reasonable additional time to prepare their respective motions for summary judgment.

WHEREAS, the current summary judgment deadline set by the Court requires the parties to file their opening summary judgment briefs on or before June 29, 2008 but does not provide the parties with sufficient time to obtain a resolution from the Court on their outstanding discovery disputes and to take discovery that each side believes is necessary to its summary judgment filings.

WHEREAS, allowing the parties to obtain Court resolution of their outstanding discovery disputes and take follow-up discovery will permit the parties to present the Court with a complete record on summary judgment.

WHEREAS, the parties have met and conferred on a schedule that would allow the parties to complete the meet and confer process, file motions to compel as necessary, respond to and take

4

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  follow-up discovery in an orderly fashion, and prepare their summary judgment papers in an orderly
2  fashion.
3     THEREFORE, for the reasons set forth above, the parties jointly request that the Court
4  vacate the current August 1, 2008 deadline for a summary judgment hearing in this case and adopt
5  the following schedule which is compatible with the schedule of all counsel in this case:
6
7     Opening summary judgment briefs to be filed on October 31, 2008
8     Briefs in opposition to be filed on November 14, 2008
9     Reply briefs to be filed on November 24, 2008
10    Summary judgment hearing on December 12, 2008[1]

Dated: June 10, 2008                    WINSTON & STRAWN LLP


                                        By:  /s/
                                             Robert Spagat
                                             Attorneys for Defendant
                                             SKYWEST AIRLINES, INC.


Dated: June 10, 2008                    ALTSHULER BERZON LLP


                                        By:  /s/
                                             Linda Lye
                                             Attorneys for Plaintiffs
                                             SKYWEST PILOTS ALPA
                                             ORGANIZING COMMITTEE, ET
                                             AL.

---

[1] December 12, 2008 is the first law and motion date in December on which all counsel are available.

**ORDER**

For good cause shown and pursuant to stipulation, the October 2, 2007 Case Management Order is hereby VACATED and the following summary judgment schedule is adopted:

Opening summary judgment briefs to be filed on October 31, 2008.

Briefs in opposition to be filed on November 14, 2008.

Reply briefs to be filed on November 24, 2008.

Summary judgment hearing on December 12, 2008.

Dated: _June 11, 2008___     _____

The Honorable Charles R. Breyer
United States District Court