Norman A. Quandt (Admitted *Pro Hac Vice*)
Ford & Harrison LLP
1275 Peachtree Street, N.E., Suite 600
Atlanta, GA 30309
Telephone: 404-888-3845
Facsimile: 404-888-3863
Email: nquandt@fordharrison.com

Douglas W. Hall (Admitted *Pro Hac Vice*)
Ford & Harrison LLP
1300 Nineteenth Street, N.W., Suite 700
Washington, DC 20036
Telephone: 202.719.2065
Facsimile: 202.719.2077
Email: dhall@fordharrison.com

Robert Spagat (SBN: 157388)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400
Email: rspagat@winston.com

Attorneys for Defendant
SKYWEST AIRLINES, INC.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al.,

Plaintiffs,

vs.

SKYWEST AIRLINES, INC.,

Defendant.

**Case No. C-07-2688 CRB**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: July 25, 2008
Time: 10:00 a.m.
Place: Courtroom 8, 19th Floor

# TABLE OF CONTENTS

**Page(s)**

I. BACKGROUND ....... 2
A. The Complaint Puts SkyWest's Funding of SAPA At Issue ....... 3
B. Plaintiffs Raise SkyWest's Funding of SAPA In Their Preliminary Injunction Motion ....... 3
C. The Court Denies Injunctive Relief on the SAPA Funding Issue ....... 4
D. SkyWest's Pilots Overwhelming Vote Against ALPA Representation ....... 4
E. ALPA Refuses To Produce Funding Information ....... 4
II. LEGAL STANDARD ....... 8
III. ARGUMENT ....... 8
IV. CONCLUSION ....... 10

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Barthelemey v. Air Lines Pilots Ass'n*,
897 F.2d 999 (9th Cir. 1990) .......... passim

*Hertzka & Knowles v. NLRB*,
503 F.2d 625 (9th Cir. 1974), *cert. denied*, 423 U.S. 875 (1975) .......... 8

### STATUTES

45 U.S.C. § 152, Fourth .......... 8

### OTHER AUTHORITIES

Fed. R. Civ. P. 37(a)(1) .......... 8

Fed. R. Civ. P. 37(a)(3)(B) .......... 8

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## NOTICE OF MOTION AND MOTION TO COMPEL

PLEASE TAKE NOTICE that Defendant SkyWest Airlines, Inc. ("SkyWest") is submitting before the Honorable Judge Charles R. Breyer, United States District Judge, in the United States District Court for the Northern District of California, Courtroom 8, 19th Floor, 450 Golden Gate Ave., San Francisco, California, 415-522-2062, a Motion to Compel pursuant to Federal Rule of Civil Procedure 37, which requests an order that Plaintiff Air Line Pilots Association, International ("ALPA") produce certain information requested by SkyWest in discovery. Specifically, SkyWest seeks an order compelling ALPA to: provide further responses to Interrogatory Nos. 3, 4, 5, and 13 of Defendant's First Set of Interrogatories to Plaintiff ALPA; provide further documents in response to Defendant's First Set of Requests for Production to Plaintiff ALPA Nos. 5, 6, 7, and 30; and produce a Rule 30(b)(6) deponent with knowledge of the following issues set forth in Defendant's Notice of Deposition to Plaintiff ALPA:

- The compensation provided by any airline whose pilots are represented by ALPA to any local or national ALPA officer, employee, agent, representative, or committee member.
- The financial support provided to ALPA by any airline whose pilots are represented by ALPA.
- The in-kind support provided to ALPA by any airline whose pilots are represented by ALPA.
- Litigation, including but not limited to *Barthelemey v. Air Lines Pilots Ass'n*, 897 F.2d 999 (9th Cir. 1990), in which compensation or financial support to ALPA and/or any local or national ALPA officer, employee, agent, representative, or committee member was alleged to violate Section 2,Third and/or Section 2, Fourth of the Railway Labor Act.

The information that is the subject of the motion to compel relates to SkyWest's defense to Plaintiffs' claim that SkyWest's funding of the SkyWest Airline Pilots Association ("SAPA") violates the Railway Labor Act ("RLA"). ALPA has refused to respond substantively to SkyWest's interrogatories on these issues, or to produce a witness or witnesses to testify at deposition on these matters, and the only documents it has agreed to produce are excerpts from its collective bargaining agreements with certain carriers whose pilots it represents.

The grounds for granting this motion are set forth more fully in the accompanying memorandum of points and authorities set forth below on which this motion is based, such arguments as may be heard by the Court at the hearing, the Declaration of Douglas W. Hall, and the pleadings, records, and files in this action. Mr. Hall, one of SkyWest's counsel, conferred with Elizabeth Ginsburg, counsel for ALPA, with respect to the relief sought herein prior to filing this motion. Ms. Ginsburg stated that ALPA did not consent to the relief sought by this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

SkyWest hereby submits its memorandum of law in support of its motion to compel ALPA to produce certain information requested by SkyWest in discovery relating to compensation and support received by ALPA from the carriers whose pilots it represents. It is SkyWest's position that its funding of SAPA does not violate the RLA, and that it is common for organizations representing airline employees – including ALPA – to receive financial support from the carrier, despite language in the RLA that would seem to prohibit such arrangements. SkyWest thus seeks discovery from ALPA about the compensation, financial support, and in-kind support it has received from the carriers it represents – information that is the mirror image of the discovery obtained by Plaintiffs from SkyWest regarding SkyWest's relationship with SAPA.

Moreover, in *Barthelemey v. Air Lines Pilots Ass'n*, 897 F.2d 999 (9th Cir. 1990), ALPA argued – and the Ninth Circuit held – that it is only when a carrier's financial support results in actual domination of a representative by a carrier that the RLA is violated. In this case, however, ALPA is taking the position that SkyWest's funding of SAPA in and of itself violates the RLA, regardless of actual domination. SkyWest thus seeks discovery regarding other litigation in which ALPA took a position on this issue.

## I. BACKGROUND

SkyWest is an airline headquartered in St. George, Utah. ALPA is a labor union that, at the time this suit was filed in May 2007, sought to become the collective bargaining representative of SkyWest's pilots. Since the filing of this suit, ALPA lost an election among SkyWest's pilots to

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

become their collective bargaining agent. The other Plaintiffs in this suit are individual SkyWest pilots who supported ALPA's efforts and the SkyWest Pilots ALPA Organizing Committee.

**A. The Complaint Puts SkyWest's Funding of SAPA At Issue**

Plaintiffs raised two types of claims in their Complaint: (1) that SkyWest interfered with the Plaintiffs' "expressive and associational activity" by prohibiting them from wearing pro-ALPA lanyards and by purportedly discriminating against ALPA supporters with respect to distribution of materials in crew lounges and posting of fliers on company bulletin boards; and (2) that SkyWest violated the RLA by "funding, promoting, recognizing, purporting to bargain with, and otherwise supporting" SAPA. Complaint, ¶¶ 43-52.

**B. Plaintiffs Raise SkyWest's Funding of SAPA In Their Preliminary Injunction Motion**

On June 7-8, 2007, the Court held a hearing on Plaintiffs' preliminary injunction motion. Plaintiffs agreed at hearing to drop any challenge to SkyWest's bargaining with or recognizing SAPA, but continued to press their claim that SkyWest's funding of SAPA violated the RLA. *See* June 27, 2007 Memorandum and Order Granting in Part and Denying in Part Motion for Preliminary Injunction at p. 11.

In its brief in opposition to the Plaintiffs' preliminary injunction motion, SkyWest acknowledged that it provides 100 percent of the funding for SAPA's activities, but contended that this arrangement does not violate the RLA because the appropriate inquiry is whether the employer's financial support resulted in actual, not potential, domination of the union. To make its point, SkyWest relied on *Barthelemey v. Air Lines Pilots Ass'n*, 897 F.2d 999 (9th Cir. 1990), a decision which held that a carrier's payment of a $1.25 million debt on ALPA's behalf did not violate Section 2, Fourth, because there was no evidence that ALPA had "become somehow beholden" to the carrier as a result. 897 F.2d at 1017. SkyWest also introduced excerpts from three collective bargaining agreements between ALPA and other carriers showing that these carriers paid the entire salaries of pilots on full-time leave performing duties for ALPA without reimbursement by ALPA, like SkyWest does for certain pilots performing duties for SAPA.



Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

### C. The Court Denies Injunctive Relief on the SAPA Funding Issue

On June 27, 2007, the Court issued an order granting Plaintiffs' preliminary injunction motion in part and denying it in part. With respect to the SAPA funding claim, the Court held that the Plaintiffs had not "subjectively demonstrated that SkyWest's 100 percent funding of SAPA has deprived the pilots of their freedom of choice." June 27, 2007 Order at p. 23. However, the Court did note that "SkyWest's unlimited funding of SAPA appears, on its face, to violate the RLA." *Id.* at p. 24. Without deciding whether SkyWest's funding of SAPA violated the RLA, the Court denied Plaintiffs' requested injunction against such funding based on a balancing of the hardships. *Id.*

### D. SkyWest's Pilots Overwhelming Vote Against ALPA Representation

In August 2007, ALPA filed a petition with the National Mediation Board ("NMB") seeking to become the collective bargaining representative of SkyWest's pilots *See* Hall Decl. ¶ 2. The NMB counted the votes on November 5, 2007, and ALPA lost the election by an overwhelming majority. Indeed, less than 35% of SkyWest's pilots voted for representation by ALPA. *See id.* ¶ 3.

### E. ALPA Refuses To Produce Funding Information

On February 21, 2008, SkyWest served its first set of interrogatories and document requests on ALPA. *See id.* ¶ 4. In the same vein as the requests served by ALPA relating to the SkyWest-SAPA financial relationship, SkyWest sought information with respect to the financial relationship between ALPA and the carriers whose pilots it represents. SkyWest also sought information relating to *Barthelemey* and other litigation involving claims that financial support or compensation provided to ALPA by any carrier violated the RLA. SkyWest agreed to extend the time for ALPA to respond to these requests. When ALPA served its response on May 5, 2008, it provided almost no information in response to the requests that are the subject of this motion. *See id.* ¶¶ 7-9.

Three interrogatories (Nos. 3-5) and three requests for production (Nos. 5-7) related to the financial relationship between ALPA and the carriers whose pilots it represents. ALPA gave the same substantive response to Interrogatories 3 through 5, and likewise provided an identical response to Document Requests 5 through 7:

Interrogatory 3: Identify any and all compensation provided by any airline whose pilots are represented by ALPA to any local or national ALPA officer, employee, agent, representative, or committee member, including but not limited to a description of each expenditure, its purpose, and amount. "Compensation" includes, but is not limited to, wages, salary, reimbursement of lost flying opportunities, bonuses, benefits, reimbursed travel, and other perquisites. In responding to this interrogatory, you need only provide information relating to compensation that an individual received by virtue of his or her status and/or work performed as a local or national ALPA officer, employee, agent, representative, or committee member, not as an employee of the airline. In addition, you need not identify or provide the value of any compensation which ALPA reimbursed to the airline in question.

Answer: Plaintiff specifically objects to this Interrogatory to the extent that it calls for information protected by the attorney-client, attorney work product, or other privilege. Plaintiff further objects on the basis that this Interrogatory is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant evidence. Subject to and without waiving the foregoing general and specific objections, ALPA states that collectively-bargained agreement negotiated on behalf of the pilots it represents reflect the nature and scope of financial arrangements between ALPA and the carrier whose pilots ALPA represents and those arrangements vary among the 41 carriers represented.

Interrogatory 4: Identify any and all financial support provided by any airline whose pilots are represented by ALPA to ALPA, including but not limited to a description of each expenditure, its purpose, and amount. For purposes of this interrogatory, "financial support" includes, but is not limited to, any payments or reimbursements to ALPA; any expenses incurred by ALPA that were paid directly or reimbursed by the airlines; and any expenses incurred by ALPA in connection with ALPA business that were paid directly or reimbursed by the airlines.

Answer: Plaintiff specifically objects to this Interrogatory to the extent that it calls for information protected by the attorney-client, attorney work product, or other privilege. Plaintiff further objects on the basis that this Interrogatory is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant evidence. Subject to and without waiving its objections, ALPA states that collectively-bargained agreement negotiated on behalf of the pilots it represents reflect the nature and scope of financial arrangements between ALPA and the carrier whose pilots ALPA represents and those arrangements vary among the 41 carriers represented.

Interrogatory 5: Identify any and all in-kind support provided by any airline whose pilots are represented by ALPA to ALPA. Your description should state the value of each item of in-kind support and the basis used to calculate its value.

Answer: Plaintiff specifically objects to this Interrogatory to the extent that it calls for information protected by the attorney-client, attorney work product, or other privilege. Plaintiff further objects on the basis that this Interrogatory is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant evidence. Subject to and without waiving the foregoing general and specific objections, ALPA states that collectively-bargained agreement negotiated on behalf of the pilots it represents reflect the nature and scope of financial

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

arrangements between ALPA and the carrier whose pilots ALPA represents and those arrangements vary among the 41 carriers represented.

Document Request 5: Any and all documents relating to compensation provided by any airline whose pilots are represented by ALPA to any local or national ALPA officer, employee, agent, representative, or committee member. "Compensation" includes, but is not limited to, wages, salary, reimbursement of lost flying opportunities, bonuses, benefits, reimbursed travel, and other perquisites. In responding to this request, you need only provide documents relating to compensation that an individual received by virtue of his or her status and/or work performed as a local or national ALPA officer, employee, agent, representative, or committee member, not as an employee of the airline. In addition, you need not provide documents relating to any compensation which ALPA reimbursed to the airline in question.

Response: Plaintiff specifically objects to this Request as unduly burdensome to the extent that it calls for documents protected by the attorney-client or attorney work product privilege. Plaintiff further objects on the basis that this Request is overbroad in that it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the basis that this Request is not limited as to time and is thus unduly burdensome. Subject to and without waiving its objections, Plaintiff will produce provisions of current collectively bargained agreements negotiated on behalf of the pilots it represents in effect that reflect the nature and scope of financial arrangements between ALPA and the carrier whose pilots ALPA represents.

Document Request 6: Any and all documents relating to financial support provided by any airline whose pilots are represented by ALPA to ALPA, including but not limited to a description of each expenditure, its purpose, and amount. For purposes of this request, "financial support" includes, but is not limited to, any payments or reimbursements to ALPA; any expenses incurred by ALPA that were paid directly or reimbursed by the airlines; and any expenses incurred by ALPA in connection with ALPA business that were paid directly or reimbursed by the airlines.

Response: Plaintiff specifically objects to this Request as unduly burdensome to the extent that it calls for documents protected by the attorney-client or attorney work product privilege. Plaintiff further objects on the basis that this Request is overbroad in that it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the basis that this Request is not limited as to time and is thus unduly burdensome. Subject to and without waiving its objections, Plaintiff will produce provisions of current collectively bargained agreements negotiated on behalf of the pilots it represents in effect that reflect the nature and scope of financial arrangements between ALPA and the carrier whose pilots ALPA represents.

Document Request 7: Any and all documents relating to in-kind support provided by any airline whose pilots are represented by ALPA to ALPA.

Response: Plaintiff specifically objects to this Request as unduly burdensome to the extent that it calls for documents protected by the attorney-client or attorney work product privilege. Plaintiff further objects on the basis that this Request is overbroad in that it is not reasonably calculated to lead to the discovery of

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

admissible evidence. Plaintiff further objects on the basis that this Request is not limited as to time and is thus unduly burdensome. Subject to and without waiving its objections, Plaintiff will produce provisions of current collectively bargained agreements negotiated on behalf of the pilots it represents in effect that reflect the nature and scope of financial arrangements between ALPA and the carrier whose pilots ALPA represents.

Interrogatory 13 and Document Request 30 pertained to litigation in which the compensation or financial support ALPA received was alleged to violate the RLA. ALPA objected and did not substantively respond to either request:

Interrogatory 13: Identify any and all litigation, including but not limited to *Barthelemey v. Air Lines Pilots Ass'n*, 897 F.2d 999 (9th Cir. 1990), in which compensation or financial support (as those terms are defined in Interrogatories 5 and 6 above) to ALPA and/or any local or national ALPA officer, employee, agent, representative, or committee member was alleged to violate Section 2, Third and/or Section 2, Fourth of the Railway Labor Act. For purposes of this interrogatory, "litigation" includes, but is not limited to, any lawsuit, counter-claim, cross-claim, arbitration, administrative proceeding, or bankruptcy adversary proceeding in which such allegation was made.

Answer: Plaintiff specifically objects to this Interrogatory because it is unduly burdensome insofar as it is unlimited as to time and seeks information that is publicly available and is overly broad because it is not reasonably calculated to lead to the discovery of relevant evidence.

Document Request 30: For each litigation identified in response to Interrogatory 13 [of] SkyWest's First Set of Interrogatories to Plaintiff Airline Pilots Association, International, all briefs, motions, and other documents filed or submitted by ALPA during the course of the litigation relating to the position taken by ALPA with respect to the allegation that compensation or financial support to ALPA and/or any local or national ALPA officer, employee, agent, representative, or committee member violated Section 2, Third and/or Section 2, Fourth of the Railway Labor Act.

Response: Plaintiff specifically objects to this Request because it is unduly burdensome insofar as it is unlimited as to time and seeks information that is publicly available and is overly broad because it is not reasonably calculated to lead to the discovery of admissible evidence.

SkyWest also has served ALPA with a deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(6). *See* Hall Decl. ¶ 5. A copy of the deposition notice is attached hereto as Exhibit A. Among the topics listed in the deposition notice were those covered in Interrogatories 3, 4, 5, and 13, and Document Requests 5, 6, 7, and 30:

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

- The compensation provided by any airline whose pilots are represented by ALPA to any local or national ALPA officer, employee, agent, representative, or committee member.
- The financial support provided to ALPA by any airline whose pilots are represented by ALPA.
- The in-kind support provided to ALPA by any airline whose pilots are represented by ALPA.
- Litigation, including but not limited to *Barthelemey v. Air Lines Pilots Ass'n*, 897 F.2d 999 (9th Cir. 1990), in which compensation or financial support to ALPA and/or any local or national ALPA officer, employee, agent, representative, or committee member was alleged to violate Section 2,Third.

ALPA has informed SkyWest that it will not produce a witness or witnesses to testify on those matters, absent a court order compelling it to do so. *See* Hall Decl. ¶ 12. The parties have met and conferred on several occasions but were unable to resolve their differences without intervention by this Court. *See id.* ¶¶ 10-12.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37 grants a court authority to hear and decide motions to compel a discovery response, including where "a corporation or other entity fails to make a designation under Rule 30(b)(6)," "a party fails to answer an interrogatory submitted under Rule 33," and "a party fails to respond that inspection [of documents] will be permitted – or fails to permit inspection – as requested under Rule 34." *See* Fed. R. Civ. P. 37(a)(3)(B) & 37(a)(1).

## III. ARGUMENT

Plaintiffs claim that SkyWest's funding of SAPA violates Section 2, Fourth of the RLA which, on its face in pertinent part, prohibits the use of carrier funds "in maintaining or assisting or contributing to any labor organization, labor representative, or other agency of collective bargaining." 45 U.S.C. § 152, Fourth. In that vein, Plaintiffs have propounded discovery on SkyWest seeking details of the compensation and support (financial and in-kind) provided to SAPA by SkyWest. SkyWest seeks the same information with respect to the carriers that ALPA represents. This goes directly to SkyWest's defense that it is only when the independence of the representative is compromised that carrier financial support is unlawful. *See Barthelemey*, 897 F.2d at 1016 (court must distinguish "permissible cooperation" from "prohibited support"; the dividing line is whether



Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

the employer's assistance "actually deprived [the employees] of a meaningful choice of bargaining representative"); *Hertzka & Knowles v. NLRB*, 503 F.2d 625, 630 (9th Cir. 1974) (literal interpretation of analogous provision of National Labor Relations Acts "must be tempered by recognition" of the labor law's objections, as it could undermine the purpose of the anti-support provision "because it might prevent the establishment of a system the employees desired"), *cert. denied*, 423 U.S. 875 (1975).

It is SkyWest's position that, despite the facially broad language in Section 2, Fourth, it is common for airline employee unions generally – and ALPA specifically – to receive substantial financial support from the carriers whose employees they represent. As demonstrated by the $1.25 million payment received by ALPA for reimbursement of investment banker fees that was the subject of the *Barthelemey* litigation, that support can take many forms and may or may not be reflected in the collective bargaining agreement between the union and carrier. Thus, ALPA should be compelled to respond to SkyWest's Interrogatories 3 through 5 and Document Requests 5 through 7 by identifying and producing documents regarding the types of compensation, financial support, and in-kind support received by ALPA from the carriers it represents, and the amounts of such support.[1] ALPA also should be required to produce a witness or witnesses to testify on these subjects as part of its Rule 30(b)(6) deposition.

ALPA likewise should be compelled to respond to SkyWest's discovery requests regarding *Barthelemey* and any other litigation in which payments to ALPA by carriers were alleged to violate the RLA, and to produce a witness or witnesses for deposition on this topic as well. *Barthelemey* dealt with the same issue facing the Court here: whether a payment by a carrier to a representative violates Section 2, Fourth. Similar to this Court's statement that "SkyWest's unlimited funding of SAPA appears, on its face, to violate the RLA," June 27, 2007 Order at p. 24, the *Barthelemey* court expressed the concern that the "RLA's explicit language would seem flatly to prohibit the assistance

[1] Although these discovery requests did not contain a time frame, SkyWest will limit their scope to the period from January 1, 2003 through December 31, 2007, which is the same time frame that the parties agreed to with respect to ALPA's discovery requests to SkyWest regarding its support of SAPA.





Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

ALPA received." 897 F.2d at 1010. Nevertheless, ALPA was able to prevail in *Barthelemey* by arguing, successfully, that it was not the "potential for but the reality of domination" that Section 2, Fourth prohibited (*id.* at 1016) – precisely the argument SkyWest is making here. The fact that ALPA has taken the same position with respect to payments to it that SkyWest is asserting regarding its payments to SAPA certainly is relevant and could lead to the disclosure of admissible evidence in this matter.

## IV. CONCLUSION

For all of the reasons herein, SkyWest requests that the Court enter an order compelling ALPA (a) to respond to SkyWest Interrogatories 3, 4, 5, and 13; (b) to respond to SkyWest document requests 5, 6, 7, and 30; and (c) produce a witness to testify in its Rule 30(b)(6) deposition about the subjects covered in these interrogatories and document requests.

Dated: June 17, 2008

WINSTON & STRAWN LLP

By: */s/ Robert Spagat*
Robert Spagat
Attorneys for Defendant
SKYWEST AIRLINES, INC.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

# EXHIBIT A

Norman A. Quandt (Admitted *Pro Hac Vice*)
Ford & Harrison LLP
1275 Peachtree Street, N.E., Suite 600
Atlanta, GA 30309
Telephone: 404.888.3845
Facsimile: 404.888.3863
Email: nquandt@fordharrison.com

Douglas W. Hall (Admitted *Pro Hac Vice*)
Ford & Harrison LLP
1300 Nineteenth Street, N.W., Suite 700
Washington, DC 20036
Telephone: 202.719.2065
Facsimile: 202.719.2077
Email: dhall@fordharrison.com

Robert Spagat (SBN: 157388)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400
Email: rspagat@winston.com

Attorneys for Defendant
SKYWEST AIRLINES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SKYWEST AIRLINES, INC.,<br><br>Defendant. | **Case No. C-07-2688 CRB**<br><br>**DEFENDANT'S NOTICE OF DEPOSITION TO PLAINTIFF AIR LINE PILOTS ASSOCIATION, INTERNATIONAL** |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

To: Linda Lye
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, defendant SkyWest Airlines, Inc. ("SkyWest") hereby notices the deposition upon oral examination of Plaintiff Air Line Pilot Association, International ("ALPA"). The date, time and location of the deposition will be determined through discussions between counsel for SkyWest and counsel for the Plaintiffs. The deposition will be recorded by stenographic means and will continue day to day until completed. ALPA shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify regarding the matters set forth below:

(1) The identity of any pilot who served as an officer or representative of the SkyWest Airline Pilots Association ("SAPA") either at the same time he or she expressed or held the position that SkyWest's pilots should be represented for the purposes of collective bargaining by an organization other than SAPA, or after he or she expressed or held such a position.

(2) The compensation provided by any airline whose pilots are represented by ALPA to any local or national ALPA officer, employee, agent, representative, or committee member, including but not limited to a description of each expenditure, its purpose, and amount. "Compensation" includes, but is not limited to, wages, salary, reimbursement of lost flying opportunities, bonuses, benefits, reimbursed travel, and other perquisites.

(3) The financial support provided by any airline whose pilots are represented by ALPA to ALPA, including but not limited to a description of each expenditure, its purpose, and amount. For purposes of this interrogatory, "financial support" includes, but is not limited to, any payments or reimbursements to ALPA; any expenses incurred by ALPA that were paid directly or reimbursed by the airlines; and any expenses incurred by ALPA in connection with ALPA business that were paid directly or reimbursed by the airlines.

(4) The in-kind support provided by any airline whose pilots are represented by ALPA to ALPA, including the value of each item of in-kind support and the basis used to calculate its value.

(5) The means of access and channels of communication available to and/or used by ALPA and/or the SkyWest Pilots ALPA Organizing Committee (including the individual members of that Committee) in communicating with the SkyWest pilots

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

regarding ALPA's efforts to become the collective bargaining representative of SkyWest's pilots.

(6) Whether the "nationwide action" referenced in paragraph 29 of the Complaint was held and, if so, when it was held, where it was held, what it consisted of, and who participated.

(7) Any and all efforts made by Plaintiffs to speak at orientation classes held for new SkyWest pilots, as referenced in paragraph 38 of the Complaint, including when and to whom such efforts were made and the response received to each such effort.

(8) Any and all discipline imposed on or warning issued to any SkyWest pilot for wearing an ALPA lanyard, for posting ALPA-related material on a general use bulletin board in a crew lounge, for distributing ALPA-related materials in any portion of a crew lounge, or using SkyWest online for ALPA-related matters.

(9) Any and all financial support provided by ALPA to the SkyWest Pilots ALPA Organizing Committee and/or Pro-ALPA Pilots, including but not limited to a description of each expenditure, its purpose, and amount. "Financial support" includes, but is not limited to, any payments or reimbursements to the SkyWest Pilots ALPA Organizing Committee and/or Pro-ALPA Pilots; any expenses incurred by the SkyWest Pilots ALPA Organizing Committee and/or Pro-ALPA Pilots that were paid directly or reimbursed by ALPA; any goods or services provided by ALPA to the SkyWest Pilots ALPA Organizing Committee and/or Pro-ALPA Pilots; and any in-kind support provided by ALPA to the SkyWest Pilots ALPA Organizing Committee and/or Pro-ALPA Pilots.

(10) Any and all litigation in which compensation or financial support to ALPA and/or any local or national ALPA officer, employee, agent, representative, or committee member was alleged to violate Section 2,Third and/or Section 2, Fourth of the Railway Labor Act. "Litigation" includes, but is not limited to, any lawsuit, counter-claim, cross-claim, arbitration, administrative proceeding, or bankruptcy adversary proceeding in which such allegation was made.

(11) ALPA's role in this lawsuit.

Dated: April 28, 2008

FORD & HARRISON LLP

By: [signature]
Douglas W. Hall
Attorneys for Defendant
SKYWEST AIRLINES, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of April, 2008, I caused a copy of the foregoing DEFENDANT'S NOTICE OF DEPOSITION TO PLAINTIFF AIR LINE PILOTS ASSOCIATION, INTERNATIONAL to be served by overnight delivery on the following:

Linda Lye
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108

Elizabeth Ginsburg
Air Line Pilots Association, International
535 Herndon Parkway
Herndon, VA 20172-1169

Douglas W. Hall
Attorney for Defendant SkyWest Airlines, Inc.