Norman A. Quandt (Admitted *Pro Hac Vice*)
Ford & Harrison LLP
1275 Peachtree Street, N.E., Suite 600
Atlanta, GA 30309
Telephone:   404-888-3845
Facsimile:   404-888-3863
Email: nquandt@fordharrison.com

Douglas W. Hall (Admitted *Pro Hac Vice*)
Ford & Harrison LLP
1300 Nineteenth Street, N.W., Suite 700
Washington, DC 20036
Telephone:   202.719.2065
Facsimile:   202.719.2077
Email: dhall@fordharrison.com

Robert Spagat (SBN: 157388)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:   415-591-1000
Facsimile:   415-591-1400
Email: rspagat@winston.com

Attorneys for Defendant
SKYWEST AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SKYWEST AIRLINES, INC.,<br><br>Defendant. | Case No. C-07-2688 CRB<br><br>**DECLARATION OF DOUGLAS W. HALL IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL**<br><br>Date:   July 25, 2008<br>Time:   10:00 a.m.<br>Place:   Courtroom 8, 19th Floor |

I, Douglas W. Hall, declare as follows:

1. I am counsel for Defendant SkyWest Airlines, Inc. ("SkyWest") in this matter, having been admitted to appear before the Court *pro hac vice*.

2. In August 2007, Plaintiff Air Line Pilots Association, International ("ALPA") filed a petition with the National Mediation Board ("NMB") seeking to become the collective bargaining representative of SkyWest's pilots.

3. The NMB counted the ballots in the election on November 5, 2007. Less than 35% of SkyWest's pilots voted for representation by ALPA, and thus the NMB dismissed ALPA's petition.

4. On February 21, 2008, SkyWest served written discovery on ALPA, including Defendant's First Set of Interrogatories to Plaintiff ALPA, and Defendant's First Set of Requests for Production of Documents to Plaintiff ALPA.

5. On April 29, 2008, SkyWest served on ALPA a notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6).

6. Among the topics of discovery in the interrogatories, document requests, and Rule 30(b)(6) deposition notice were the following:

- The compensation provided by any airline whose pilots are represented by ALPA to any local or national ALPA officer, employee, agent, representative, or committee member. (Interrogatory No. 3, Request for Production No. 5.)

- The financial support provided to ALPA by any airline whose pilots are represented by ALPA. (Interrogatory No. 4, Request for Production No. 6.)

- The in-kind support provided to ALPA by any airline whose pilots are represented by ALPA. (Interrogatory No. 5, Request for Production No. 7.)

- Litigation, including but not limited to *Barthelemey v. Air Lines Pilots Ass'n*, 897 F.2d 999 (9th Cir. 1990), in which compensation or financial support to ALPA and/or any local or national ALPA officer, employee, agent, representative, or committee member was alleged to violate Section 2,Third and/or Section 2, Fourth of the Railway Labor Act. (Interrogatory No. 13, Request for Production No. 30.)

7. At the request of counsel for ALPA, SkyWest twice agreed to extend the time for ALPA to respond to written discovery. ALPA ultimately served its responses on May 5, 2008.

8. ALPA's response to Request for Production Nos. 5, 6, and 7 were insufficient because it only produced excerpts from several collective bargaining agreements between ALPA and

2

DECLARATION OF DOUGLAS W. HALL IN SUPPORT OF MOTION TO COMPEL

SF:208861.1

other carriers whose pilots ALPA represents. ALPA's responses to Interrogatory Nos. 3, 4, and 5 were insufficient because they merely referred back to the same collective bargaining agreements.

9. ALPA objected to Request for Production No. 30 in its entirety and produced no documents in response thereto. Likewise, ALPA objected to Interrogatory No. 13 in its entirety and provided no response thereto.

10. I spoke with ALPA's counsel, Elizabeth Ginsburg by telephone on multiple occasions to discuss these issues, including on June 3, 2008 and June 10, 2008.

11. Ms. Ginsburg told me that ALPA's position is that it will not produce any documents responsive to Request for Production Nos. 5, 6, 7, and 30, other than the collective bargaining agreement excerpts that had been produced. She has not asserted that there are no such documents, just that ALPA will not produce them.

12. Ms. Ginsburg also told me that ALPA will not supplement its responses to Interrogatory Nos. 3, 4, 5 and 13, and that it would not produce a deposition witness to testify regarding the four topics set forth above absent a court order compelling it to do so.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 17, 2008.

_____
Douglas W. Hall