STEPHEN P. BERZON (#46540)
sberzon@altshulerberzon.com
LINDA LYE (#215584)
llye@altshulerberzon.com
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile:  (415) 362-8064

ELIZABETH GINSBURG
(Admitted to Practice *Pro Hac Vice*)
elizabeth.ginsburg@alpa.org
Air Line Pilots Association, International
1525 Massachusetts Ave., NW
Washington, D.C. 20036
Telephone: (202) 797-4081
Facsimile:  (202) 797-4014

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWEST PILOTS ALPA ORGANIZING COMMITTEE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SKYWEST AIRLINES, INC., <br><br> Defendant. | CASE No. C-07-2688 CRB <br><br> **DECLARATION OF MARGARITA LORENZETTI IN SUPPORT OF PLAINTIFF ALPA'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL** |

DECLARATION OF MARGARITA LORENZETTI, Case No. C-07-2688 CRB

1  I, Margarita Lorenzetti, declare as follows:

2      1.    I am the Director of Finance for the Air Line Pilots' Association, International ("ALPA") and have worked in the finance department of ALPA since 1996. As Director of Finance, I oversee ALPA's financial analysis and reporting, accounts payable, payroll, cash management, asset accounting, real estate, and facilities management. The information in this declaration is based on my personal knowledge and if called upon to testify, I would and could competently testify thereto.

    2.    I have reviewed SkyWest's Interrogatories Numbers 3, 4, and 5 on ALPA, SkyWest's Requests for Production of Documents, Numbers 5, 6, and 7, and SkyWest's Notice of Deposition to Plaintiff ALPA on the topics related to these interrogatories and document requests. These discovery requests seek information about (1) any and all compensation provided by any airline whose pilots are represented by ALPA to any ALPA officer, employee, agent, representative or committee member by virtue of his or her status or his or her work performed in that capacity, where ALPA did not reimburse the airline; (2) any and all financial support provided by any airline whose pilots are represented by ALPA to ALPA; and (3) any and all in-kind support provided by any airline whose pilots are represented by ALPA to ALPA. The information sought primarily resides with the carriers and is not received or tracked by ALPA in a uniform or electronic format. It would be incredibly laborious and time-consuming for ALPA to compile and produce the information and documents needed to respond to SkyWest's discovery requests, as doing so would require hundreds of hours to analyze paper records related to ALPA's relationships with over 40 different carriers during a five-year period.

    3.    ALPA has entered into collective bargaining agreements with over 40 airlines, also referred to as carriers, whose pilots ALPA represents for collective bargaining purposes. The terms of those collective bargaining agreements are specific to the air carrier, and no two are the same.

    4.    Routine arrangements between ALPA and air carriers regarding compensation for ALPA officers, employees, agents, representatives or committee members by virtue of their status or work performed in that capacity, and other financial flows between air carriers and ALPA and its members are set forth in ALPA's collectively bargained, carrier-specific agreements.

DECLARATION OF MARGARITA LORENZETTI, Case No. C-07-2688 CRB      1

5. I describe the process that would be required to compile information about compensation provided by carriers to ALPA officials in paragraphs 6 to 9; about financial support provided by carriers to ALPA in paragraphs 10 to 13; and about in-kind support provided by carriers to ALPA by paragraphs 14 to 15.

<u>Compensation to ALPA officials and employees</u>

6. ALPA does not receive in a uniform, transaction-by-transaction format information about the amount, purpose, and payment of any compensation of the type covered by SkyWest's requests. ALPA also does not track all such information in an electronic database or in any other uniform, transaction-by-transaction format.

7. ALPA's electronic accounting system cannot generate either a report of or identify all the documents showing the all instances, purpose and amount of the compensation covered by SkyWest's requests.

8. To respond accurately to SkyWest's compensation requests, ALPA would need to spend, in my estimation, hundreds of hours to review thousands of paper documents and approximately 57,000 lines of electronic data to first identify those that are relevant, and then reconcile the information in any that are relevant.

9. The electronic data and paper files that would include information relevant to SkyWest's compensation requests would also include substantial amounts of financial information that is unrelated to the compensation identified in SkyWest's discovery requests.

<u>Receipts from carriers to ALPA</u>

10. Pursuant to Department of Labor regulations (*see* 29 C.F.R. §403.3), ALPA files a detailed annual report about its finances, known as an "LM-2," which includes information about, among many other things, assets and liabilities, as well as cash receipts and disbursements.

11. "Statement B" of the LM-2 requires ALPA to report all cash receipts and disbursements, broken down into specific categories. As set forth in ALPA's 2007 LM-2, ALPA received a total of $257 million in cash receipts in its 2007 fiscal year. As identified on Statement B, $108 million of this total came from dues and agency fees, and $102 million of this total came from the sale of investments and fixed assets.

DECLARATION OF MARGARITA LORENZETTI, Case No. C-07-2688 CRB    2

12. ALPA reports any cash it receives from a carrier on Statement B and Schedule 14 (the schedule for "other receipts," i.e., sources that do not fall into the other enumerated categories on the LM-2 form). On Statement B and Schedule 14 of ALPA's 2003 through 2007 LM-2 forms, ALPA reported all cash amounts received from carriers, with descriptions and amounts from each carrier separately identified.

13. The information on ALPA's LM-2 forms reflects the information in ALPA's electronic accounting systems. To find any more detail about the reason for ALPA's cash receipts from carriers beyond what is included on ALPA's LM-2 reports would require manually searching through the daily deposit files (which are paper records) to determine whether or not ALPA has any additional relevant supporting paperwork, such as an attachment to a check describing its purpose. Without such review of the daily deposit files for the period 2003-2007, ALPA does not know which of the paper files include more detail than the electronic records reflected in the LM-2 form. It might then be necessary to follow-up with individuals familiar with the transaction. In my estimation, this process would require several weeks of work.

<u>In-kind support from carriers to ALPA</u>

14. In some cases, some air carriers may provide in-kind support to ALPA, such as refreshments at union-company meetings.

15. ALPA does not ordinarily seek, receive, track, or otherwise formally record information about such non-financial support or record or calculate the value of any such provisions.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 3, 2008, in Kensington, Maryland.

*Margarita Lorenzetti*
Margarita Lorenzetti